```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
------------------------------------------------------

| | : | |
|---|---|---|
| DERRICK WHEATT, *et al*., | : | Case No. 1:17-CV-00377 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 39] |
| CITY OF EAST CLEVELAND, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Derrick Wheatt, Laurese Glover, and Eugene Johnson[1] spent twenty years in jail for Clifton Hudson's murder.[2] The City of East Cleveland investigated the murder and Cuyahoga County prosecuted the Plaintiffs.[3] Plaintiffs were indicted by a grand jury and later convicted.

However, after exculpatory evidence emerged, Ohio courts ordered a new trial. The Plaintiffs were released from prison, and the charges were dropped.[4]

After their release, Plaintiffs sued seven East Cleveland police officers, the City of East Cleveland, two Cuyahoga County prosecutors, and Cuyahoga County for violating constitutional, federal, and Ohio law.[5]

Now, Plaintiffs Wheatt and Glover move this Court for an order directing the Cuyahoga County Court of Common Pleas and the Chief Court Reporter for Cuyahoga County to release

---

[1] Plaintiffs Wheatt and Glover originally filed a separate lawsuit from Plaintiff Johnson. Following a May 16, 2017 case management meeting, this Court consolidated the two lawsuits in a single lawsuit. Plaintiffs Wheatt and Glover bring this motion to compel release of grand jury transcripts.
[2] Doc. 1 at 2.
[3] *Id*.
[4] *Id*.
[5] *Id*.

Case No. 1:17-CV-377
Gwin, J.

the grand jury transcripts and minutes from their initial conviction proceedings.[6] Defendant Cuyahoga County opposes.[7]

For the reasons below, the Court **GRANTS** Plaintiffs' motion.

## I. Legal Standard

There is "a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."[8] A party seeking disclosure of grand jury transcripts material "must demonstrate a particularized need."[9]

"To meet the particularized need standard, a party must establish that: (1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed."[10] The district court has considerable discretion in determining whether to require disclosure of grand jury proceedings.[11]

## II. Analysis

### A. This Court will decide whether the grand jury transcripts should be released.

Before we reach the merits of Plaintiffs' motion, the Court considers a procedural issue. Defendant Cuyahoga County argues that Plaintiffs must ask the Cuyahoga County Court of Common Pleas—not this Court—to order disclosure of the transcripts. Defendant says that under Ohio law, only the court that oversaw the grand jury proceeding can order disclosure.[12]

---

[6] Doc. 39.
[7] Doc. 43. Plaintiffs reply. Doc. 48.
[8] *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958) (citing Fed. Rule Crim. P. 6(e); *United States v. Johnson*, 319 U.S. 503, 513 (1943); *Costello v. United States*, 350 U.S. 359, 362 (1956)).
[9] *See, e.g.*, *United States v. Dimora*, 836 F. Supp. 2d 534, 552–53 (N.D. Ohio 2011) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 228 (1979)).
[10] *Id.* (citing *Douglas Oil*, 441 U.S. at 222).
[11] *Id.* (citing *Douglas Oil*, 441 U.S. at 223; *In re Antitrust Grand Jury*, 805 F.2d 155, 161 (6th Cir. 1986)).
[12] Doc. 43 at 2-4.

-2-

Case No. 1:17-CV-377
Gwin, J.

Plaintiffs respond that (1) the Ohio rule is not binding on this Court; and (2) even if it applied, Ohio's rule allows for this Court to order disclosure.[13]

The Court agrees with Plaintiff. First, federal courts are not bound by Ohio's rule on grand jury transcript production. This Court applies Federal Rule of Criminal Procedure 6(e) and related caselaw when determining whether to order grand jury transcript disclosure.[14]

Second, Ohio's rule does not always require parties to seek disclosure from the court that supervised the grand jury. Ohio's rule is based on the Supreme Court's decision in *Douglas Oil*.[15] In that case, the Supreme Court held that "the grand jury's supervisory court [should] participate in reviewing [] requests [to disclose transcripts], as it is in the best position to determine the continuing need for grand jury secrecy."[16]

The Court went on to say that "[i]t does not follow, however," that the supervisory court should make that decision in every case.[17] Where the request for transcripts "is made for use in a case pending in another district, the [supervisory] court having custody of the grand jury transcripts will have no firsthand knowledge of the litigation in which the transcripts allegedly are needed."[18] In those instances, the Supreme Court recognized that it makes little sense to require the supervisory court to weigh whether the transcripts should be disclosed.

That scenario applies here. When the pending federal § 1983 case is before this Court, the Cuyahoga County Court of Common Please is not in the best position to determine whether the

---

[13] Doc. 48 at 4-8.
[14] *See, e.g.*, *Horizon of Hope Ministry v. Clark Cty., Ohio*, 115 F.R.D. 1, 4 n.1 (S.D. Ohio 1986) (ordering production of state court grand jury proceedings under federal precedent).
[15] *In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970*, 407 N.E.2d 513, 517 (1980) (citing *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 228 (1979)).
[16] *Douglas Oil*, 441 U.S. at 225.
[17] *Id*. at 226.
[18] *Id*.

-3-

Case No. 1:17-CV-377
Gwin, J.

grand jury material should be disclosed. Accordingly, this Court will determine whether the grand jury material should be released.

