UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| DERRICK WHEATT, *et al.*, | : | Case No. 1:17-CV-00377 |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 52] |
| CITY OF EAST CLEVELAND, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 9, 2017, Defendant the City of East Cleveland, and the City Defendants,[1] filed a motion for reconsideration of the Court's August 8, 2017 order.[2] That August 8, 2017, order granted Plaintiffs Laurese Glover and Derrick Wheatt access to the Cuyahoga County grand jury hearing transcripts that resulted in those plaintiffs' indictments for aggravated homicide.[3]

For the reasons stated below, the Court **DENIES** the Defendants' motion for reconsideration.

## I. Legal Standard

The Federal Rules do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure

---

[1] The City Defendants are John C. Bradford, Terrence Dunn, Vincent K. Johnstone, Patricia Lane, D.J. Miklovich, Michael C. Perry, and Charles Teel.
[2] Doc. 52. Plaintiffs oppose this motion. Doc. 55.
[3] *See id.* at 1. The Court's original order is Doc. 50.

59(e) as a motion to alter or amend a judgment.[4] Such a motion is extraordinary and is seldom granted because it contravenes the goals of finality and repose.[5]

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice.[6] "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"[7] When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit."[8]

## II. Discussion

In their instant motion, Defendant City of East Cleveland and the City Defendants put forward the same three basic arguments that their co-defendant, Cuyahoga County, advanced in its original opposition to Plaintiffs' request for the transcript of the grand jury proceedings.[9] Like their co-defendant, they argue that: (1) Ohio state law controls whether this Court can order the release of the grand jury transcripts and minutes; (2) Plaintiffs failed to demonstrate particularized need for the grand jury proceedings; and (3) the need to maintain the secrecy of the grand jury proceedings outweighs the need for production.[10]

---

[4] *See Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").
[5] *See Wells Fargo Bank v. Daniels,* No. 1:05–CV–2573, 2007 WL 3104760, at * 1 (N.D. Ohio Oct.22, 2007); *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.,* 904 F.Supp. 644, 669 (N.D. Ohio 1995).
[6] *See Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).
[7] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1408 (S.D.Ind.1994)).
[8] *Dana Corp. v. United States,* 764 F.Supp. 482, 489 (N.D. Ohio 1991).
[9] *See* Doc. 43.
[10] Doc. 52 at 5.

The Court remains unpersuaded by each of these three arguments. First, as this Court stated previously,[11] Federal Rule of Criminal Procedure 6(e) and related case law determines whether this Court may order disclosure of the grand jury transcripts.[12] Defendants' arguments to the contrary misunderstand the relevant case law.[13]

Defendants correctly argue that for federal law malicious prosecution claims, grand jury testimony typically receives absolute immunity.[14] Therefore, a plaintiff cannot use an officer's grand jury *testimony* as the basis for a federal law malicious prosecution action under 42 U.S.C. § 1983.[15]

In the above scenario, the grand jury testimony is irrelevant to the federal malicious prosecution claim and could only be used to support a state law malicious prosecution claim.[16] Because only the state law malicious prosecution claim survives, state substantive law controls that state law claim.[17]

But this does not describe the allegations in this case. As the Sixth Circuit has recently explained, "*Rehberg* does not affect the thin but conspicuous line between, on the one hand, law-enforcement officers who only provide grand-jury testimony … and, on the other hand, law-enforcement officers who either (1) 'set the wheels of government in motion by instigating a legal action,' or (2) 'falsify affidavits' or 'fabricate evidence concerning an unsolved crime.'"[18]

---

[11] *See* Doc. 50 at 3.
[12] *See, e.g.*, *Horizon of Hope Ministry v. Clark Cty., Ohio*, 115 F.R.D. 1, 4 n.1 (S.D. Ohio 1986) (ordering production of state court grand jury proceedings under federal precedent).
[13] *See* Doc. 52 at 5-7.
[14] *Rehberg v. Paulk*, 566 U.S. 356, 369-70 (2012).
[15] *See Dave v. County of Suffolk*, 2017 WL 2414649, *5-6 (E.D.N.Y. June 6, 2017).
[16] *Id.*
[17] *Id.*
[18] *King v. Harwood*, 852 F.3d 568, 584 (6th Cir. 2017) (citations omitted) (quoting *Rehberg*, 566 U.S. 356).

Case No. 1:17-CV-00377
Gwin, J.

In this case, Plaintiffs allege that Defendant officers engaged in this latter kind of behavior,[19] and therefore federal law controls.

Second, Plaintiffs proved that they have a particularized need for the grand jury proceedings. The police investigation and prosecution occurred more than twenty years ago. Plaintiffs argue that the grand jury transcripts may demonstrate that their prosecutions were started without probable cause due to the actions of one or more Defendants. Rebutting the presumption of probable cause is crucial to Plaintiffs' malicious prosecution claims.[20]

Finally, contrary to Defendants' protestations, the need for secrecy in this case does not remain heightened to the point of warranting nondisclosure.[21] These transcripts deal with a completed grand jury proceeding that ended over two decades ago. The convictions resulting from these proceedings have been vacated. Both of these facts continue to lessen the need for secrecy.[22]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendants' motion to reconsider.

IT IS SO ORDERED.

Dated: August 22, 2017          *s/        James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[19] *See* Doc. 39 at 4-6.
[20] *See, e.g.*, *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015).
[21] *See* Doc. 52 at 11-13.
[22] *See, e.g.*, *United States v. Ferguson*, 844 F. Supp. 2d 810, 829 (E.D. Mich. 2012) (citing *United States v. Socony–Vacuum Oil Co.,* 310 U.S. 150, 234 (1940) ("This need for secrecy is reduced when a grand jury's functions are ended; in that case, 'disclosure is wholly proper where the ends of justice require it.'").