IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | )<br>)<br>) |
| Plaintiffs | ) |
| v. | )<br>)<br>) |
| CITY OF EAST CLEVELAND, et al. | )<br>) |
| Defendants. | ) |

No. 1:17-CV-377

No. 1:17-CV-611 (consolidated)

Judge James S. Gwin

Magistrate Judge William H. Baughman, Jr.

### PLAINTIFFS' JOINT MOTION FOR SANCTIONS
### AGAINST THE EAST CLEVELAND DEFENDANTS

Plaintiffs Eugene Johnson, Derrick Wheatt and Laurese Glover, through their respective counsel, respectfully move the Court to impose sanctions upon the East Cleveland Defendants pursuant to Federal Rule of Civil Procedure 37. Specifically, Plaintiffs request entry of an order barring the East Cleveland Defendants from arguing or introducing any evidence that there was a lawful or otherwise legitimate basis for their failure to produce the Clifton Hudson homicide file in response to the 1998 public records request submitted by a lawyer for one of the Plaintiffs. In support of this Motion, Plaintiffs state as follows:

### Factual and Procedural Background

As the Court is aware, Plaintiffs have been seeking a Rule 30(b)(6) deposition from the City of East Cleveland on topics relating to the City's policies and procedures for responding to public records requests in 1998. The City initially refused to produce a witness in response to Plaintiffs' notice of Rule 30(b)(6)

deposition originally sent in July. On August 22, 2017, Magistrate Judge Baughman held a telephonic hearing to resolve the issue and ordered "counsel for the City to complete due diligent inquiry and to file by August 24, 2017 the designation required by Rule 30(b)(6)." Dkt. 62 at 2.

In response to this order, the City designated Defendant Patricia Lane. *See* Dkt. 69 at 2. However, for reasons Plaintiffs previously explained, Patricia Lane is not a proper designee and is incapable of being deposed due to her presumed medical condition. *See* Dkt. 70. Plaintiffs then filed a Motion for Rule to Show Cause relating to the City's continued failure to produce a Rule 30(b)(6) witness. *See id.*

On September 15, 2017, the Court entered an order requiring the Defendant City "to identify a Rule 30(b)(6) witness who is able to testify within 30 days of the date of this order." Dkt. 75. (The Court further ordered Defendant Lane to testify at a deposition within 30 days or to provide a physician's report specifically describing her capacity to give testimony. *Id.*)

On September 15, 2017, two hours after the Court entered its order, counsel for the City, Willa Hemmons, sent all counsel an email designating Helen Forbes Fields as the City's Rule 30(b)(6) witness. Ex. 1 (9/15/17 email from Hemmons). Ms. Fields was the former Law Director for the City in 1998. *See* Ex. 2 (Helen Forbes Fields Aff.). Based on Ms. Hemmons' designation of Ms. Fields, the parties then arranged for Ms. Fields' deposition to take place on September 28, 2017. *See* Ex. 3 (Amended Notice of Rule 30(b)(6) Deposition).

2

However, on September 22, 2017, undersigned counsel for Plaintiffs Wheatt and Glover received a phone call from Ms. Fields. In that phone call, Ms. Fields informed Plaintiffs' counsel that: she had received the deposition notice, she is not knowledgeable about the topics in the notice, despite the fact that the City designated her as a witness, and she was not available to be deposed on September 28, 2017, despite the fact that the City had agreed to that date for their own designated witness's deposition. *See* Ex. 4 (9/25/17 Email from Wang). Ms. Fields further stated that her knowledge of the topics noticed is limited to what she stated in her affidavit that was previously produced in this litigation. *See* Ex. 2. It is clear that counsel for the City never consulted with Ms. Fields at all about the appropriateness of designating her as the Rule 30(b)(6) witness or even her availability to appear for a deposition.

