IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | No. 1:17-CV-377 No. 1:17-CV-611 (consolidated) |
| Plaintiffs | ) ) ) | Judge James S. Gwin |
| v. | ) ) | |
| CITY OF EAST CLEVELAND, et al. | ) ) ) ) | **Plaintiffs' Joint Reply in Support of Motion for Partial Summary Judgment against Defendants Perry, Johnstone, and Miklovich** |

    Now come Plaintiffs, Derrick Wheatt, Laurese Glover, and Eugene Johnson, through their respective counsel, and pursuant to Federal Rule of Civil Procedure 56, hereby file this Joint Reply in Support of Motion for Partial Summary Judgment against Defendants Perry, Johnstone, and Miklovich. Plaintiffs' Memorandum of Law is attached:

**MEMORANDUM OF LAW**

The only one of Plaintiffs' claims against the East Cleveland Defendants on which Plaintiffs moved for summary judgment is their unduly suggestive identification claim against Defendants Perry, Johnstone, and Miklovich. *See* Dkt. 86 (Pls.' Mot.) at 22–26.[1] Yet, Defendants' response brief raises irrelevant arguments about Plaintiffs' *Brady* claims concerning the exculpatory police reports and statements of the Petty brothers and Derek Bufford. *See* Dkt. 94 (EC Defs.' Resp. Br.) at 6–10. These arguments should be disregarded.[2]

**ARGUMENT**

**I.  There Is No Genuine Dispute Of Material Fact On Plaintiffs' Claim That The Three-Photo Array Alone Constituted An Unduly Suggestive Identification Procedure In Violation Of Plaintiffs' Due Process Rights.**

In light of Defendants' response brief, Plaintiffs concede that there is a genuine dispute of material fact on whether or not Defendants told Tamika Harris to pick out Johnson's photo. Plaintiffs do not press their motion for partial summary judgment on their unduly suggestive identification claim on this ground.

However, Defendants have not responded to the argument that the three-photo array shown to Tamika Harris, which consisted only of Plaintiffs' photos, was, in and of itself, an unduly suggestive identification procedure which violated Plaintiffs' right to due process. The fact that only the photos of the suspects (Plaintiffs) were used is undisputed. *See* Dkt. 94 at 4; Dkt. 86 at 7. Also undisputed are the facts that Defendants knew how to conduct a proper photo array, knew that showing only three photos was improper and suggestive, and could provide no

---

[1] Page citations to depositions and transcripts are to the page number of the transcript; page citations to other docket entries are to the page number of the docket entry in the file stamp at the top of the page.

[2] As Plaintiffs argued in their response to the East Cleveland Defendants' motion for summary judgment, there is a genuine dispute of material fact on those *Brady* claims that requires a trial. Dkt. 93 at 9–15. In evaluating cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

explanation for showing only three photos. *See* Dkt. 86 at 9–10. As Plaintiffs pointed out (*id.* at 10), Defendant Perry himself admitted that "it's possible" that by showing Harris only the suspects' photos, he "did not give her the opportunity to choose somebody who was not a suspect in the crime." Dkt. 79-12 (Perry Dep.) at 61–62. When asked at his deposition, Perry could not think of any reason why he didn't create separate arrays for each suspect, as he had been trained, and he had no explanation for why he did not use any filler photos. *Id.* at 57–58, 62–63. Furthermore, Plaintiffs' police practices expert, Timothy Longo, opined:

> In addition to suggestive actions and comments which undermine the integrity of the identification process, solely using the images of Wheatt, Glover and Johnson was improper, prejudicial, impermissibly suggestive, and contrary to generally accepted policing practices in place at the time of the incident.

Dkt. 79-24 (Longo Report) at 20 (¶ 156); *see also id.* at 21 (¶¶ 157–161); Dkt. 79-25 (IACP Model Policy & Paper) at WG023261–65. Defendants have not disputed any of these facts. *See* Dkt. 94.

Furthermore, there is no genuine dispute of material fact on whether or not the unduly suggestive identification was used against Plaintiffs at their trial. It was. Dkt. 79-5 (Trial Tr.) at 840–41 (Harris's testimony about the pretrial identification using the photo array), 964–65 (Perry's testimony about the pretrial identification using the photo array). Harris also identified Johnson in court. *Id.* at 826–27. She has since testified that she identified Johnson in court only because of the earlier suggestive photo identification. Dkt. 79-7 (9/17/04 Hrg. Tr.) at 20–21.

In addition, Defendants do not argue that there is a genuine dispute of material fact on whether Harris's identification was nevertheless reliable despite the impermissible suggestiveness of the identification procedure. They do not respond to Plaintiffs' argument on this point. *Compare* Dkt. 86 at 24–26 *with* Dkt. 94.

