THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT, et al., | ) | CASE NO. 1:17-CV-377 |
| | ) | consolidated with |
| Plaintiffs, | ) | CASE NO. 1:17-CV-611 |
| | ) | |
| Vs. | ) | JUDGE JAMES GWIN |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | |
| | ) | |
| Defendants. | ) | |

REPLY BERIF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
DEBORAH NAIMAN, CARMEN MARINO, AND CUYAHOGA COUNTY

Defendants Deborah Naiman, Carmen Marino, and Cuyahoga County respectfully submit this reply in support of their motion for summary judgment on all of Plaintiffs' Federal and State law claims. ECF 87. Plaintiffs state that the only claim they are pursuing against Defendants former Assistant Prosecuting Attorney Deborah Naiman and former First Assistant Carmen Marino is Count III of their complaint, an alleged denial of access to courts claim. Plaintiffs' joint response brief, ECF 96 pg. 20. Plaintiffs further concede that Defendant Cuyahoga County should be dismissed. Id.

Plaintiffs abandoned the majority of the claims in their complaints because they cannot have it both ways. If Defendants Naiman and Marino were liable for allegedly withholding and suppressing exculpatory evidence, as they claim in their complaints, then Defendants would have been engaged in a prosecutorial function, which would entitle them to absolute immunity. By abandoning the clear prosecutorial function claims, Plaintiffs are hoping this Court will put blinders on and ignore the allegations in the complaints and the undisputed facts that Defendants Naiman and Marino were

1

functioning as prosecutors as preventing Plaintiffs from circumventing Crim. R 16, *Steckman*, and its progeny.

Plaintiffs incorrectly allege that Defendants did not argue that Plaintiffs have insufficient of evidence to reach a jury on merits of their denial of access to courts claim. ECF 96, pg. 2. This is patently false. In their summary judgment brief, Defendants laid out the Civ. R 56 standard that Plaintiffs have no genuine issue of material fact to present before the jury. Id. at pg. 4. Defendants then moved their analysis on the myriad of issues pointing out the "undisputed facts" that leads to no genuine issue of material fact to put before a jury. Id. pg. 10, 17. These Defendants also incorporate all the facts and arguments in their response brief to Plaintiffs' motion for partial summary judgment, which further illustrate Plaintiffs lack of genuine issue of material facts to set before a jury, entitling Defendants to summary judgment. ECF 86, 95. As demonstrated in Defendants motion for summary judgment and again here in the reply brief, the record is devoid of any facts to support Plaintiffs' allegation of denial of access to the courts and therefore, Defendants Naiman and Marino are entitled to summary judgment on all claims, including Plaintiffs' remaining denial of access to courts claim.

## I. Defendants Naiman and Marino have Absolute Prosecutorial Immunity.

Defendants and Plaintiffs agree on one thing, "a prosecutor will only receive absolute immunity for activities that were an 'integral part of the judicial process.'" ECF 96, pg. 3 citing *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). That is where the agreement ends. Defendants continually assert that maintaining a Cuyahoga County murder file and preventing Defendants from violating Crim. R 16, *Steckman*, and progeny **IS** an integral part of the judicial process. Who else's job would it be to protect the integrity of the criminal file? The

First Assistant of the Cuyahoga County Prosecutor's Office (Carmen Marino) and the Assistant Prosecuting Attorney who was known to answer calls from law enforcement day or night (Deborah Naiman). Naiman Depo. ECF 80 pg. 34-35.

Plaintiffs mischaracterize the roles each Defendant played in the office of persuade this Court that they were not acting as advocates for the Cuyahoga County Prosecutor's Office. This contention is not supported by the evidence in the record. Plaintiffs try to paint the picture that Defendants Naiman and Marino were advising or counseling the East Cleveland Law Department as to their public records requests, yet there is no evidence to support their "theory." Quite the opposite is true. Nowhere in the June 24, 1998 letter to Sergeant Dunn of the East Cleveland Police Department does it instruct Mayor Onunwar or anyone else from East Cleveland on how to respond to the public records request. ECF 79-51. Without advising East Cleveland how to respond to the public record request, Defendants Naiman and Marino certainly were not providing "legal advice" to East Cleveland. Not only did both Defendants testify that they do not represent or advise East Cleveland, there is no evidence in the form of the letter that they were legally advising East Cleveland how to respond to the public record request. The intent of the letter was to prevent Plaintiffs from circumventing the discovery rules that existed back in 1998.

In fact, Plaintiffs have failed to provide what East Cleveland's response was to the public records request. Instead, Plaintiffs provide the affidavit of former East Cleveland Law Director Forbes who states that she cannot recall anything about this incident. ECF 79-63. One further logical step can be deduced from her affidavit, she most likely does not recall whether Mayor Onunwar requested guidance and an opinion from her as well despite her affidavit testimony stating that she handled the East Cleveland public record requests. Id.

