IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK WHEATT,** *et al.*, | ) | CASE NOs.: 1:17-CV-0377 |
| | ) | and 1:17-CV-0611 |
| **Plaintiffs,** | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE WILLIAM H |
| **CITY OF EAST CLEVELAND,** *et al.*, | ) | BAUGHMAN, JR., |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' AMENDED BRIEF IN OPPOSITION TO PLAINTIFFS' JOINT MOTION FOR SANCTIONS AGAINST THE EAST CLEVELAND DEFENDANTS AND MOTION FOR PROTECTIVE ORDER QUASHING RULE 30(b)(6) NOTICE**

This Court is respectfully urged to deny Plaintiffs' Eugene Johnson, Derrick Wheatt and Laurese Glover (the East Cleveland Three) Motion for Sanctions as it would engender a gross abuse of discretion, as well as being patently unjust and unfair to the City Defendants in the defense of their case. The City Defendants further urge this Court to issue a Protective Order quashing the East Cleveland Three's Notice of Rule 30(B)(6) deposition.

**INTRODUCTION**

The East Cleveland Three have moved this Court to bar the City Defendants from arguing or introducing evidence, demonstrating a lawful or otherwise legitimate basis for the denial of a 1998 "public records request" which sought production of the Clifton Hudson homicide file.

The East Cleveland Three premise their motion on the fact that the City Defendants have been unable to identify and designate a representative of the City of East Cleveland (acceptable by the East Cleveland Three) to respond to their Notice of Rule 30(b)(6) Deposition.

In an effort to respond to the Notice of Rule 30(b)(6) deposition, the City Defendants initially designated the former mayor of the City of East Cleveland, Emmanuel Onunwor.  See Dkt #56 at Exhibit B.  Despite the fact that Mr. Onunwor had presented an affidavit averring that he was willing to grant the 1998 "public records request," (See Exhibit A, also see Dkt. 69 at Exh. 2); and despite his clear advocacy for the East Cleveland Three, their counsel unilaterally rejected Mr. Onunwor as a Rule 30(B)(6) witness.  (See Exhibit B)  Inasmuch as a municipality loses jurisdiction upon the issuance of an indictment, it is further observed that the Affidavit of Mr. Onunwor clearly supported the City's assertion that it relied upon the advice of the County Prosecutors once the case was indicted.  See R.C. 1901.20(B)("The municipal court has jurisdiction to hear felony cases committed within its territory. In all felony cases, the court may conduct preliminary hearings prior to the indictment of the defendant...")

Indeed, attempts by the City Defendants to locate Mr. Onunwor have proven unsuccessful.  As it is the City Defendants' understanding that Mr. Onunwor had been released from federal prison and presently is on probation out of state, those attempts included a request for location information made to Allen Gold of the U.S. Pretrial Services and Probation Department.  To date, however, that request has gone unanswered.  It is further observed that although counsel for the East Cleveland Three obtained the Affidavit of Mr. Onunwor; and certainly must know the whereabouts of Mr. Onunwor, they also appear unable to locate Mr. Onunwor.  (See *Plaintiff's First Supplemental Rule 26(a)(1) Disclosures* attached as Exhibit C at p. 2).

In a further effort to honor the Rule 30(B)(6) notice and observing that the "public records request" had been addressed to the East Cleveland Police Department, the City Defendants then offered former Detective Sergeant Patricia Lane, (a defendant in this matter) as

a Rule 30(B)(6) witness.  (See also discussion infra.)  However, due to Ms. Lane's unavailability Ms. Lane could not be considered able to testify and was rejected as a Rule 30(B)(6) witness.

Finally, the City Defendants offered as a Rule 30(B)(6) witness, Helen Forbes-Fields, who was the Law Director of the City of East Cleveland in 1998.  Despite the fact that Ms. Forbes-Fields was the legal advisor to then-Mayor Onunwor, Ms. Forbes-Fields apparently contacted counsel for the East Cleveland Three stating that she was unaware of the facts in this case and therefore refused to attend the already scheduled deposition.

The East Cleveland Three now seek to compel an abuse of discretion urging this Court to sanction the City Defendants for circumstances clearly beyond their control.  It is further noticed, and as argued *infra* that two legal theories compel not only the denial of *Plaintiffs' Joint Motion for Sanctions* but further compel this Court to quash the Rule 30(b)(6) Notice.

