IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 |
| | ) | No. 1:17-CV-611 (consolidated) |
| v. | ) ) | Judge James S. Gwin |
| CITY OF EAST CLEVELAND,  et al. | ) ) | Magistrate Judge William H. |
| Defendants. | ) | Baughman, Jr. |

## PLAINTIFFS' RESPONSE TO CITY DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF TAMIKA HARRIS

Plaintiffs Derrick Wheatt and Laurese Glover, through their counsel, hereby submit this Response to City Defendants' Motion to Strike Affidavit of Tamika Harris. In opposition to Defendants' Motion, Plaintiffs state as follows:

## MEMORANDUM OF LAW

1.      On October 16, 2017, the East Cleveland Defendants filed a Motion to Strike Affidavit of Tamika Harris, on the ground that it is unsworn. Dkt. 110. Defendants object to Plaintiffs' Exhibit 22, which was submitted with Plaintiffs' Joint Motion for Partial Summary Judgment on September 18, 2017. *See* Dkt. 79-22.

2.      Assuming that the Court construes the motion to strike as an objection under Rule 56(c)(2), the Court should deny Defendants' motion for two reasons.

3.      First, the objections are not timely. Any objections Defendants had to Plaintiffs' summary judgment exhibits should have been submitted with their response in opposition to Plaintiffs' motion for partial summary judgment, which

was due on October 2, 2017. *See* Order dated August 24, 2017 (setting dispositive motion deadlines). Replies were due on October 9, 2017. *Id. Cleveland Clinic Health System-East Region v. Innovative Placements, Inc.*, 2012 WL 1945609, at * (N.D. Ohio May 30, 2012) (Gwin, J.) (denying motions to strike exhibits submitted with summary judgment on the ground that the objections were filed after the deadline for all dispositive motion briefing had passed).

4.    Second, Tamika Harris's 2004 affidavit submitted as Exhibit 22 with Plaintiff's motion is, in fact, sworn and notarized. *See* Dkt. 79-22 at 3. Thus, it is admissible evidence that the Court may consider on summary judgment.[1]

Respectfully submitted,

s/ Elizabeth Wang

Michael Kanovitz
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
mike@loevy.com

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

---

[1] Defendants' claim that Harris's 2004 affidavit contradicts her deposition testimony is mistaken. There is no contradiction in her testimony, and Defendants have not pointed to any. *Compare* Dkt. 79-8 *with* Dkt. 79-22. There is also no contradiction in Harris's testimony that has any bearing on Plaintiffs' motion for summary judgment against Defendants Perry, Miklovich and Johnstone on the unduly suggestive identification claim. Moreover, when assessing the affidavit in the context of Plaintiffs' opposition to Defendants' motions for summary judgment (since Plaintiffs incorporated by reference all of their exhibits from their motion for partial summary judgment, for their responses to Defendants' motions for summary judgment), the Court must view all facts in the light most favorable to the Plaintiffs. So even if there were some contradiction between Harris's deposition testimony and her 2004 affidavit, both may be considered and all facts must be viewed in the light most favorable to the Plaintiffs. *See Kadia v. Gonzales*, 501 F.3d 817, 821 (7th Cir. 2007) (noting that the judicial system could not function if it adopted the discredited doctrine that a witness who testified incorrectly about one thing must be disbelieved on all things); *Branion v. Gramly*, 855 F.2d 1256 (7th Cir. 1988) ("Selective disbelief…is an ordinary incident of trial[.]"). Variations in testimony raise questions about credibility that must be answered by a jury, not by the Court.

2

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on October 17, 2017, I served via CM/ECF the foregoing Response.

s/ Elizabeth Wang
Attorney for Plaintiffs Wheatt and Glover

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

s/ Elizabeth Wang
Attorney for Plaintiffs Wheatt and Glover

3