IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| DERRICK WHEATT and LAURESE GLOVER,  )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>CITY OF EAST CLEVELAND, et al. )<br>)<br>Defendants. ) | No. 1:17-CV-377<br><br>Judge James S. Gwin<br><br>Magistrate Judge William H. Baughman, Jr. |

**PLAINTIFFS' REPLY TO DEFENDANT CITY OF EAST CLEVELAND'S OPPOSITION TO PLAINTIFFS' JOINT MOTION FOR SANCTIONS AGAINST THE EAST CLEVELAND DEFENDANTS AND OPPOSITION TO MOTION FOR <u>PROTECTIVE ORDER</u>**

Now come Plaintiffs, Derrick Wheatt, Laurese Glover and Eugene Johnson, by and through their respective counsel, and respectfully request that this Court grant Plaintiffs' Motion for Sanctions, Dkt. 103. Plaintiffs also request that this Court deny Defendants' motion for protective order.

The reasons for Plaintiffs' position are more fully set forth in the attached Memorandum of Law.

1

## MEMORANDUM OF LAW

### Factual Background

Plaintiffs moved for sanctions against the East Cleveland Defendants because of their willful failure to comply with the orders of this Court and Magistrate Judge Baughman. *See* Dkt. 103. Now, the East Cleveland Defendants are taking the position that their failure to comply with these court orders not only should be overlooked, but used as a justification to deny Plaintiffs' motion for sanctions. *See* Dkts. 108, 109. Defendants' argument is circular and contrary to the law.

The City was obligated to comply with Plaintiffs' Rule 30(b)(6) notice and produce a witness or witnesses to testify regarding the list of topics in the notice. To the extent the City could not find a witness who was personally involved in dealing with public records requests for the City in 1998, they were required to prepare or educate a witness to address the listed topics. The City refused to comply with Plaintiffs' Notice. Magistrate Baughman held a hearing on the dispute and ordered the City to designate witness(es) by August 24, 2017. Dkt. 62 at 2.

In response to this order, the City designated a witness who they knew was incompetent to testify due to her medical condition (Patricia Lane). This was a complete flouting of Magistrate Judge Baughman's order.

Thus, Plaintiffs filed a Motion for Rule to Show Cause. Dkt. 70. On September 15, 2017, this Court ordered the City to "identify a Rule 30(b)(6) witness who is able to testify within 30 days of the date of this Order." Dkt. 75 (resolving

Dkt. 70). The City chose to flout this court order as well, by designating a witness (Helen Forbes Fields) who had no knowledge of any of the topics noticed and in fact, stated to counsel for Plaintiffs Wheatt and Glover that she would not agree to be deposed on these topics due to her lack of knowledge. Because the City chose to disobey multiple court orders, Plaintiffs filed their Motion for Sanctions under Rule 37. Dkt. 103.

Allowing Defendants to violate two separate court orders without consequence would reward deliberate disrespect for the rule of law.

## Argument

Defendants have a basic misunderstanding of Federal Rule of Civil Procedure 30(b)(6) and the case law interpreting it. Defendants are now arguing that because the City proffered three witnesses, one of whom is incapable of testifying at all due to her medical condition (Patricia Lane) and two of whom do not have knowledge of any or all of the topics noticed (Emmanuel Onunwor and Helen Forbes Fields), the City has done its job and should be unburdened by this Court's Order dated September 15, 2017. This position is in no way countenanced by the Federal Rules, case law or the Court's prior order. The City's repeated refusal to comply should be sanctioned as appropriate under Rule 37.

Significantly, Defendants do not attempt to explain or defend the City's repeated failures to comply with the Court's Order, or to explain why—in response to the Court's September 15, 2017 order—they designated a person (Helen Forbes Fields) who has no knowledge of the topics noticed (beyond what she already said in

3

an affidavit provided to all parties). It is obvious that the City has not exercised any diligence let alone the due diligence required of it in response to either Plaintiffs' Rule 30(b)(6) notice or the Court's prior orders. *See* Dkts. 108, 109. Again, it is worth noting Ms. Fields informed undersigned counsel that she is not the appropriate witness to be designated on these topics, and counsel for the City had not conferred with her to ensure that she was the right witness before designating her.[1]

