```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------

| | : | |
|---|---|---|
| DERRICK WHEATT, et al., | : | CASE NO. 1:17-CV-377 |
| | : | consolidated with |
| Plaintiffs, | : | CASE NO. 1:17-CV-611 |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 123] |
| CITY OF EAST CLEVELAND, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this 42 U.S.C. § 1983 action,[1] the City Defendants[2] seek leave to amend their answer to Plaintiffs' complaint.[3] For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the City Defendants' motion for leave to amend.

## I. Legal Standard

A plaintiff seeking leave to amend its pleading after the "deadline passes . . . first must show good cause under [Federal Rule of Civil Procedure] 16(b)."[4] "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements."[5] "Another relevant consideration is possible prejudice to the party opposing the modification."[6]

---

[1] A full factual and procedural background of this case can be found in the Court's order disposing of the parties' summary judgment motions. *See* Doc. 124.
[2] "The City Defendants" include the City of East Cleveland, Michael Perry, Vincent Johnstone, D.J. Miklovich, Patricia Lane, Charles Teel, John Bradford, and Terrence Dunn.
[3] Doc. 123. Plaintiffs oppose. Doc. 125.
[4] *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).
[5] *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotations omitted) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).
[6] *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

Once a party shows good cause, a court may grant a party leave to amend its pleading under Rule 15(a)(2).[7] That rule specifies that "[t]he court should freely give leave when justice so requires."[8] This lenient standard furthers the general policy of deciding cases on their merits rather than on procedural technicalities.[9] "In general, the Sixth Circuit is very liberal in permitting amendments."[10]

Leave to amend should be granted so long as amending will not cause "undue prejudice to the opposing party."[11] "Delay by itself is not sufficient reason to deny a motion to amend."[12] Instead, courts look to whether there is also a showing of "significant" prejudice.[13]

## II. Discussion

The City Defendants seek leave to amend their answer nearly six months after the Court's May 15, 2017 deadline for amendments.[14]

**A. Public Records Request**

The Court finds that the City Defendants have not shown good cause for their delay in seeking to amend.[15] Their arguments that there was no valid public records request do not support the contention that justice requires that the Court grant leave to amend.[16]

---

[7] Fed. R. Civ. P. 15(a)(2).
[8] *Id.*
[9] *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (internal citation omitted).
[10] *United States ex rel American Textile Mfrs. Inst., Inc. v. The Limited, Inc.,* 179 F.R.D. 541, 550 (S.D. Ohio 1998) (citations omitted), *aff'd* 190 F.3d 729 (6th Cir. 1999).
[11] *Fisher*, 125 F.3d at 977.
[12] *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (quoting *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).
[13] *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986)).
[14] *See* Doc. 29.
[15] *See*, *e.g.*, *Leary*, 349 F.3d at 908-09.
[16] *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires.").

The City Defendants argue that newly discovered evidence requires that they amend their answer. Namely, the City Defendants claim that they have discovered that there was never a valid public records request made by Plaintiffs' attorney in 1998. The evidence they cite, however, was wholly within their control during the entire pendency of this litigation.

The City Defendants had almost two months between the time Plaintiffs filed their complaint and the Court's amendment deadline. If the City Defendants did not undertake an adequate investigation of their own files during that time period, then they must suffer the consequences of that lapse, not Plaintiffs. This "new evidence" therefore does not provide sufficient reason for the Court to grant leave to amend.

Further, amendment here is obviously prejudicial to Plaintiffs. The Court's deadline for amendments passed almost six months ago. In the intervening time, the parties have nearly completed discovery, have fully briefed two rounds of dispositive motions, and are set to go to trial in less than a month.

Had the City sought to amend its answer closer to the original amendment deadline, Plaintiffs would have, at the very least, conducted additional discovery on the subjects the City now seeks to deny. With trial quickly approaching, conducting that additional discovery would be unduly burdensome, if not impossible.[17]

The foregoing reasons are sufficient for the Court to deny the City Defendants' motion. However, the Court also denies this motion because amendment would be futile.

