UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                              :
DERRICK WHEATT, et al.,                       :       CASE NO. 1:17-CV-377
                                              :       consolidated with
            Plaintiffs,                       :       CASE NO. 1:17-CV-611
                                              :
v.                                            :       OPINION & ORDER
                                              :       [Resolving Doc. Nos. 103, 110, 116, 119]
CITY OF EAST CLEVELAND, et al.,               :
                                              :
            Defendants.                       :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this 42 U.S.C. § 1983 action, the parties have filed numerous motions stemming from discovery disputes and other pre-trial conflicts. Plaintiffs seek sanctions against the City of East Cleveland Defendants (hereinafter "the City" or "the City Defendants") for their failure to designate an appropriate Federal Rule of Civil Procedure 30(b)(6) witness.[1]

The City Defendants move to strike Tamika Harris' affidavit.[2] Defendants Cuyahoga County, Naiman, and Dunn ("the County Defendants") move the Court to compel Plaintiffs to respond to their written discovery requests.[3]

For the following reasons, the Court **DENIES** Plaintiffs' motion for sanctions without prejudice, **DENIES** the City Defendants motion to strike, and **DENIES** the County Defendants' motion to compel.

---

[1] Doc. 103. The City Defendants oppose. Doc. 108. Plaintiffs reply. Doc. 114. The City Defendants sur-reply. Doc. 116. Plaintiffs oppose the filing of this sur-reply. Doc. 120. The Court denies the City Defendants motion seeking to sur-reply as moot.
[2] Doc. 110. Plaintiffs oppose. Doc. 112.
[3] Doc. 119. Plaintiffs oppose. Doc. 121.

Case No. 1:17-cv-377
Gwin, J.

## I. Background

This civil rights actions stems from the now-overturned convictions of Plaintiffs Derrick Wheatt, Laurese Glover, and Eugene Johnson. After spending well over a decade in prison for a murder that they maintain they did not commit, Plaintiffs were released from prison and given a new trial. In granting the motion for a new trial, an Ohio court found that arguably exculpatory evidence had been withheld from Plaintiffs. Plaintiffs now seek compensation for the alleged constitutional violations that put and kept them imprisoned.[4]

As part of this suit, Plaintiffs seek to use Federal Rule of Procedure 30(b)(6) to depose a City of East Cleveland representative on a number of issues related to how the City handled public records requests in 1998. The motions discussed in this order have grown out of this and other discovery disputes among the parties.

## II. Legal Standard

Federal Rule of Civil Procedure 30(b)(6) allows a party to name a "public or private corporation, a partnership, an association, or other entity" as a deponent. The party seeking to depose this entity "must describe with reasonable particularity the matters for examination."[5]

Once named as a deponent, an entity "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."[6] These designated persons "must testify about information known or reasonably available to the organization."[7]

---

[4] The Court presents a more detailed factual background in its order deciding the parties' summary judgment motions. *See* Doc. 124.
[5] Fed. R. Civ. P. 30(b)(6).
[6] *Id.*
[7] *Id.*

Case No. 1:17-cv-377
Gwin, J.

If a party fails to comply with a Rule 30(b)(6) subpoena, Rule 37(b)(2)(A) describes numerous sanctions that a court may impose against the noncompliant party. These include taking the subjects of the deposition as established for purposes of the action,[8] or "prohibiting the disobedient party from supporting or opposing designated claims or defenses."[9] Rule 37(b)(2)(C) also permits a court to order the payment of reasonable expenses and attorney's fees as a sanction.

The Sixth Circuit has adopted a four-factor test regarding whether to impose sanctions: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in the discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered.[10]

### III. Analysis

**A. Plaintiffs' Motion for Sanctions**

*1. The City Defendants' Inability to Designate a Rule 30(b)(6) Witness*

Both Magistrate Judge Baughman and this Court have ordered the City of East Cleveland to designate a Rule 30(b)(6) witness who is competent to testify about the matters Plaintiffs requested. The City has failed to do so.

The Court recognizes that the events the City's 30(b)(6) witness would testify about occurred almost two decades ago. In that time, memories fade, documents are lost or innocently destroyed, and relevant parties may leave the Court's jurisdiction. If the City had shown that it

---

[8] Fed. R. Civ. P. 37(b)(2)(A)(i).
[9] Fed. R. Civ. P. 37(b)(2)(A)(ii).
[10] *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

-3-

undertook a diligent inquiry in an attempt to respond to Plaintiffs' request, but the passage of time made their search impossible, the Court would see no reason for sanctions.

That is not what happened here. In response to Plaintiffs' request that the City designate a 30(b)(6) witness, the City has attempted to designate three people. Initially, the City failed to designate anyone, purportedly because of the years between the events at issue in this case and the present litigation.[11]

Magistrate Judge Baughman then met with the parties and determined that the City had failed to perform a due diligent inquiry before failing to name a designee.[12] He ordered the City to perform its due diligence and to designate someone within thirty days of his order.[13]

Shortly after Judge Baughman's order, the City attempted to designate the former Mayor of East Cleveland, Emmanuel Onunwor.[14] The City, however, has had zero contact with the former Mayor, and his location is currently unknown to the City.[15]

Then, the City designated Detective Patricia Lane, a named defendant who was, in counsel for the City's words, "in a coma."[16] This designation of someone so patently unavailable and unprepared to testify suggests that the City either willfully disobeyed Judge Baughman's order, or, at best, negligently ignored his order to perform "due diligent inquiry."

This Court then informed the City that neither Detective Lane nor Mayor Onunwor was a proper designation, and ordered the City to designate a witness who was competent to testify within thirty days.[17] The same day that this Court issued that order, the City designated former

---

[11] *See* Doc. 62.
[12] *Id.*
[13] *Id.*
[14] *See* Doc. 56-2.
[15] *Id.*
[16] *See* Doc. 70-1.
[17] *See* Doc. 75.

