```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```

------------------------------------------------------

| | |
|---|---|
| DERRICK WHEATT, et al., : | CASE NO. 1:17-CV-377 |
| : | consolidated with |
| Plaintiffs, : | CASE NO. 1:17-CV-611 |
| : | |
| v. : | OPINION & ORDER |
| : | [Resolving Doc. No. 133] |
| CITY OF EAST CLEVELAND, et al., : | |
| : | |
| Defendants. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs seek to quash two subpoenas issued by Defendant City of East Cleveland and seek Rule 37[1] sanctions against that Defendant for failing to produce a witness prepared to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).[2]

For the reasons stated below, the Court **QUASHES** City of East Cleveland's subpoenas and **GRANTS** Plaintiffs' motion for sanctions.

## I. Background

On November 15, 2017, the Court ordered Defendant City of East Cleveland "to produce a competent and prepared 30(b)(6) witness within seven (7) days of the date of this order. That witness will be deposed *at Plaintiffs' convenience*, prior to the close of discovery."[3]

The Court further stated that:

> If the City fails to comply with this order without showing good cause prior to their failure, the Court will impose Plaintiffs' requested Rule 37 sanctions. The Court will also consider awarding Plaintiffs their reasonable attorneys' fees and expenses incurred in the process of litigating this Rule 30(b)(6) issue.[4]

---

[1] *See* Fed. R. Civ. P. 37(b)(2)(A)(i); Fed. R. Civ. P. 37(b)(2)(A)(ii).
[2] Doc. 133. Defendant City of East Cleveland opposes. Doc. 134.
[3] Doc. 128 at 6 (emphasis added).
[4] *Id.* at 7.

Case No. 1:17-cv-377
Gwin, J.

On November 22, 2017, seven days after the Court's previous order, Plaintiffs filed a motion seeking to quash two subpoenas issued by the City of East Cleveland and asking the Court to impose Plaintiffs' previously requested Rule 37 sanctions.[5] Plaintiffs argue, with supporting documentation,[6] that the City of East Cleveland defied the Court's order that the depositions were to be scheduled "at Plaintiffs' convenience,"[7] and scheduled its Rule 30(b)(6) depositions at a time that the City knew Plaintiffs' attorneys were unavailable.[8]

Plaintiffs provided East Cleveland with two dates they could depose the City's Rule 30(b)(6) designee, November 17 and November 24, 2017. After Plaintiffs provided those dates, the City unilaterally told Plaintiff that it would make its 30(b)(6) witness available on November 22, 2017, a date that Defendant knew Plaintiffs were unavailable.[9]

After the City scheduled the depositions, Plaintiffs' attorneys sent the City's attorney multiple emails and calls reminding the City of the Court's order, and seeking to rectify the City's mistake.[10] Plaintiffs' contacts went unanswered.[11]

---

[5] Doc. 133.
[6] *See* Docs. 133-1 – 133-5.
[7] Doc. 128 at 6.
[8] *See generally* Doc. 133.
[9] In its opposition, Defendant City of East Cleveland argues that: (1) its chosen court reporter was not available on Plaintiffs' dates; (2) that East Cleveland wanted to have the deposition at City Hall, but City Hall is closed on November 24, one of Plaintiffs' chosen dates; and (3) East Cleveland did not name its designee until November 17, and so it was too late for that date to work. *See* Doc. 134.
    None of these arguments have merit. There are other court reporting services. There are other buildings in or near the City of East Cleveland that are open on November 24. And, Plaintiffs informed the City of their November 17 availability on November 15, within hours of the Court issuing its previous order. Doc. 133-1. That East Cleveland was not prepared to name a designee at that time is not Plaintiffs' fault, and East Cleveland could still choose Plaintiffs' later available date. Beyond this, the City did not even attempt to work with Plaintiffs to reschedule, and so any logistical issues outside of the City's control do not excuse its recalcitrance.
[10] Doc. 133 at 2-4.
[11] *Id.*

## II. Discussion

The City of East Cleveland plainly disregarded the Court's November 15 order. That order was the third time that either Magistrate Judge Baughman or this Court ordered the City to perform its due diligence and produce a competent and prepared Rule 30(b)(6) witness.[12] The Court ordered the City to schedule the 30(b)(6) deposition at Plaintiffs' convenience because of these multiple previous egregious failures to name a 30(b)(6) witness.

Therefore, the City's current actions have fulfilled all of the Sixth Circuit's factors for imposing more drastic sanctions.[13] The Court previously found that the City's actions constituted "willfulness, bad faith, or fault," and that the City's actions would prejudice Plaintiffs at trial.[14]

The Court's November 15 order served as an explicit warning that further failure to cooperate would lead to further sanctions.[15] That order also declined to grant Plaintiffs' requested sanctions of deeming facts admitted at trial, instead opting for the lesser sanctions of allowing Plaintiffs to set the time of deposition and forcing the City to pay some costs.[16]

Because the City has failed to comply with the Court's order, the Court will **GRANT** all of Plaintiffs' requested Rule 37 sanctions. Specifically, the Court designates the following facts as established for the purposes of this case:

> (1) the City of East Cleveland intended to produce the Clifton Hudson homicide file in response to the 1998 public records request until East Cleveland received the June 24, 1998 letter from Naiman and Marino, and
> (2) there was no lawful or otherwise legitimate basis for the City of East Cleveland to refuse to produce the Clifton Hudson homicide file in response to the 1998 public records request.

---

[12] *See* Doc. 128 at 3-5.
[13] *See Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).
[14] Doc. 128 at 6.
[15] *Id.* at 6-7.
[16] *Id.*

Case No. 1:17-cv-377
Gwin, J.

At trial, the City cannot introduce evidence or argue that:

> (1) the City of East Cleveland did not intend to produce the Clifton Hudson homicide file in response to the 1998 public records request; or
> (2) that there was a lawful or otherwise legitimate basis for their failure to produce the Clifton Hudson homicide file in response to the 1998 public records request.

As the Court previously warned it would do,[17] the Court also **ORDERS** Defendant City of East Cleveland to pay Plaintiffs' costs and reasonable attorneys' fees stemming from litigating these motions for sanctions.[18]

### III. CONCLUSION

For the preceding reasons, the Court **GRANTS** Plaintiffs' requested Rule 37 sanctions. The Court **QUASHES** Defendant City of East Cleveland's November 22, 2017 subpoenas. The Court **ORDERS** Defendant City of East Cleveland to pay Plaintiffs' costs and reasonable attorneys' fees stemming from litigating Plaintiffs' motion for sanctions.

IT IS SO ORDERED.

Dated: November 27, 2017             s/ *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[17] Doc. 128 at 7.
[18] East Cleveland will pay the reasonable costs and attorneys' fees associated with Doc. 103, Doc. 114, and Doc. 133.