IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) | Judge James S. Gwin |
| CITY OF EAST CLEVELAND, et al. | ) ) | Magistrate Judge William |
| Defendants. | ) | H. Baughman, Jr. |

### PLAINTIFFS' RESPONSE TO DEFENDANTS CARMEN MARINO AND DEBORAH NAIMAN'S MOTION TO RECONSIDER OPINION AND ORDER IMPOSING SANCTIONS ON DEFENDANT CITY OF EAST CLEVELAND

Plaintiffs, Derrick Wheatt, Laurese Glover, and Eugene Johnson, through their respective counsel, hereby submit this Response in opposition to Defendants Carmen Marino and Deborah Naiman's Motion to Reconsider Opinion and Order Imposing Sanctions on Defendant City of East Cleveland [Dkt. 142].

### Factual Background

On June 24, 1998, Defendants Naiman and Marino sent a letter to the City of East Cleveland dictating to the City that it was prohibited by law from producing the investigation file sought by Plaintiffs and ordering the City to transport the entire file (originals and ostensibly all copies) to the Cuyahoga County Prosecutor's Office. All parties agree that the City was about to release the records to investigate the wrongful arrests, convictions, and imprisonment of Plaintiffs. Indeed, Defendant Naiman admitted at her deposition that Defendant Dunn told her that Mayor Onunwor was planning to release the file, and that she took action in order

1

to stop it. As a matter of law, the City had the absolute right to release the records as it saw fit, and Naiman and Marino took action without any legal authority and well outside of their jurisdiction as county prosecutors.

There is no serious dispute that the release of the documents in 1998 would have ended Plaintiffs' wrongful imprisonment 17 years earlier. The concealed police reports, finally revealed in 2013, are the very *Brady* materials that lead to Plaintiffs' freedom in 2015.

Plaintiffs are pursuing claims here against Defendants Naiman and Marino based on their unlawful denial of Plaintiffs' access to courts by unlawfully barring them from access to the very documents that ultimately led to their exoneration and release. In order to adequately pursue discovery on those claims, in July 2017, Plaintiffs sent a notice of deposition to the City of East Cleveland under Federal Rule of Civil Procedure 30(b)(6). The purpose of the notice of deposition was to develop evidence to support that the City would have lawfully and properly produced the documents, absent the unlawful intervention of Defendants Naiman and Marino.

As the Court is no doubt aware, the City repeatedly refused to produce a witness under Rule 30(b)(6) and subsequently violated the orders of this Court and Magistrate Judge Baughman. In the process, Plaintiffs filed two motions for sanctions. Dkts. 103 & 133. As early as October 9, 2017, Plaintiffs sought sanctions to remedy the harm caused by the City's unjustified refusal to produce a witness under Rule 30(b)(6) including findings of fact that:

> (1) the City of East Cleveland intended to produce the Clifton Hudson homicide file in response to the 1998 public records request until they received the June 24, 1998 letter from Naiman and Marino, and (2) there was no lawful or otherwise legitimate basis for the City of East Cleveland to refuse to produce the Clifton Hudson homicide file in response to the 1998 public records request.

Dkt. 103 at 7. In addition, Plaintiff sought an order barring the East Cleveland Defendants from arguing that:

> (1) the City of East Cleveland did not intend to produce the Clifton Hudson homicide file in response to the 1998 public records request; and (2) there was a lawful or otherwise legitimate basis for their failure to produce the Clifton Hudson homicide file in response to the 1998 public records request.

*Id.* Defendants Naiman and Marino admit that Plaintiffs' motion for sanctions requested this relief under Rule 37. *See* Dkt. 142 at 1-2. To be clear, these sanctions were not meant to do anything more than remedy Plaintiffs' harm in not having the ability to depose an East Cleveland witness under Rule 30(b)(6) about these very issues.

The East Cleveland Defendants filed responses to Plaintiffs' motions for sanctions, Dkts. 109 & 134, but Defendants Naiman and Marino remained silent through *two rounds of briefing* on Plaintiffs' motion for sanctions. On November 27, 2017, the Court granted Plaintiffs' motion for sanctions, including the requested evidentiary sanction. Dkt. 135 at 3-4.

### Legal Standard

"The Federal Rules do not describe motions to reconsider." Dkt. 60 at 1. The Sixth Circuit has treated such motions as motions under Rule 59(e) as a motion to alter or amend a judgment. *Id.* at 1-2 (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th

3

Cir. 1979)). As this Court has stated (in this very case), "[s]uch a motion is extraordinary and is seldom granted because it contravenes the goals of finality and repose." *Id.* at 2. Such motions "should be discouraged." *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994). "A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice." *Id.* (citing *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, *with due diligence*, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August*, 854 F. Supp. at 1408); *see also Sault Ste Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("parties should not use [motions for reconsideration] to raise arguments which could, and should, have been made before judgment issued.").

## Argument

### A. Defendants Naiman and Marino Waived Their Ability to Contest the Sanctions

Plaintiffs' requests for these very sanctions were pending before this Court for more than a month and a half while Defendants Naiman and Marino sat silently. Defendants claim that the Court's sanction order came out of "left field"

4

and "violates Due Process." Dkt. 142 at 7. Nothing could be further from the truth. Plaintiffs made it very clear from their first motion for sanctions filed on October 9, 2017 (Dkt. 103) exactly what they were requesting as an evidentiary sanction. Defendants Naiman and Marino were simply not paying attention or decided to sit on their hands. If they believed that they could be prejudiced or that it would be "unfair" for Plaintiffs' requested sanctions to be granted, they could have made objections at the time of the original two rounds of briefing.

Only after the Court ordered the sanctions did Defendants deign to present objections in the form of a request to reconsider. By failing to raise those arguments in advance of the Court's order, despite having ample time and incentive (according to Defendants) to do so, Defendants Naiman and Marino waived their ability to object to the entry of those sanctions. They did not exercise due diligence in raising their arguments during the Court's initial consideration of this issue. They had two chances to alert the Court to their objections, and they failed to do so. Defendants have not even bothered citing the relevant legal standard for a motion to reconsider, much less meeting their burden of showing why the Court should reconsider its order. Dkt. 142.

The Court can and should deny Defendants Marino and Naiman's motion on these grounds alone.

## B.   Plaintiffs Will Be Prejudiced Without the Evidentiary Sanctions

The Court's sanction order properly and narrowly remedies the harm caused to Plaintiffs by the East Cleveland Defendants' intransigence. Without the sanction

ordered by the Court, Plaintiffs would be forced to proceed to trial without the ability to obtain needed discovery to pursue their claims on the very issues that the sanction order addresses. In essence, the East Cleveland Defendants would be rewarded for not playing by the rules.

Plaintiffs sought the deposition under Rule 30(b)(6) because the East Cleveland Defendants have asserted in this litigation that the City's refusal to release the police file in 1998 was valid based on the City's policies and the law as it existed at the time. Plaintiffs sought a Rule 30(b)(6) witness who could testify about: Plaintiffs' 1998 public records request, the circumstances leading to Marino and Naiman's issuance of the letter to the City, the City's policies and procedures in effect in June 1998 relating to public records requests, and information as to why County prosecutor Naiman, who had zero connection to the Hudson murder investigation and criminal case, was sought out regarding the public records request.

To deny Plaintiffs the ability to develop that evidence without the sanction ordered by the Court would reward the East Cleveland Defendants for violating both the discovery rules and this Court's direct order. Such a result is untenable.

Moreover, this Court is well within its authority to order the sanction here—Rule 37 allows for exactly this type of sanction. Contrary to Defendant Naiman and Marino's contention, the evidentiary sanction is properly narrow—it applies only to the East Cleveland Defendants. The Court has not narrowed the County Defendants' ability to argue that they acted properly in sending the letter ordering

6

East Cleveland officials not to produce the investigation file. Even if it had, Rule 37 does not bar sanctions when those might adversely impact other parties to the litigation. Nor have Defendants Naiman and Marino offered any such authority for that proposition, preferring instead to simply argue that it is "clear." Dkt. 142 at 4.

In short, the Court's narrow sanction order is well within its power and will prevent Plaintiffs from being prejudiced by the East Cleveland Defendants' blatant violations of the Court's rules and orders.

### C. Defendants Naiman and Marino Will Not Be Unfairly Prejudiced by the Evidentiary Sanctions

Conversely, Defendants Naiman and Marino will not be unfairly prejudiced by the Court's evidentiary sanctions. First, the Court has already ruled in its summary judgment order that there was no lawful basis for Defendants Naiman and Marino to threaten East Cleveland officials that producing the file was unlawful. Dkt. 124 at 12-13.

Second, the impact of the sanction on Defendants Naiman and Marino is nonexistent. It is undisputed that the City owned the file and had the right to release it in response to a public records request. There are two instances of public records requests to the City for the file in this case: one in 1998 and one in 2013. It is undisputed that in 2013, the file was released as a matter of course, without any objection or litigation or reference to *State ex rel. Steckman v. Jackson*, 639 N.E.2d 83 (1994). In 1998, the City was going to do the very same thing, except that Defendants Naiman and Marino intervened. The only difference between what occurred in 1998 and what occurred in 2013 is that Naiman and Marino did not

7

intervene in 2013. Thus, there is no prejudice to Defendants Naiman and Marino because the evidentiary sanction does not do anything that the evidence in this case is not already going to show.

## Conclusion

This Court properly entered sanctions against the East Cleveland Defendants for failing to comply with the Court's Rules and Orders. That sanction order prevents the East Cleveland Defendants from profiting from their intransigence by entering factual findings and barring arguments on the very subjects that Plaintiffs were seeking discovery under Federal Rule of Civil Procedure 30(b)(6). Conversely, the sanctions order presents limited prejudice to Defendants Naiman and Marino since it does not prevent them from putting on evidence about their own activities relating to the continued concealment of exculpatory evidence from Plaintiffs. Finally, and perhaps most importantly, Defendants Naiman and Marino's objections to the sanctions are made far too late. They waited for more than a month and a half to present any argument to the Court and did so only after the Court issued its order. Therefore, they waived the ability to object.

Respectfully submitted,
s/ Elizabeth Wang

| | |
|---|---|
| Elizabeth Wang | Mark Loevy-Reyes |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 2060 Broadway, Ste. 460 | 311 Aberdeen St., 3rd Fl. |
| Boulder, CO 80302 | Chicago, IL 60607 |
| O: (720) 328-5642 | O: (312) 243-5900 |
| elizabethw@loevy.com | mark@loevy.com |

*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

8

| | |
|---|---|
| s/ Michael B. Pasternak | Brett Murner |
| Michael B. Pasternak | 208 North Main Street |
| Park Center II, Suite 411 | Wellington, OH 44090 |
| 3681 South Green Road | O: (440) 647-9505 |
| Beachwood, OH 44122 | bmurner@yahoo.com |
| O: (216) 360-8500 | |
| Mpasternak1@msn.com | |
| *Counsel for Plaintiff Eugene Johnson* | |

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on November 30, 2017, I served via CM/ECF the foregoing Response.

s/ Elizabeth Wang
Attorney for Plaintiffs Wheatt and Glover

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

s/ Elizabeth Wang

9