**B. Plaintiffs show a particularized need for the grand jury material.**

Plaintiffs bring multiple claims against Defendants, two of which are particularly relevant here—malicious prosecution claims under federal and Ohio law.[19] In support, Plaintiffs allege that Defendant East Cleveland police officers fabricated witness Tamika Harris's purported identification of Plaintiff Eugene Johnson as the shooter.

Plaintiffs say that East Cleveland officers engaged in "unduly suggestive identification tactics to get her to wrongfully implicate Plaintiffs as the perpetrators of the crime."[20] These tactics include (1) presenting Harris with a photo array that included only the three Plaintiffs' photos, (2) telling Harris that Plaintiffs were "suspects" when presenting those photos, and (3) suggesting Plaintiff Johnson was the shooter by pointing to his photo.[21]

Plaintiffs say that at least one of these officers, Defendant Michael Perry, likely testified before the grand jury.[22] Plaintiffs argue that the grand jury transcript may demonstrate that their prosecution was initiated without probable cause—a crucial element for malicious prosecution claims.[23] For example, the grand jury testimony may show that the officers testified falsely about Harris' recollections of the shootings. If Harris testified, the transcripts may show that she was influenced to present false testimony herself.

The Court now addresses the three elements of the "particularized need" standard.

---

[19] The federal malicious prosecution claim is presented as a due process and continued detention without probable cause claim. Doc. 1 at 31.
[20] Doc. 39 at 6.
[21] Doc. 1 at 10-13.
[22] Doc. 39 at 5 (citing Doc. 39-2) (grand jury subpoena of "Det. Sgt. Perry of the East Cleveland Police Dept.").
[23] *See, e.g.*, *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015).

-4-

### 1. Information Necessary to Avoid Injustice

The grand jury transcripts and minutes are necessary to avoid injustice in this case. "As a general rule," a grand jury indictment "conclusively determines the existence of probable cause."[24] "An exception to this general rule applies when defendants knowingly or recklessly present false testimony to the grand jury to obtain the indictment."[25]

For Plaintiffs to prove their malicious prosecution claims, they must show that there was "no probable cause for the criminal prosecution."[26] If the Defendant officers manipulated Harris' testimony or falsely presented her testimony to the grand jury, that information is highly relevant to whether probable cause existed.

Defendant Cuyahoga County argues that Plaintiffs' request contradicts their Complaint. In the Complaint, Plaintiffs allege that the Defendant officers never provided exculpatory evidence to the prosecutors. Defendant Cuyahoga County says that the prosecutors conduct the grand jury.[27] Defendant reasons that if the prosecutors never received exculpatory evidence, it would not be in the grand jury material.

Defendant misunderstands Plaintiffs' argument. Plaintiffs do not argue that *prosecutors* knowingly presented false evidence. Rather, Plaintiffs say that the *East Cleveland officers* presented false testimony or manipulated the witness Tamika Harris to present false testimony. The East Cleveland officers could have testified falsely without telling the prosecutors they planned to do so. Defendant's argument fails.

---

[24] *Id*. (citing *Barnes v. Wright,* 449 F.3d 709, 716 (6th Cir. 2006)).
[25] *Id*. (citing *Martin v. Maurer,* 581 Fed.App'x. 509, 511 (6th Cir.2014); *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014)).
[26] *Id*.
[27] Doc. 43 at 4.

Case No. 1:17-CV-377
Gwin, J.

Defendant Cuyahoga County also says that Plaintiffs' request is based on "mere speculation."[28] The Court disagrees. As stated above, Plaintiffs' request draws a logical connection between their claim and information likely to be in the grand jury transcripts.

The Court finds that the grand jury material is necessary to avoid injustice.

### 2. Need for Disclosure Outweighs Secrecy

Plaintiffs' need for disclosure outweighs the interests in secrecy. Over two decades have passed since the grand jury convened. The resulting convictions have also been vacated. Both facts suggest a lesser need for secrecy.[29]

### 3. Narrowly-Structured Request

Plaintiffs request "transcripts and minutes from the grand jury proceedings relating to the murder of Clifton Hudson, including proceedings concerning Derrick Wheatt, Laurese Glover, and Eugene Johnson."[30] This request is narrowly tailored to allow Plaintiffs to discern whether any East Cleveland officers or Harris presented false testimony to the grand jury.

### III. Conclusion

For the reasons above, this Court **GRANTS** Plaintiffs' motion. This Court directs the Cuyahoga County Court of Common Pleas and the Chief Court Reporter for Cuyahoga County to release the transcripts and minutes from the grand jury proceedings relating to the murder of Clifton Hudson, including proceedings concerning Derrick Wheatt, Laurese Glover, and Eugene Johnson. The transcripts and minutes can be found at Cuyahoga County Court of Common Pleas Docket Numbers CR-95-324431-A, CR-95-324431-B, and CR-95-324431-C.

---

[28] *Id*. at 5.
[29] *See, e.g.*, *United States v. Ferguson*, 844 F. Supp. 2d 810, 829 (E.D. Mich. 2012) (citing *United States v. Socony–Vacuum Oil Co.,* 310 U.S. 150, 234 (1940) ("This need for secrecy is reduced when a grand jury's functions are ended; in that case, "disclosure is wholly proper where the ends of justice require it."").
[30] Doc. 39.

Case No. 1:17-CV-377
Gwin, J.

    IT IS SO ORDERED.

Dated: August 8, 2017                               *s/       James S. Gwin*
                                                                              JAMES S. GWIN
                                                                              UNITED STATES DISTRICT JUDGE