The topics noticed by Plaintiffs in their Rule 30(b)(6) notice were:

1) The circumstances that led to Carmen Marino and Deborah Naiman issuing the June 24, 1998 letter to Sergeant Dunn … ;

2) City of East Cleveland's ordinances, policies, procedures, rules, guidelines, Protocols and practices in effect June 1998 relating to public records Requests;

3) The person or persons responsible for handling or responding to public records requests in June, 1998, including but not limited to requests for files or records from the City of East Cleveland Police Departments;

4) Persons with information regarding the circumstances at or around June, 1998 regarding the potential release of materials … within the possession of the City of East Cleveland and East Cleveland Police Department regarding the case captioned *State of Ohio vs. Eugene Johnson, et al.*, Cuyahoga County Criminal Case No. 324431 OFI EC 9503123;

3

> All persons who had contact with anyone at Cuyahoga County, including but not limited to contact with Carmen Marino and Deborah Naiman, regarding the June 24, 1998 letter, … ; and whether all or a portion of the materials in the City of East Cleveland, East Cleveland Police Department's possession regarding the case captioned *State of Ohio v. Eugene Johnson, et al.,* Cuyahoga County Criminal Case No.: 324431, OFI EC 9503123, would be released.

Ex. 3.

It is apparent from Ms. Fields' statements to undersigned counsel that counsel for the City has made no attempt whatsoever to speak with her or determine whether, in fact, Ms. Fields is knowledgeable about the topics noticed. If counsel for the City had spoken with Ms. Fields, she would have learned that Ms. Fields disclaimed any knowledge of the topics noticed.

Once Plaintiffs have issued a valid Rule 30(b)(6) notice (which they did), the City "*must* then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6) (emphasis added). As Plaintiffs previously explained, a person designated to testify about these topics does not have to be the person who actually handled these matters in 1998. *See* Dkt. 70 at 7. The City can designate anyone to testify about these topics, as long as they have been prepared for the deposition ahead of time. *See Prosonic Corp. v. Stafford*, 2008 WL 2323528, at *1 (S.D. Ohio June 2, 2008).

The City has been ordered twice now—once by Magistrate Judge Baughman, and once by this Court—to designate a witness to testify about the topics in Plaintiffs' Rule 30(b)(6) notice. Despite these court orders, the City has refused to comply; and indeed, refused to conduct even the most basic due diligence to find a

4

witness to testify about these topics. In light of the City's refusal to comply with these court orders, Plaintiffs respectfully request sanctions be imposed, as described below.

## Argument

As an initial matter, it is important to explain the reasons why Plaintiffs sought the Rule 30(b)(6) deposition in the first place. In 1998, a lawyer for one of the Plaintiffs sent a public records request to the City of East Cleveland seeking the police file relating to the Clifton Hudson homicide. *See* Dkt. 79-49 (6/9/98 Watson Ltr. to Onunwor). Then-Mayor Onunwor was planning to release the file pursuant to the request. Dkt. 79-47 (Onunwor Aff.) ¶¶ 4–5. However, before he could do so, Defendant Dunn called Defendant Naiman and told her about the mayor's intentions. *See* Dkt. 79-50 (Naiman Dep.) at 19, 36–37, 47–48. Even though the request was directed to the City and not the Cuyahoga County Prosecutor's Office, Naiman and Marino wrote a letter to the City directing it not to release the file. *See id.* at 37; Dkt. 79-51 (6/24/98 Ltr.). As a result, exculpatory police reports (*see* Dkts. 79-28, 79-32, 93-2) were not disclosed. (These reports were never disclosed before Plaintiffs' trials, either.) It was not until 2013, when a new public records request was submitted to the City, that the police file and the exculpatory police reports were finally disclosed. *See* Dkt 79-56 (Godsey Aff. and police reports). After this exculpatory evidence came to light, Plaintiffs filed motions for new trial which were granted and resulted in their release from prison.[1]

---

[1] A fuller explanation of facts can be found in Plaintiffs' Joint Motion for Partial Summary Judgment. Dkt. 86 at 5–22; *see also* Dkt. 93 at 22–24.

5

The East Cleveland Defendants have asserted in this litigation that the City's refusal to release the police file in 1998 was valid based on the City's policies and the law as it existed at the time. They have presented no evidence of this assertion, however. Plaintiffs sought a Rule 30(b)(6) witness designated by the City who could testify about, among other things, the City's ordinances, policies, procedures, rules, guidelines, protocols and practices in effect in June 1998 relating to public record requests. Ex. 3. Plaintiffs also sought the deposition of the person or persons responsible for handling or responding to public records requests in June 1998, including but not limited to requests for files or records from the City of East Cleveland Police Departments. *Id.* Plaintiffs are entitled to obtain this information in order to show that the City's normal policy and practice in 1998 *was not* to deny public records requests for police files, as the Defendants now claim. Instead, the City was intending to release the file that Plaintiffs requested in 1998, as Onunwor has averred. Dkt. 79-47.

However, as explained above, the City has entirely refused to produce a witness who will testify about the Rule 30(b)(6) topics. The City and the Defendant Officers cannot be allowed to make assertions or arguments to the jury in this case about what the City's normal policy or practice would have been without any basis in evidence, and without giving Plaintiffs any opportunity in discovery to obtain that evidence. Thus, Plaintiffs are now requesting sanctions for City's conduct. Federal Rule of Civil Procedure 37 provides:

> [i]f a party or a party's officer, director, or managing agent, or a witness designated under Rule 30(b)(6) … fails to obey an order to provide or permit

6

> discovery … the court where the action is pending may issue further just orders. They may include the following:
> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence ….

Fed. R. Civ. P. 37(b)(2). Plaintiffs request sanctions under Rule 37(b)(2)(i) and Rule 37(b)(2)(ii). Specifically, Plaintiffs request that the following designated facts be taken as established for purposes of the action: (1) the City of East Cleveland intended to produce the Clifton Hudson homicide file in response to the 1998 public records request until they received the June 24, 1998 letter from Naiman and Marino, and (2) there was no lawful or otherwise legitimate basis for the City of East Cleveland to refuse to produce the Clifton Hudson homicide file in response to the 1998 public records request.

In addition (or in the alternative), Plaintiffs seek a sanction under Rule 37(b)(2)(ii), that the East Cleveland Defendants be prohibited from arguing that: (1) the City of East Cleveland did not intend to produce the Clifton Hudson homicide file in response to the 1998 public records request; and (2) there was a lawful or otherwise legitimate basis for their failure to produce the Clifton Hudson homicide file in response to the 1998 public records request. Further, Plaintiffs request that the East Cleveland Defendants be barred from introducing any evidence on this issue at trial. *See United Steelworkers, Local 1-1000 v. Forestply Industries, Inc.*, 2011 WL 1210132, at *4 (W.D. Mich. Apr. 1, 2011) (imposing sanction under Rule 37(b)(2)(ii)). In *Champion Foodservice, LLC v. Vista Food Exch.*, 2016 WL 4468000

7

(N.D. Ohio Aug. 23, 2016), the district court imposed a similar sanction on a party under Rule 37(b)(2) for violating its prior orders to produce discovery on an issue and present a knowledgeable Rule 30(b)(6) witness to testify about an issue. In *Champion*, the plaintiff had repeatedly refused to produce discovery relating to its claimed damages of lost profits. One of the court orders the plaintiff had violated was to produce a knowledgeable Rule 30(b)(6) witness to testify about this damages issue. The Court found that, "[b]ased on plaintiff's deliberate failure to comply with the Court's order to fulfill its discovery obligations, the Court finds that excluding evidence of plaintiff's lost profits is … the most appropriate sanction under Rule 37(b)(2)." *Id.* at *21.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that, pursuant to Rule 37, the Court grant the relief sought herein.

Respectfully submitted,

s/ Elizabeth Wang

| | |
|---|---|
| Michael Kanovitz | Elizabeth Wang |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 311 N. Aberdeen St., 3rd Fl. | 2060 Broadway, Ste. 460 |
| Chicago, IL 60607 | Boulder, CO 80302 |
| O: (312) 243-5900 | O: (720) 328-5642 |
| mike@loevy.com | elizabethw@loevy.com |

*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

s/ Michael B. Pasternak

| | |
|---|---|
| Michael B. Pasternak | Brett Murner |
| Park Center II, Suite 411 | 208 North Main Street |
| 3681 South Green Road | Wellington, OH  44090 |
| Beachwood, OH  44122 | O: (440) 647-9505 |
| O: (216) 360-8500 | bmurner@yahoo.com |

8

Mpasternak1@msn.com
*Counsel for Plaintiff Eugene Johnson*

## CERTIFICATE OF SERVICE

    I, Elizabeth Wang, an attorney, hereby certify that on October 9, 2017, I served via CM/ECF the foregoing Joint Motion for Sanctions against the East Cleveland Defendants.

                                              s/ Elizabeth Wang
                                              Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

    Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

                                              s/ Elizabeth Wang