Instead of providing any evidence of disputed material facts, Defendants cite to an out-of-Circuit case, *Wray v. City of New York*, 490 F.3d 189 (2d Cir. 2007), for the proposition that, because the prosecutor and the trial judge knew that the photo array contained only the three photos of the Plaintiffs, this breaks the chain of causation linking Defendants' misconduct to Plaintiffs' conviction and subsequent wrongful incarceration. *See* Dkt. 94 at 6. This case does not control here, because the Sixth Circuit has rejected this very argument. In *Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006), the Sixth Circuit held:

> [Defendant] Tarter argues that it was the action of the prosecutor, in using the impermissibly suggestive identification at trial, which led to Plaintiff's injury, and not Tarter's procurement of the identification itself. It is true that an unduly suggestive identification does not, in and of itself, violate constitutional rights. *See Manson v. Brathwaite*, 432 U.S. 98, 113 [ ] (1977). It is also true that the prosecution's use of the identification at trial is a necessary intervening act for injury to occur and liability for any party to attach. *Id.* It is not true, however, that the prosecutor's discretion to control the state's case at trial is such an intervening act to excuse Tarter from the "natural consequences" of his actions and therefore any tort liability. In constitutional-tort cases, "a man [is] responsible for the natural consequences of his actions." *Monroe v. Pape*, 365 U.S. 167, 187 [ ] (1961). … The prosecutor's decision to use the identification does not shield Tarter from liability if he reasonably should have known that use of the identification would lead to a violation of Plaintiff's right to a fair trial.

*Id.* at 747 (denying qualified immunity to the defendant officer); *Malley v. Briggs*, 475 U.S. 335, 337 (1986) (normal causation principles apply to § 1983 actions); *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 608 (6th Cir. 2007) ("[t]raditional tort concepts of causation inform the causation inquiry on a § 1983 claim."). Oddly, Defendants do not cite *Gregory*. Here, a violation of Plaintiffs' right to a fair trial was a natural and foreseeable consequence of Defendants' use of an unduly suggestive identification procedure, and Defendants reasonably should have known that the use of the identification would lead to this violation of the right to a fair trial.

3

## II. Defendants' Other Arguments Have No Merit.

Defendants argue that summary judgment should be denied on Plaintiffs' unduly suggestive identification claim because trial counsel did not move to suppress the identification testimony of Harris, and an unduly suggestive identification claim was rejected by the appellate court in Derrick Wheatt's direct appeal. *See* Dkt. 94 at 11. This argument fails because there is no collateral estoppel effect that can be given to the Ohio appellate court's decision on direct appeal. *Booker v. City of Beachwood*, No. 1:06-CV-315, 2007 WL 1039155, at *3 (N.D. Ohio Apr. 3, 2007) ('in deciding whether to give preclusive effect to an Ohio state-court determination, this court must look to Ohio's law. … the general rule in Ohio is that a judgment in a criminal proceeding cannot operate as res judicata, or collateral estoppel, in a civil action to establish any fact determined in the criminal proceeding.") (citing *Knott v. Sullivan*, 418 F.3d 561, 567 (6th Cir. 2005), *State ex rel. Ferguson v. Court of Claims of Ohio*, 786 N.E.2d 43, 48 (Ohio 2003)); *see also Boone v. Spurgess*, 385 F.3d 923, 927 n.4 (6th Cir. 2004) ("Ohio state courts generally frown upon the use of criminal proceedings to estop parties in subsequent civil proceedings."). Thus, Defendants cannot use the direct appeal decision in Wheatt's case to estop Plaintiffs from litigating the unduly suggestive nature of the photo array. Furthermore, "a judgment which is vacated, for whatever reason, is deprived of its conclusive effect" and thus "all factual determinations [are] vacated … and their preclusive effect surrendered." *Dodrill v. Ludt*, 764 F.2d 442, 444–45 (6th Cir. 1985). Because Plaintiffs' convictions were vacated, factual determinations made in their criminal proceedings have no preclusive effect.

Nor is the fact that Plaintiffs' trial counsel did not move to suppress the identification relevant, and Defendants have not cited any authority for the suggestion that it is. Constitutional tortfeasors, as are common law tortfeasors, are responsible for the natural and foreseeable

4

consequences of his or her actions. *Malley v. Briggs*, 475 U.S. 335, 337 (1986) (normal causation principles apply to § 1983 actions); *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 608 (6th Cir. 2007) ("[t]raditional tort concepts of causation inform the causation inquiry on a § 1983 claim."). Defendants cannot shift the blame for the natural and foreseeable consequences of their actions to Plaintiffs' trial counsel.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment against Defendants Perry, Johnstone, and Miklovich, should be granted on the ground that the three-photo array consisting solely of the Plaintiffs was unduly suggestive and violated Plaintiffs' due process right to a fair trial.

Respectfully submitted,

s/ Elizabeth Wang

Michael Kanovitz
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
mike@loevy.com

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

s/ Michael B. Pasternak
Michael B. Pasternak
Park Center II, Suite 411
3681 South Green Road
Beachwood, OH 44122
O: (216) 360-8500
Mpasternak1@msn.com

Brett Murner
208 North Main Street
Wellington, OH 44090
O: (440) 647-9505
bmurner@yahoo.com

*Counsel for Plaintiff Eugene Johnson*

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on October 9, 2017, I served via CM/ECF the foregoing Plaintiffs' Joint Reply in support of Joint Motion for Partial Summary Judgment against Defendants Perry, Johnstone, and Miklovich, which delivered it to all counsel of record via electronic service.

s/ Elizabeth Wang
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Memorandum complies with the 20-page limitation for dispositive motions in Standard Track cases.

s/ Elizabeth Wang