Further Plaintiffs falsely 'paraphrased' Defendant Naiman's deposition testimony to this Court that, "Naiman admitted that she wrote the letter in order to frustrate the City's intended response to the records request—disclosure." ECF 96 pg. 8 *allegedly* citing to ECF 79-50 at 61-63.  Defendant Naiman repeatedly made her intentions clear to Plaintiffs' counsel during their arduous and at times, harassing deposition: she wanted to maintain the file as status quo until cooler heads could prevail.  ECF 80 pg. 43, 60-62.  There is absolutely no evidence in the record to substantiate Plaintiffs' claims that Defendants Naiman and Marino read the file once a copy was turned over.  The evidence in the record shows otherwise.  Both Carmen Marino and Deborah Naiman testified during their depositions that she did not read the file that was brought to the Cuyahoga County Prosecutor's Office.  Id. pg. 64-65.

For Plaintiffs to now state that the public record request was not made to circumvent Crim. R 16, *Steckman*, and its progeny for post-conviction relief purposes is disingenuous and contrary to their own previous statements.  Plaintiffs **admitted** in their complaints that the 1998 public records request to East Cleveland was "part of an initial post-conviction investigation." ECF 1, ¶ 134; Johnson Compl. ¶ 136. Even more telling is Plaintiff Wheatt's new attorney Michael Troy Watson's letter making the public record request to East Cleveland—the criminal case number is referenced on the top right of the letter. ECF 79-49.  Plaintiffs essentially admitted to attempting to gain access to the police file through the backdoor behind the backs of the Cuyahoga County Prosecutor's Office.

When alerted to Plaintiffs' attempt to circumvent Crim. R 16, *Steckman*, and progeny, Assistant Prosecuting Attorney Deborah Naiman sought guidance from the Appellate Supervisor Frey and First Assistant Carmen Marino.  ECF 80 pg. 41, 63.  Defendant Naiman then wrote and Defendant Marino joined signing the letter as First Assistant a letter **advocating** on behalf of the Cuyahoga County Prosecutor's Office for the protection of the file, "for everything to remain status quo until cooler heads

4

can prevail." ECF 43, 60-62. Plaintiffs also agree that "[t]he analytical key to prosecutorial immunity…is advocacy—whether the actions in question are those of an advocate." ECF 96 pg. 4 *citing Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (*en banc*). The Sixth Circuit in *Spurlock v. Thompson* stated that absolute immunity attached during post-conviction proceedings and these Plaintiffs' admit that their public records request was part of the post-conviction investigation. ECF 96 pg. 8 citing *Spurlock*, 167 F.3d 791, 799 (6th Cir. 2003). There is no evidence to the contrary except for Plaintiffs' mischaracterization of the facts and deposition testimony. Because Defendants Naiman and Marino were personally involved in post-conviction relief proceedings, they were acting as advocates for the Cuyahoga County Prosecutor's Office to prevent the circumventing of Crim. R 16, *Steckman*, and progeny, Defendants were engaged in a prosecutorial function and are entitled to absolute immunity.

**II. Even if this Honorable Court determines Absolute Immunity does not apply, Defendants Naiman and Marino are entitled to Qualified Immunity.**

Plaintiffs know that that Defendants Deborah Naiman and Carmen Marino are at the very least entitled to summary judgment based on qualified immunity, so they make a feeble attempt claiming that Defendants waived this argument as it pertains to their *now* sole remaining claim of denial of access to the courts. Defendants did not. Defendants Naiman and Marino are entitled to summary judgment based on qualified immunity.

Because the Plaintiffs continue to cast their denial-of-access claim in the broad terms provided by decisions like *Christopher v. Harbury*, 536 U.S. 403 (2002); *Flagg v. City of Detroit*, 715 F.3d 165 (6th Cir. 2013); and *Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997), *cert. denied sub nom. Swekel v. Harrington*, 522 U.S. 1047 (1998) – all of which concerned "backward-looking" denial-of-access claims used as a next-best-substitute for an otherwise lost civil cause of action – it is imperative

to review at least briefly the Supreme Court's most recent qualified-immunity jurisprudence that disapproves fundamentally of the Plaintiffs' expansive approach to deny qualified immunity to Naiman and Marino for their conduct in reacting to the June 1998 public records request to the City of East Cleveland.

> In *Mullenix v. Luna*, 577 U.S. \_\_, 136 S.Ct. 305 (2015), the Court's *per curiam* opinion stated:
>
> The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.
>
> We have repeatedly told courts not to define clearly established law at a high level of generality. The dispositive question is whether the violative nature of *particular* conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition.

*Id*., 136 S.Ct. at 308 (emphasis in original; citations and internal punctuation omitted). *See also Taylor v. Barkes*, 579 U.S. \_\_, 135 S.Ct. 2042, 2044 (2015) (*per curiam*).

And as recently as January 2017, the Court's *per curiam* opinion in *White v. Pauly*, 580 U.S. \_\_, 137 S.Ct. 548, 552 (2017) stated:

> Today, it is again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level of generality. As this Court explained decades ago, the clearly established law must be particularized to the facts of the case. Otherwise, plaintiffs would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.
>
> \*\*\*
>
> Of course, general statements of the law are not inherently incapable of giving fair and clear warning to officers, but in the light of pre-existing law the unlawfulness must be apparent. (Citations and internal punctuation omitted.)

*Id.*, 137 S.Ct. at 552.

And still more recently, the Court's *per curiam* opinion in *Hernandez v. Mesa*, __ U.S. __, 137 S.Ct. 2003, 2007 (2017), stated:

> The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. The qualified immunity analysis thus is limited to the facts that were knowable to the defendants at the time they engaged in the conduct in question.

*Id*., 137 S.Ct. at 2007 (2017) (citations and internal punctuation omitted).

### 1. **No constitutional violation of an established right.**

The act of preventing Plaintiffs from circumventing the discovery rules in effect in 1998 is NOT a constitutional violation. Plaintiffs continually allege that these Defendants denied these Plaintiffs access to the courts, however, there is no evidence on the record to substantiate their complaint.

First, pure and simple, Plaintiffs were not denied access to the courts. The record is devoid of East Cleveland's response to Michael Troy Watson's public record request. Plaintiffs provide former East Cleveland Law Director Forbes's affidavit who states that she handles the public records requests for East Cleveland, yet has no recollection of this request. No recollection does not mean she was not aware of it at the time. It means she cannot remember 19 years later. Plaintiffs, or their counsel, had several judicial actions available to them: a mandamus action, request for discovery when they filed a post-conviction motion, etc. Plaintiffs simply did not use the judicial proceedings available to them at the time. That is of no fault of Defendants Naiman and Marino.

Second, there is no evidence that either Defendant engaged in actions to cover-up evidence to violate Plaintiffs' constitutional rights as was established by the Sixth Circuit in *Swekel*. *Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997). The record is clear that the reason Defendants Naiman and Marino sent the letter was to maintain the file and prevent Plaintiffs from circumventing the criminal discovery process in effect at the time. ECF 80 pg. 43, 60-62. There is no evidence in the

record to suggest that either Defendant was aware that exculpatory evidence was in the file and that it was not turned over to Plaintiffs' counsel. Id. at 64-65. In fact, there is nothing in the record before this Court to substantiate Plaintiffs claims that evidence was withheld from Plaintiffs' criminal defense counsel. Plaintiffs' best evidence is Plaintiff Wheatt's criminal counsel, Richard Drucker testified that he has no recollection of evidence being turned over. Attorney Drucker testified that he can vaguely remember sitting down with the other defense attorneys and listening to Michael Horn read the reports. ECF 82-1, pg. 12-13. "[W]hat specifically in detail [Michael Horn] said to me, I can't recall." Id. at pg. 13:9-11. Again, having a vague recollection does not mean it did not happen, it means he cannot remember. Defendants Naiman and Marino are entitled to qualified immunity because they did not violation Plaintiffs' rights nor was there a clearly established right at the time.

## CONCLUSION

Defendants Deborah Naiman, Carmen Marino, and Cuyahoga County respectfully request that the claims Plaintiffs are no longer pursuing against them be dismissed and further that they be granted summary judgment on the remaining denial of access to courts claim.

Respectfully submitted,

MICHAEL C. O'MALLEY (0059592)
Prosecuting Attorney of Cuyahoga County, Ohio

By: s/ Jennifer M. Meyer
JENNIFER M. MEYER (0077853)
CHARLES E. HANNAN (0037153)
Assistant Prosecuting Attorneys
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Tel: (216) 443-7800/Fax: (216) 443-7602
jmeyer@prosecutor.cuyahogacounty.us
channan@prosecutor.cuyahogacounty.us

*Counsel for Defendants Carmen Marino,
Deborah Naiman, and Cuyahoga County*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Brief in Support of Motion for Summary Judgment of Defendants Deborah Naiman, Carmen Marino, and Cuyahoga County was filed electronically on October 9, 2017 and was served electronically on all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            s/ Jennifer M. Meyer
                                            Jennifer M. Meyer (0077853)