First, it is urged that the Rule 30(B)(6) Notice should be quashed as the information sought lacks probative value.

Secondly, it is urged that the City Defendants are protected under the doctrine of qualified immunity regarding the denial of the request to release the Clifton Hudson Homicide Investigation file and therefore the imposition of sanctions would be an abuse of discretion.

As more fully set forth hereinafter, in that the imposition of sanctions would demonstrate an abuse of discretion; and as the topics related in the Rule 30(b)(6) notice lack probative value, this Court is urged to deny *Plaintiffs' Joint Motion for Sanctions*; and, contemporaneously therewith issue an Order quashing the Rule 30(b)(6) Notice of Deposition.

## STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure states that " [i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue

further just orders," including, *inter alia*, " directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and " prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(A)(i), (ii).

In review of a district court's imposition of Rule 37 discovery sanctions, an appellate court will reverse only, "…for abuse of discretion, which we will not identify absent an error of law, a clearly erroneous finding of fact, or a decision that cannot be located within the range of permissible options available to the district court." *Funk v. Belneftekhim*, 861 F.3d 354 (2nd Cir. 2017) ref., *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010); *see also Chevron Corp. v. Donziger*, 833 F.3d 74, 147-48 (2d Cir. 2016).

In imposing Rule 37 sanctions, as well as in reviewing a sanctions order for abuse of discretion, courts properly consider various factors, including" (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d at 144 (internal quotation marks omitted); *see also id.* (observing that factors are "not exclusive" ).

As more fully set forth hereinafter, in that the imposition of sanctions would demonstrate an abuse of discretion, this Court should deny *Plaintiffs' Joint Motion for Sanctions Against the East Cleveland Defendants* and further issue a protective order quashing the Rule 30(B)(6) notice.

4

## **LAW AND ARGUMENT**

In maintaining that the imposition of sanctions would manifest an abuse of discretion, the City Defendants urge that the topics related in the Rule 30(b)(6) Notice either lack probative value or that the East Cleveland Three have had the opportunity to depose the appropriate parties on those matters.

It is further urged that sanctions are unwarranted; as Ohio law in 1998, as determined under *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 639 N.E.2d 83 (Ohio 1994), unmistakably demonstrating that there was no clearly established constitutional right of the East Cleveland Three to access the Clifton Hudson Homicide Investigation file, the City Defendants being entitled to assert qualified immunity; consequentially the imposition of sanctions regarding this matter would result in an abuse of discretion.

It is therefore urged conterminously with this Court's denial of Plaintiffs' Motion for Sanctions that the City Defendants are entitled to a protective order quashing the noticed Rule 30(B)(6) deposition.

I. **THE TOPICS RELATED IN THE NOTICE OF RULE 30(B)(6) DEPOSITION LACK PROBATIVE VALUEM OR ARE OTHERWISE DEFECTIVE.**

While it is clear that there is no provision under the Federal Rules of Civil Procedure allowing for objections to a Rule 30(B)(6) notice, it is urged as studied hereinafter, that such objections may as here, fully support a motion to quash.

In their Rule 30(B)(6) notice, the East Cleveland Three asked the City of East Cleveland to produce a corporate representative to testify concerning: (a) "[t]he circumstances that led to Carmen Marino and Deborah Naiman issuing the June 24, 1998 letter to Sergeant Dunn; and (b) identification of "[a]ll persons who had contact with anyone at Cuyahoga County, including but not limited to contact with Carmen Marino or Deborah Naiman, regarding the June 24, 1998

letter ….." See Exhibit D, Amended Notice of Rule 30(b)(6) Deposition at Topics 1 and 4(b). Also see Exhibit D-1 (Faxed Letter from Detective Teel to Black on Black 2000 containing Marino and Naiman Letter -Bate Stamp Nos.: CITY 000513-000515); and, (County receipt of Clifton Hudson Homicide Investigation file with Black on Black Memorandum to Mayor Onunwor (Bate Stamp Nos.: CITY 000807-000809).

At Topic 2, the notice also sought production of documents regarding the City of East Cleveland's ordinances, policies, procedures, rules, guidelines, protocols and practices in effect June 1998 relating to public records request. Id. at Topic 2.

Further, at Topic 3, the notice sought identification of, "…the person or persons responsible for handling or responding to public records requests in June, 1998, including but not limited to requests for files or records from the City of East Cleveland Police Departments." Similarly at Topic 4(a) the notice sought "[p]ersons with information regarding the circumstances at or around June 1998 regarding the potential release of materials … within the possession of the City of East Cleveland and East Cleveland Police Department regarding …State of Ohio vs. Eugene Johnson…."

As an initial matter it is observed that the East Cleveland Three have asserted that "the City can designate anyone to testify about these topics, as long as they have been prepared for the deposition ahead of time." Id. at p. 4. This Court is urged that in regard to Topic Nos. 1 and 4(b), the only persons who would have knowledge on those topics would be Carmen Marino, Deborah Naiman and/or Sergeant Dunn.[1] Observing that these are the best witnesses on this issue it is urged that any other person designated as a 30(b)(6) witness would only be able to impermissibly speculate on this topic.

---

[1] In this regard, it is important to note that the East Cleveland Three have already taken the depositions of these individuals; and certainly had the opportunity to depose them on this subject.

In respect to Items Nos. 3 and 4; in that any information regarding a public records request lacks probative value, a deposition on these issues would present an undue burden upon the City of East Cleveland; and accordingly, in not only denying *Plaintiffs' Joint Motion for Sanctions* this Court should issue an Order quashing the Rule 30(b)(6) notice.

**II.    IN THAT THE CITY DEFENDANTS ARE ENTITLED TO ASSERT THE DEFENSE OF QUALIFIED IMMUNITY; AND AS THE RULE 30(B)(6) NOTICE SEEKS MATTERS THAT LACK PROBATIVE VAULE THE IMPOSITION OF SANCTIONS FOR CIRCUMSTANCES BEYOND THEIR CONTROL WOULD DEMONSTRATE A GROSS ABUSE OF DISCRETION.**

In reviewing the East Cleveland Three's motion for sanctions it becomes apparent that what they are seeking is a determination that, "…the City's normal policy and practice in 1998 was not to deny public records requests for homicide investigation files;" and that for some reason, particular to the East Cleveland Three, the City Defendants chose not to release the records of the Clifton Hudson Homicide Investigation.  See Doc. No. 103 at p. 6.

This Court is urged that even if the City of East Cleveland had previously allowed inspection of homicide investigation files it was under no duty to do so; and as there was absent a clear constitutional right that prisoners had any right to inspect or otherwise access police records the City Defendants being entitled to assert qualified immunity, the imposition of sanctions under these circumstances would constitute an abuse of discretion.

**A.    ITEMS RELATING TO PUBLIC RECORD DISCLOSURES LACK PROBATIVE VALUE AND ACCORDINGLY THIS COURT SHOULD ISSUE AN ORDER QUASHING THE 30(B)((6) NOTICE.**

As this Court is aware, the East Cleveland Three have alleged that exculpatory material contained within the Clifton Hudson Homicide Investigation File was wrongfully withheld.

In 1998, as part of an initial post-conviction investigation, Plaintiffs sent a public records request to the City of East Cleveland.  The request sought copies of all police and investigatory

7

records related to the murder of Clifton Hudson. At this time, Plaintiffs' criminal convictions had become final. Plaintiffs' convictions had been affirmed by the state court of appeals, and the Ohio Supreme Court had denied review. No motion for new trial or petition for postconviction relief had been filed. There was nothing pending in court in Plaintiffs' criminal cases." See Doc. No. 1 at ¶¶ 3, 136 and 137.

In *State ex rel. Steckman v. Jackson (*1994), 70 Ohio St.3d 420, 639 N.E.2d 83, the Ohio Supreme Court held that, "A defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for post-conviction relief.

In interpreting the *Steckman* decision the Second District Court of Appeals held: "We take that to mean not only that the Public Records Act, R.C. 149.43, cannot be employed to obtain material for use in support, … of a petition for postconviction relief, but also that materials obtained through the Public Records Act cannot be used in support of a petition." See *State v. Walker (*1995), 102 Ohio App.3d 625, 627, 657 N.E.2d 798, 800.

Based on the foregoing, it thus becomes clear that the proposed 30(b)(6) deposition lacks proabtive value. It is thus urged that imposition of sanctions where it is clear that the discovery dispute lacks merit, would be an abuse of discretion, particularly so where the circumstances demonstrate that the City of East Cleveland had proffered three potential witnesses who for whatever reasons are now unavailable.

Just as the City Defendants are entitled to the benefit of qualified immunity as it regards the issue of the photo array – as they did not have the consent of the juvenile court judge per R.C. 2151.313 which prohibited the retention of juvenile photographs; and therefore they did not have a database from which to select. See 1996 ORC Ann. 2151.313 attached as Exhibit E; also,

see *In the Matter of Mark Lugo*, 1991 Ohio App. LEXIS 2805 (June 14, 1991), that case upheld a neutralized school yearbook for juvenile identification purposes; it is urged here that based on the Ohio Supreme Court case of *Steckman* in that there was no clear constitutional right that prisoners had any right to inspect or otherwise access police records, and as the City Defendants properly relied upon the County Prosecutor's Office direction to turn their police file regarding the Clifton Hudson Homicide Investigation over to the County Prosecutor's Office a deposition on these matters would clearly lack probative value, the imposition of sanctions where the circumstances of non-compliance were beyond the City Defendants control would clearly demonstrate an abuse of discretion.

    It is urged that the cases of *Pearson v. Callahan*, 555 U.S. 223 (2009); and *Ziglar v. Abbase, et al*. 582 U.S. ___(2017) decided June 19, 2017 are appropriately noted in order to absolve the City Defendants of any liability for damages that might be considered. In the *Pearson* case, Id., the U.S. Supreme retreated from a two-step requirement enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001); as to one, whether or not there was a constitutional law actually forbidding an action, regardless of its clarity and two, whether or not law enforcement officers reasonably believed it to be constitutional. However in *Ziglar v. Abbase, et al*. 582 U.S. ___(2017), Justice Kennedy further totally demolished *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) when he wrote: "The question before the Court, however, is not whether petitioners' alleged conduct was proper, nor whether it gave decent respect to respondents' dignity and well-being, nor whether it was in keeping with the idea of the rule of law that must inspire us even in times of crisis. Instead, the question with respect to the *Bivens* claims is whether to allow an action for money damages in the absence of congressional authorization….the Court answers that question in the negative…"

Here, it is respectfully urged that under *Steckman* as there was no clearly established constitutional right of the East Cleveland Three to access the Clifton Hudson Homicide Investigation file, the City Defendants being entitled to assert qualified immunity; consequentially the imposition of sanctions regarding this matter would result in an abuse of discretion.  This Court is thus respectfully urged to deny Plaintiffs' Joint Motion for Sanctions and enter an Order quashing the noticed Rule 30(b)(6) deposition.

## CONCLUSION

Based on the foregoing study, this Court is respectfully urged to deny Plaintiffs' Eugene Johnson, Derrick Wheatt and Laurese Glover *Motion for Sanctions* as it would engender a gross abuse of discretion, as well as being patently unjust and unfair to the City Defendants in the defense of their case.  The City Defendants further urge this Court to issue a Protective Order quashing the East Cleveland Three's Notice of Rule 30(b)(6) deposition.

Respectfully submitted,

/s/ *Willa M. Hemmons*
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for the City of East Cleveland, John C. Bradford, Terrence Dunn, Vincent K. Johnstone, Patricia Lane, D. J. Miklovich, Michael C. Perry and Charles Teel

## CERTIFICATE OF SERVICE

A true and accurate copy of *Defendants' Amended Brief In Opposition To Plaintiffs' Joint Motion For Sanctions Against The East Cleveland Defendants And Motion For Protective Order Quashing Rule 30(B)(6) Notice* was electronically filed with the Court on this 16th day of October, 2017; and that by operation of this Court's electronic notification system a copy thereof is made available to all registered parties.   In addition, a courtesy copy of this filing has been served by email to Howard S. Rabb, Esq., bankruptcy counsel for Defendant Michael Perry, at: hrabb@dworkenlaw.com on this 16th day of October, 2017.

>*/s/ Willa M. Hemmons*
>Attorney for City Defendants

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

>/s/ *Willa M. Hemmons*
>Willa M. Hemmons (0041790)