In their Response, Defendants make a number of meritless arguments. First, Defendants argue that the topics noticed are not "probative" or discoverable. This argument can be rejected on the sole basis that both the Magistrate Judge and this Court has already ruled on this, by ordering the City to designate witnesses who can testify about the noticed topics and to actually produce witnesses. Dkts. 62, 75. The time to raise arguments about whether the information sought is discoverable under Rule 26 has long passed. And, as Plaintiffs have explained, the information sought is highly relevant and discoverable. *See* Dkt. 103 at 5–6. The East Cleveland Defendants have asserted in this litigation that the City's refusal to release the police file in 1998 was valid based on the City's policies and the law as it existed at the time. But they have presented no evidence of that assertion. Plaintiffs sought a Rule 30(b)(6) witness who has knowledge of the City's policies and procedures in effect in June 1998 relating to public records requests, so that Plaintiffs could show

---

[1] And, as previously explained, Emmanuel Onunwor is not the appropriate witness, either, because he informed Plaintiffs' counsel that he has no knowledge of the topics noticed besides what he said in his affidavit tendered in this litigation. Nor is Patricia Lane an appropriate witness, because her medical condition prevents her from being able to testify.

4

that this was not, in fact, the City's policies and practices at the time.

Second, Defendants argue that qualified immunity requires the denial of Plaintiffs' motion for sanctions. It is unclear how qualified immunity has anything to do with either the discoverability of the information sought or the legal standards applicable to motions for sanctions under Rule 37. Defendants' argument appears to be that because the Ohio Supreme Court held in *State ex rel. Steckman v. Jackson*, 639 N.E.2d 83 (Ohio 1994), that governmental entities may claim an exemption under the Public Records Act and decline to release law enforcement records, then the City does not have to produce a witness in response to Plaintiffs' Rule 30(b)(6) notice. This simply does not follow. The evidence in this case to date has shown that then-Mayor Onunwor wanted to release the records. *See* Dkt. 79-47 (Onunwor Aff.). He did not do so because Defendants Naiman and Marino intervened and sent him a threatening letter. *See id.* The East Cleveland Defendants have asserted in various pleadings that the City's policy and practice was not to release police files in response to records requests, while *Steckman* was the law. But they have provided zero evidence for this, Onunwor's affidavit contradicts this, and the fact that the City produced the police file in 2013 without any objection during a time when *Steckman* was still the law contradicts this. And, the City has thwarted Plaintiffs' multiple attempts to depose a City witness designated under Rule 30(b)(6) who could testify about what, exactly, were the City's policies and practices relating to the disclosure of public records requests.

In sum, the East Cleveland Defendants cannot be permitted at trial to assert

5

facts that have no basis in any evidence, and on which they have denied Plaintiffs the ability to discover any admissible evidence. Thus, in light of the City's repeated, willful failures to comply with the orders of this Court and Magistrate Judge Baughman, Plaintiffs' Motion for Sanctions under Rule 37 should be granted. *See* Dkt. 103 at 7–8.

And finally, Defendants move for a protective order, asking the Court to "quash" Plaintiffs' Rule 30(b)(6) Notice. *See* Dkts. 108, 109. This motion is not timely. The Court has already ruled that Plaintiffs are entitled to depose witness(es) on the topics noticed. *See* Dkt. 75. Defendants were ordered to comply and they failed. Defendants' request amounts to a motion for reconsideration, which Defendants have not appropriately or adequately briefed. Motions for reconsideration are extraordinary and seldom granted, because they contravene the goals of finality and repose. *See* Dkt. 60 (citing *Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007), among other cases).

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Sanctions (Dkt. 103).

                                             Respectfully submitted,
                                             s/ Elizabeth Wang

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com
*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

| | |
|---|---|
| s/ Michael B. Pasternak | |
| Michael B. Pasternak | Brett Murner |
| Park Center II, Suite 411 | 208 North Main Street |
| 3681 South Green Road | Wellington, OH  44090 |
| Beachwood, OH  44122 | O: (440) 647-9505 |
| O: (216) 360-8500 | bmurner@yahoo.com |
| Mpasternak1@msn.com | |
| *Counsel for Plaintiff Eugene Johnson* | |

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on October 20, 2017, I served via CM/ECF the foregoing Reply.

s/ Elizabeth Wang
Attorney for Plaintiffs Wheatt and Glover

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

s/ Elizabeth Wang

7