In multiple filings seeking various different forms of relief after summary judgment, the City Defendants have argued that there was no valid public records request.[18] The Court will

---

[17] *See Troxel*, 489 F.2d at 971 (forcing a litigant to endure "the time and expense of continued litigation . . . with the possibility of additional discovery" amounts to sufficient prejudice).
[18] *See* Doc. 116; Doc. 118-2; Doc. 123.

Case No. 1:17-cv-377
Gwin, J.

address this argument here. As explained below, this argument is without factual or legal merit, and so any amendment based on this argument is futile.

In 1998, Plaintiffs' then-attorney Michael Watson sent a letter to former East Cleveland Mayor Emmanuel Onunwor asking to review the police investigation file from Plaintiffs' initial trial.[19] The City Defendants have cited to no law or policy explaining why Plaintiffs' attorney's request to review the police records was not a valid public records request.[20]

Under both the current and 1998 versions of the Ohio Public Records Act ("the Act"), Plaintiffs' attorney's letter to then-Mayor Onunwor could be a valid method of requesting public records.[21]

The Act as it existed at the time of the request made no mention of any specific method for requesting information.[22] Given this, and the Ohio courts' liberal construction of the Act in favor of broad access to records,[23] the law would seem to allow for requests for records even less formal than the one at issue here.[24]

---

[19] *See* Doc. 123-8.
[20] The City Defendants do argue that Watson's letter to Mayor Onunwor does not meet the dictionary definition of "request." Even if the Court chose to use this strict textualist methodology, the argument fails on its face. Attorney Watson stated that he would "contact [the Mayor's] office to make arrangements to review the records" at issue. *See* Doc. 123-8. This language plainly qualifies as "an act of asking for something," or "express[ing] a desire for" the records at issue. *Request*, *The American Heritage Dictionary of the English Language* (5th ed. 2016).
[21] Ohio Rev. Code Ann. § 149.43 (West 1998).
[22] *See id.*
[23] *See State ex rel. Cincinnati Enquirer v. Jones-Kelley,* 886 N.E.2d 206, 209-10 (Ohio 2008). If the City Defendants are claiming that East Cleveland had more stringent requirements for making public records requests, they have put no evidence into the record to support that contention.
[24] Indeed, later revisions to the Act clarify that even an oral request for public records is acceptable. *See, e.g.*, Ohio Rev. Code Ann. § 149.43(B)(5) (West 2016) (noting that "[a] public office . . . may ask a requester to make the request in writing . . . but may do so only after disclosing to the requester that a written request is not mandatory").

Case No. 1:17-cv-377
Gwin, J.

**B. Plaintiffs'** *Brady* **Claim**

The City Defendants also argue that Plaintiffs' *Brady* claim is not supported by the record. The City Defendants made this argument in their summary judgment briefing, and now seek to amend their answer to reflect their more recent arguments.

The City Defendants' original answer already largely reflects this argument.[25] Their proposed amendment would change that the City Defendants now deny the exculpatory nature of any allegedly undisclosed statements.[26]

Because Plaintiffs have already responded to the substance of this argument in their summary judgment briefing, they would not be prejudiced by amendment. The Court therefore **GRANTS** the City Defendants' leave to amend their answer to reflect that they deny the exculpatory nature of any statements.

### III. Conclusion

For the preceding reasons, the Court **GRANTS IN PART AND DENIES IN PART** the City Defendants' motion for leave to amend their answer.

IT IS SO ORDERED.

Dated: November 14, 2017            s/ *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[25] *See* Doc. 21 at 11 (denying paragraphs 102 through 106 and 122 through 125 of Plaintiffs' complaint, which stated that Defendants did not turn over exculpatory information from Derek Bufford and the Petty brothers).
[26] *See* Doc. 123-1 at ¶157.