East Cleveland Law Director Helen Forbes Fields.[18] Ms. Forbes Fields is medically available to testify, and the City knows her location.[19]

The City, however, apparently never informed Ms. Forbes Fields that she would be the City's designated witness. After Plaintiffs subpoenaed Ms. Forbes Fields and scheduled her deposition in consultation with the City, Ms. Forbes Fields called Plaintiffs' attorneys. She told them that she (1) lacked any knowledge of the information Plaintiffs would depose her about, other than what she had previously stated in an affidavit, and (2) was unavailable at the time of her scheduled deposition.[20]

These facts make clear that the City never contacted Ms. Forbes Fields when scheduling her deposition with Plaintiffs, made no effort to prepare Ms. Forbes Fields, and seemingly did not contact her about serving as the designated witness. These lapses are especially troubling, because Federal Rule of Civil Procedure 30(b)(6) explicitly states that an organization must designate some person "who *consent*[s] to testify on its behalf."[21]

The City's repeated failure to designate an adequate 30(b)(6) witness is particularly perplexing because Rule 30(b)(6) has no personal knowledge requirement for the designated witness. Indeed, the plain text of the rule shows that the City could even designate any of its *current* "officers, directors, or managing agents," so long as the City adequately prepared that designee to testify.[22]

### 2. Sanctions

Plaintiffs seek Rule 37 sanctions against the City Defendants.

---

[18] *See* Doc. 103-1.
[19] *Id.*
[20] *See* Doc. 103-4.
[21] Fed. R. Civ. P. 30(b)(6) (emphasis added).
[22] *Id.*

Case No. 1:17-cv-377
Gwin, J.

Plaintiffs argue that the appropriate sanction is for the Court to deem two facts as established for the purposes of trial.[23] First, that the City intended to produce the Clifton Hudson homicide police file in 1998 until it received the June 24 letter signed by Defendants Naiman and Marino. Second, that there was no lawful or otherwise legitimate basis for the City to refuse to produce that file.

In addition or in the alternative, Plaintiffs ask the Court to restrain the City Defendants from arguing or introducing evidence at trial that (1) the City did not intend to produce the Clifton Hudson police file in 1998 until receiving the June 24 letter, and (2) that the City had a lawful or otherwise legitimate basis for failing to produce that file.[24]

The Court finds that the facts discussed above amount to "willfulness, bad faith, or fault" by the City, satisfying the first prong of the Sixth Circuit's test for sanctions.[25] Further, the second prong, prejudice to the opposing party, is also satisfied. Plaintiffs intend to argue at trial that the City had no policy or other good faith reason to deny the 1998 public records request; the City's failure to produce a 30(b)(6) witness will prejudice Plaintiffs' efforts.[26]

In light of the final two prongs of the Sixth Circuit's four-part test for sanctions,[27] however, the Court declines to issue Plaintiffs' requested sanctions at this time. Instead, the Court orders the City to produce a competent and prepared 30(b)(6) witness within seven (7) days of the date of this order. That witness will be deposed at Plaintiffs' convenience, prior to the close of discovery.

---

[23] *See* Fed. R. Civ. P. 37(b)(2)(A)(i).
[24] *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).
[25] *See* *Freeland*, 103 F.3d at 1277.
[26] *See id.*
[27] *Id.* (noting that when determining the appropriateness of sanctions the Sixth Circuit considers whether the Court warned the sanctioned party prior to issuing sanctions, and whether a district court first considered less drastic sanctions).

Case No. 1:17-cv-377
Gwin, J.

As a sanction, the City Defendants will pay the court reporter and transcript costs of this deposition. Additionally, the City Defendants will pay Plaintiffs' expenses and reasonable attorneys' fees incurred during the actual taking of this deposition.

If the City fails to comply with this order without showing good cause prior to their failure, the Court will impose Plaintiffs' requested Rule 37 sanctions. The Court will also consider awarding Plaintiffs' their reasonable attorneys' fees and expenses incurred in the process of litigating this Rule 30(b)(6) issue.

**B. The City Defendants' Motion to Strike Tamika Harris' Affidavit and the County Defendants' Motion to Compel**

The City Defendants ask this Court to strike Tamika Harris' 2004 affidavit because it is unsworn and unsigned. Upon review, however, that affidavit is both sworn and signed before a notary.[28] The Court **DENIES** this motion.

The County Defendants ask this Court to compel Plaintiffs to respond to their written discovery requests and to extend the discovery deadline. The County Defendants initially requested that Plaintiffs respond to their discovery requests by October 23, 2017 and they filed this motion to compel on October 25, 2017.

Plaintiffs responded to the County's requests on October 25 and October 26, 2017. The County's motion to compel is therefore moot, and this minimal delay does not warrant an extension of the discovery deadline.

The Court **DENIES** this motion to compel.

---

[28] *See* Doc. 79-22.

Case No. 1:17-cv-377
Gwin, J.

## IV. Conclusion

The Court **ORDERS** the City Defendants to produce a competent and prepared Rule 30(b)(6) witness within seven days of the date of this order. The Court also **ORDERS** the City Defendants to pay the court reporter and transcript costs of this deposition, as well as Plaintiffs' reasonable attorneys' fees incurred taking this deposition.

The Court **DENIES** without prejudice Plaintiffs' motion for further sanctions.

The Court **DENIES** the City Defendants' motion to strike Tamika Harris' affidavit. The Court **DENIES** the County Defendants' motion to compel.

IT IS SO ORDERED.

Dated: November 15, 2017              s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE