IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | |
| | ) | Judge James S. Gwin |
| CITY OF EAST CLEVELAND, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS
AND PROPOSED VERDICT FORM**

Mark Loevy-Reyes
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
mark@loevy.com
*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

Michael B. Pasternak
Park Center II, Suite 411
3681 South Green Road
Beachwood, OH  44122
O: (216) 360-8500
Mpasternak1@msn.com
*Counsel for Plaintiff Eugene Johnson*

Brett Murner
208 North Main Street
Wellington, OH  44090
O: (440) 647-9505
bmurner@yahoo.com

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the specific laws that govern this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**Source:** 6th Cir. Pattern Instruction 1.01 (modified)[1]

**Plaintiffs' Requested Instruction No. 1**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

---

[1] Because the Sixth Circuit only has pattern instructions for criminal cases, Plaintiffs propose instructions based on Supreme Court and Sixth Circuit case law and pattern instructions from other courts of appeals, including courts with pattern instructions for Section 1983 cases. Those pattern instructions are available at: Seventh Circuit Civil Pattern Jury Instructions: http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf; Ninth Circuit Civil Pattern Jury Instructions: http://www3.ce9.uscourts.gov/jury-instructions/model-civil; Third Circuit Civil Pattern Jury Instructions: http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiffs have proven any of the Defendants liable by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

[The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.]

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Source:** 6th Cir. Pattern Instruction 1.02 (modified)

**Plaintiffs' Requested Instruction No. 2**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case Defendants Michael Perry, Vincent Johnstone, David Miklovich, Patricia Lane, Charles Teel, Terrence Dunn were police officers. Defendants Deborah Naiman and Carmen Marino were prosecutors. Plaintiffs Derrick Wheatt, Laurese Glover, and Eugene Johnson are private citizens. All parties are equal before the law. Defendants and Plaintiffs are entitled to the same fair consideration.


**Source:** 7th Cir. Pattern Jury Instruction 1.03 (modified)


**Plaintiffs' Requested Instruction No. 3**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

4

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Source:** 7th Cir. Pattern Instruction 1.02

**Plaintiffs' Requested Instruction No. 4**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Source:** 6th Cir. Pattern Instruction 1.04 (modified); 7th Cir. Pattern Instruction 1.04, 1.06 (modified)

**Plaintiffs' Requested Instruction No. 5**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

6

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Source:** 6th Cir. Pattern Instruction 1.05

**Plaintiffs' Requested Instruction No. 6**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Source:** 6th Cir. Pattern Instruction 1.06

**Plaintiffs' Requested Instruction No. 7**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the plaintiffs or the defendants, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it

deserves.

**Source:** 6th Cir. Pattern Instruction 1.07

**Plaintiffs' Requested Instruction No. 8**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## PRIOR INCONSISTENT STATEMENTS

You may consider the statements approved by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Source:** 7th Cir. Pattern Jury Instruction 1.14

**Plaintiffs' Requested Instruction No. 9**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

11

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of prior sworn testimony and by video. You should give this testimony the same consideration you would have given it had the witnesses appeared and testified here in court.

**Source**: 7th Cir. Pattern Instruction 1.05 (modified)

**Plaintiffs' Requested Instruction No. 10**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.


**Source:** 7th Cir. Pattern Jury Instruction 1.16


**Plaintiffs' Requested Instruction No. 11**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**Source:** 6th Cir. Pattern Instruction 1.08

**Plaintiffs' Requested Instruction No. 12**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

14

## JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**Source:** 6th Cir. Pattern Instruction 8.10

**Plaintiffs' Requested Instruction No. 13**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Source:** 7th Cir. Pattern Instruction 1.08

**Plaintiffs' Requested Instruction No. 14**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Source:** 7th Cir. Pattern Instruction 1.18

**Plaintiffs' Requested Instruction No. 15**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Source:** 7th Cir. Pattern Jury Instruction 1.24

**Plaintiffs' Requested Instruction No. 16**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims alleged in this case.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**Source:** 6th Cir. Pattern Jury Instruction No. 1.09

**Plaintiffs' Requested Instruction No. 17**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Source:** 7th Cir. Pattern Instruction 1.27

**Plaintiffs' Requested Instruction No. 18**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## JUDICIAL NOTICE

I have decided to accept as proved the following facts:

[*insert facts*]

You must now treat these facts as having been proved for the purpose of this case.

**Source:** 7th Cir. Pattern Jury Instruction No. 2.06 (modified)

**Plaintiffs' Requested Instruction No. 19**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## STIPULATIONS OF FACT

The parties have stipulated, or agreed, that [*insert stipulations of fact*]. You must now treat this fact as having been proved for the purpose of this case.


**Source:** 7th Cir. Pattern Jury Instruction No. 2.05


**Plaintiffs' Requested Instruction No. 20**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## PREFATORY INSTRUCTION TO THE CLAIMS

In this case, Plaintiffs Laurese Glover, Eugene Johnson, and Derrick Wheatt allege that damages were sustained as a result of a deprivation under color of state law of their right to due process, and of their right to be free of continued unreasonable seizure, which are secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and a federal statute protecting the civil rights of all persons in the United States.

Section 1983 of Title 42 of the United States Code provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. More simply, Section 1983 allows people to sue officers of state governments for relief if those officers, while acting in an official capacity, violate a person's constitutional rights.

To establish a claim under Section 1983, the Plaintiffs must show that each of the Defendants—and when I say each of the Defendants, they are to be considered separately on this—acted intentionally or recklessly. If you find that the acts of the Defendants were merely negligent, then even if you find the Plaintiff was harmed as a result of those acts, you must return a verdict for the Defendants.

To establish a claim against Defendants Perry, Johnstone, Miklovich, Teel, Lane, Dunn, Naiman, or Marino under Section 1983 for the violation of their right to due process and a fundamentally fair trial, the Plaintiffs must establish by a preponderance of the evidence each of the following elements:

First, that the Defendants' conduct deprived the Plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States; and second, that the Defendants' acts were the proximate cause of the injuries and damages sustained by the Plaintiffs.

The Plaintiffs have the burden of proving each and every element of their claims by a preponderance of the evidence. If you find that the Plaintiffs have not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the Defendants.

**Source:** *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the Jury, Dkt. 138 at 78[2] (excerpt of transcript attached as Ex. 1) (modified).

**Plaintiffs' Requested Instruction No. 21**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

---

[2] This page number refers to the page numbering of the docket number at the top of the page.

## DUE PROCESS: SUGGESTIVE IDENTIFICATION

Plaintiffs claim that Defendants Perry, Johnstone, and Miklovich violated their constitutional right to due process of law by using suggestive identification procedures.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove the following by a preponderance of the evidence:

      1.      the identification procedure used was unnecessarily suggestive; and

      2.      the witness's identification was not reliable.

In order to determine whether a witness's identification was reliable, you must consider the totality of the circumstances, including, but not limited to:

      1.      the opportunity of the witness to view Plaintiffs at the initial observation;

      2.      the witness's degree of attention;

      3.      the accuracy of the witness's prior description of the Plaintiffs;

      4.      the level of certainty shown by the witness at the pretrial identification; and

      5.      the length of time between the initial observation and the identification.

These factors must be weighed against any corrupting effect of the suggestive identification. You may also consider other factors, such as whether the witness and Plaintiffs were strangers and the witness's age.

**Source:** *Gregory v. City of Louisville*, 444 F.3d 725, 745-46 (6th Cir. 2006); *Haliym v. Mitchell*, 492 F.3d 680, 704, 706-07 (6th Cir. 2007); *Howard v. Bouchard*, 405 F.3d 459, 469-70, 472 (6th Cir. 2005); *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972); *Stovall v. Denno*, 388 U.S. 293, 302 (1967); *Manson v. Brathwaite*, 432 U.S. 98, 112 (1975); *United States v. Wade*, 388 U.S. 218, 228 (1967).

**Plaintiffs' Requested Instruction No. 22**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## DUE PROCESS: FABRICATION OF EVIDENCE

Plaintiffs claim that Defendants Perry, Johnstone, and Miklovich violated their constitutional right to due process of law by fabricating evidence against them.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove by a preponderance of the evidence that the Defendant knowingly fabricated or participated in the fabrication of evidence.

If you find that one or more of the Defendants fabricated evidence or participated in fabricating evidence, you must consider whether that action violated Plaintiffs' right to due process.

Plaintiffs' right to due process was violated if there is a reasonable likelihood that the false evidence would have affected the outcome of the criminal proceedings.

It is not necessary that Plaintiffs prove that they would have been acquitted; it is enough that the fabricated evidence, taken together, undermines confidence either in the original verdict or in the course of the criminal proceedings.


**Source:** *Gregory v. City of Louisville*, 444 F.3d 725, 737, 740-41 (6th Cir. 2006); *Spurlock v. Satterfield*, 167 F.3d 995, 998-99, 1005-06 (6th Cir. 1999); *Webb v. United States*, 789 F.3d 647, 667-70 (6th Cir. 2015).


**Plaintiffs' Requested Instruction No. 23**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## DUE PROCESS: SUPPRESSION OF EVIDENCE

Plaintiffs claim that Defendants Perry, Johnstone, Miklovich, Lane, and Teel violated their constitutional right to due process of law by suppressing, withholding, or concealing evidence.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove by a preponderance of the evidence that the Defendant suppressed, withheld, or concealed evidence favorable to the Plaintiffs.

Law enforcement officers are required to disclose evidence favorable to the Plaintiffs to the Plaintiffs, their defense attorneys, or the prosecutor.

If you find that the Defendants withheld, suppressed, or concealed evidence, you must consider whether that action violated the Plaintiffs' right to a fair trial.

Plaintiffs' right to a fair trial was violated if there was a reasonable probability that the result of their criminal proceeding would have been different if the withheld, suppressed, or concealed evidence had been disclosed.

It is not necessary that Plaintiffs prove that they would have been acquitted. It is enough that the withheld, suppressed, or concealed evidence, taken together, undermines confidence in the original verdict.

**Source:** *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 682 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Moldowan v. City of Warren*, 578 F.3d 351, 379-81 (6th Cir. 2009); *see also* Seventh Circuit Proposed 1983 Jury Instructions 7.14; *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the Jury, Dkt. 138 at 79 (transcript attached as Ex. 1) (modified).

**Plaintiffs' Requested Instruction No. 24**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## FOURTH AMENDMENT: CONTINUED DETENTION
## WITHOUT PROBABLE CAUSE (FEDERAL MALICIOUS PROSECUTION)

Plaintiffs claim that Defendants Perry, Johnstone, Miklovich, Lane, and Teel caused their continued detention and prosecution without probable cause, in violation of their rights under the Fourth Amendment of the U.S. Constitution.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove the following things by a preponderance of the evidence:

1.    a criminal proceeding was initiated against the Plaintiff, and the Defendant made, influenced, or participated in the decision to detain or prosecute the Plaintiff;

2.    there was no probable cause for the criminal proceeding;

3.    as a consequence of the criminal proceeding, the Plaintiff suffered a deprivation of liberty; and

4.    the criminal proceeding was resolved in the Plaintiff's favor.

To show that a Defendant was involved in the decision to prosecute, the Plaintiff must show that the Defendant either stated a deliberate falsehood or showed reckless disregard for the truth, and that the allegedly false or omitted information was material to the finding of probable cause. An officer can "influence" a prosecution decision even if the officer never directly speaks with the prosecutor regarding the case. "Influence" over the prosecution is satisfied where the officer's investigatory materials contained "knowing misstatements," upon which the prosecutor relied in filing criminal charges or continuing a criminal prosecution.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to the Defendant would warrant a reasonably prudent person in believing that the Plaintiff had committed the crime of murder. An individual's mere presence at a crime scene does not constitute probable cause.

Plaintiffs do not need to prove that the Defendant acted with malicious intent.

In this case, I instruct you that the third and fourth elements of the claim have been proven. The Plaintiffs suffered a deprivation of liberty, and the criminal proceedings were resolved in their favor.

[If Defendants dispute the fourth element, Plaintiffs then propose the following additional language:

A criminal proceeding has been resolved in the Plaintiff's favor when the criminal charges against the Plaintiff were dismissed without prejudice.]

27

**Source:** *Mills v. Barnard*, 869 F.3d 473, 479-80 (6th Cir. 2017); *Miller v. Maddox*, 866 F.3d 386, 390-91 (6th Cir. 2017); *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015); *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); *Sykes v. Anderson*, 625 F.3d 294, 309-10, 314-17 (6th Cir. 2010); *Harris v. Bornhorst*, 513 F.3d 503, 515 (6th Cir. 2008); *Linetsky v. City of Solon*, 1:15-CV-52, 2016 WL 689276, at *13 (N.D. Ohio Nov. 23, 2016) (Gwin, J.) (holding that plaintiff's criminal prosecution was terminated in his favor where the charges were dismissed without prejudice); Dkt. 40 (Opinion and Order resolving East Cleveland Defendants' Motion to Dismiss) at 12; *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the jury, Dkt. 138 at 81 (transcript attached as Ex. 1).

**Plaintiffs' Requested Instruction No. 25**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## FEDERAL LAW: DENIAL OF ACCESS TO COURTS

Plaintiffs claim that Defendants Naiman, Marino, and Dunn denied them access to courts in violation of their constitutional rights.

Let me explain the concept of "access to courts" in a bit more detail. The Constitution gives us the right to go to court when we have disputes with others. People who are in prison also have a right of "access to courts." The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. A Defendant denies access to courts when he or she creates a barrier that impedes the prisoner's right of access to the courts.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove the following things by a preponderance of the evidence:

1.    Defendant's conduct hindered Plaintiff's efforts to pursue a legal claim;

2.    The case which Plaintiff wanted to bring to court was not frivolous. A claim is frivolous if it is so trivial that there is no chance it would succeed in court or be settled out of court after it was filed;

3.    Substantial prejudice to Plaintiff's legal claim that cannot be remedied by the state court; and

4.    A request for relief which the Plaintiff would have sought on the underlying claim and is now otherwise unattainable.

I instruct you the second element of this claim has been proven. The case which Plaintiffs wanted to bring to court was not frivolous.

I further instruct you that: Plaintiffs have proven the third element, if they prove that they sought post-conviction relief for years but were only successful after the police file at issue was disclosed.

Plaintiffs have proven the fourth element, if they prove that they cannot regain the additional time they spent in prison as a result of the denial of the police file in 1998.

**Source:** Dkt. 124 at 19-22; *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002); *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997); *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013); 7th Cir. Pattern Jury Instruction Nos. 8.01 & 8.02 (modified).

**Plaintiffs' Requested Instruction No. 26**

_____ Approved

_____ Rejected
_____ Objected to
_____ Withdrawn

**OHIO LAW RELATING TO POWERS OF PROSECUTORS, RECORDS RETENTION, AND PUBLIC RECORDS**

I instruct you that under Ohio law, the powers of a county prosecutor are limited. Deborah Naiman and Carmen Marino did not have the authority under Ohio law to be legal advisers for the City of East Cleveland.

In 1998, it would not have been a willful violation of the law for a city to produce a police homicide file in response to a public records request.

In 1998, Ohio law required the City of East Cleveland to keep the original Clifton Hudson police homicide file, and the City was required not to remove, destroy, mutilate, transfer, or otherwise damage or dispose of the file, in whole or in part.

**Source:** O.R.C. § 149.351(A); O.R.C. §§ 308.08(A), 308.09(A); Dkt. 124 at 13-14.

**Plaintiffs' Requested Instruction No. 27**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## FEDERAL LAW: FAILURE TO INTERVENE

Plaintiffs claim that Defendants Perry, Johnstone, Miklovich, Lane, Teel, and Dunn violated their constitutional rights by failing to intervene to stop harm caused by others.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove the following things by a preponderance of the evidence:

1.      Plaintiff's constitutional rights were violated;

2.      the Defendant you are considering knew that the Plaintiff's constitutional rights were being or were about to be violated;

3.      that Defendant had a realistic opportunity to do something to prevent harm from occurring;

4.      that Defendant failed to take reasonable steps to prevent harm from occurring; and

5.      that Defendant's failure to act caused damage to Plaintiff.


**Source:** 7th Cir. Pattern Jury Instruction No. 7.22


**Plaintiffs' Requested Instruction No. 28**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

32

## FEDERAL LAW: CONSPIRACY

Plaintiffs claim that two or more of the Defendants conspired to deprive him of his rights under the U.S. Constitution.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1.  the Defendant you are considering and one or more other people shared an agreement to deprive Plaintiff of his constitutional rights;

2.  the Defendant you are considering committed an overt act in furtherance of the conspiracy; and

3.  as a result of the agreement, Plaintiff's constitutional rights were violated.

The agreement can be proved by circumstantial evidence. It is not necessary that the agreement be explicit. Nor is it necessary that each of the people involved knew all the details of the plan or all of the participants involved. Express agreement among all conspirators is not necessary to find the existence of a conspiracy.

**Source:** *Webb v. United States*, 789 F.3d 647, 670-71 (6th Cir. 2015); *Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016); *Libertarian Party of Ohio v. Husted*, 831 F.3d 382, 397 (6th Cir. 2016), *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012); *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

**Plaintiffs' Requested Instruction No. 29**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

33

## OHIO LAW: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs claim that Defendants Perry, Johnstone, Miklovich, Lane, Teel and Dunn intentionally inflicted emotional distress upon them in violation of Ohio law.

To succeed on their claims as to the particular Defendant you are considering, Plaintiffs must prove the following by a preponderance of the evidence:

1.  that the Defendant intended to cause, or knew or should have known that his or her actions would result in serious emotional distress;

2.  that the Defendant's conduct was extreme and outrageous;

3.  that the Defendant's conduct was the proximate cause of Plaintiff's injury;

4.  that the mental anguish suffered by Plaintiff is serious.

**Source:** *Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio App. Ct. 1983); *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 433 (6th Cir. 2012) (quoting *Burkes v. Stidham*, 668 N.E.2d 982, 989 (Ohio Ct. App. 1995); *Spence v. Donahoe*, 2013 WL 628524, *12 (6th Cir. 2013).

**Plaintiffs' Requested Instruction No. 30**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## PROXIMATE CAUSE

Plaintiffs must prove that the actions of the Defendant you are considering were a proximate cause of the injury or damage they suffered. An injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or the omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiffs, and that Plaintiffs' injury or damage was either a direct result or a reasonably foreseeable or probable consequence of the act or omission.

When a Defendant initiates a chain of events, that Defendant will be liable for the result of that chain of events if that result was a reasonably foreseeable consequence of his or her act or omission.

**Source:** *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 609 (6th Cir. 2007); *Malley v. Briggs*, 475 U.S. 335, 345 n.7 (1986); *Paige v. Coyner*, 614 F.3d 273, 280 (6th Cir. 2010); *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012); *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the jury, Dkt. 138 at 82 (excerpt attached as Ex. 1) (modified); *see also Suzik v. Sea-Land Corp.*, 89 F.3d 345, 348 (7th Cir. 1996) (cited in *Sheets v. Mullins*, 287 F.3d 581, 592 (6th Cir. 2002) (Cole, J., concurring)).

**Plaintiffs' Requested Instruction No. 31**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## OHIO LAW: MALICIOUS PROSECUTION

In this case, Plaintiffs claim that Defendants Perry, Johnstone, Miklovich, Lane, Teel and Dunn maliciously prosecuted them in violation of Ohio law.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove the following by a preponderance of the evidence:

1.    the Defendant instituted or continued the criminal proceeding against the Plaintiff with malice;

2.    there was no probable cause for the criminal proceeding; and

3.    the criminal proceeding was resolved in the Plaintiff's favor; this can be found when there is the formal abandonment of the proceedings by the public prosecutor.

I will now define some of the terms I have just used.

"Malice" means that the prosecution was instituted or continued for an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice. Malice may be inferred from the lack of probable cause.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to the Defendant would warrant a reasonably prudent person in believing that the Plaintiff had committed the crime of murder. An individual's mere presence at a crime scene does not constitute probable cause.

In this case, I instruct you that the third element of the claim has been proven. The criminal proceedings were resolved in Plaintiffs' favor.

[If Defendants dispute the third element, Plaintiffs then propose the following additional language:

A criminal proceeding has been resolved in the Plaintiff's favor when the criminal charges against the Plaintiff were dismissed without prejudice.]

**Source:** *Froehlich v. Ohio Dep't of Mental Health*, 871 N.E.2d 1159, 1162 (Ohio 2007); 1 CV Ohio Jury Instructions 439.03 (modified)

**Plaintiffs' Requested Instruction No. 32**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

36

## OHIO LAW: CONSPIRACY

Plaintiffs claim that Defendants Perry, Johnstone, Miklovich, Dunn, Lane, and Teel injured them by participating in a civil conspiracy.

To succeed on this claim as to the particular Defendant that you are considering, Plaintiffs must prove the following by a preponderance of the evidence:

The Defendant participated in a malicious combination involving two or more persons, a result of which was the commission of a wrongful act that caused damage.

"Malicious combination" means a common understanding or design, whether spoken or unspoken, entered into with malice by two or more persons to commit a wrongful act. It does not require a showing of an express agreement. It is sufficient that the participants, in any manner, reached a mutual understanding to commit a wrongful act. A meeting of the participants is not necessary.

"Malice" is that state of mind under which a person does a wrongful act intentionally, without a reasonable or lawful excuse, which causes injury.


**Source:** 1 CV Ohio Jury Instructions 443.01; *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998)


**Plaintiffs' Requested Instruction No. 33**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

37

## DAMAGES

Plaintiffs are requesting compensatory damages and punitive damages.

If you find in favor of a Plaintiff against one or more of the Defendants on one or more of the Plaintiff's claims, then you will go on to consider the question of damages for that Plaintiff.

If you find in favor of all of the Defendants on all of the Plaintiff's claims, then you will not consider the question of damages for that Plaintiff.

**Source:** 7th Cir. Pattern Jury Instruction 7.23 (modified); 9th Cir. Pattern Jury Instruction 5.1 (modified).

**Plaintiffs' Requested Instruction No. 34**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## COMPENSATORY DAMAGES

You are to determine the amount of money that will fairly compensate the Plaintiffs for any injury that you find they sustained as a direct result of the Defendants' wrongful conduct. This is called "compensatory damages."

Damages mean an amount of money that will reasonably and fairly compensate the Plaintiffs for the deprivation of civil rights, malicious prosecution, conspiracy, or intentional infliction of emotional distress proximately caused by the Defendants.

The Plaintiffs must prove their damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental and emotional aspects of injury, even if they are not easy to measure.

You should consider only the following types of compensatory damages:

Any physical, mental, or emotional pain and suffering and loss of a normal life that the Plaintiffs have experienced and are likely to experience in the future. No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiffs for any injury they have sustained.

**Source:** *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986) (observing that "out-of-pocket loss and other monetary harms [and] impairment of reputation …, personal humiliation, and mental anguish and suffering" were types of injuries for which compensatory damages may be recovered pursuant to Section 1983"); 7th Cir. Pattern Instruction 7.23 (modified); 9th Cir. Pattern Jury Instruction No. 5.2 (modified); 3d Cir. Proposed 1983 Instruction No. 3.8.1 (modified).

**Plaintiffs' Requested Instruction No. 35**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## PUNITIVE DAMAGES

In addition to compensatory damages, you may assess punitive damages against any individual Defendant (i.e., Defendants Perry, Johnstone, Miklovich, Lane, Teel, Dunn, Naiman or Marino) that you find liable.

The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

The Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on the Plaintiff;

- the relationship between the Plaintiff and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**Source:** 7th Cir. Pattern Instruction 7.24

**Plaintiffs' Requested Instruction No. 36**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## DELIBERATIONS

The verdict must represent the considered judgment of each juror. In order to return a verdict, it's necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without disregard to your individual judgment. You must each decide the case for yourself, but only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinions if convinced that it had been erroneous. But do not surrender your honest convictions as to the weight or the effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisans, you are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Now, remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your independent recollection of the evidence or the lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of this case.

Now, upon retiring to the jury room you will select one of your number to serve as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

During the trial, several items were received into evidence as exhibits. We do have a computer system in the deliberation room that enables you to view exhibits electronically. You'll get some instructions on that when you go to begin your deliberations.

**Source:** *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the jury (excerpt attached as Ex. 1), Dkt. 138 at 88.

**Plaintiffs' Requested Instruction No. 37**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**Source:** 6th Cir. Pattern Instruction 8.02

**Plaintiffs' Requested Instruction No. 38**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

42

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

For each claim, if you decide that the particular Plaintiff has proved his claim against the particular Defendant, say so by having your foreperson mark the appropriate place on the form. If you decide that the particular Plaintiff has not proved his claim against the particular Defendant, say so by having your foreperson mark the appropriate place on the form.

Each of you should then sign the form, put the date on it, and return it to me.

**Source:** 6th Cir. Pattern Jury Instruction 8.06 (modified).

**Plaintiffs' Requested Instruction No. 39**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claim against Deborah Naiman** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Naiman violated Plaintiff's right to access to courts, and that Defendant

Naiman's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of

December, 2017.


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____
                                        FOREPERSON

44

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) | **VERDICT** |
| CITY OF EAST CLEVELAND, et al. | ) ) | **Federal § 1983 Claim against Carmen Marino** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Marino violated Plaintiff's right to access to courts, and that Defendant

Marino's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____
                                        FOREPERSON

45

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claim against Deborah** |
| | ) | **Naiman** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Naiman violated Plaintiff's right to access to courts, and that Defendant

Naiman's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.


_____     _____


_____     _____


_____     _____


_____     _____


_____     _____


_____     _____
                                                                  FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) | **VERDICT** |
| CITY OF EAST CLEVELAND, et al. | ) ) | **Federal § 1983 Claim against Carmen Marino** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Marino violated Plaintiff's right to access to courts, and that Defendant

Marino's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____
                                            FOREPERSON


47

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claim against Deborah** |
| | ) | **Naiman** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Naiman violated Plaintiff's right to access to courts, and that Defendant

Naiman's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

DERRICK WHEATT and LAURESE  )
GLOVER,                      )
                            )       No. 1:17-CV-377 &
          Plaintiffs         )       No. 1:17-CV-611 (consolidated)
                            )
     v.                      )       **VERDICT**
                            )
CITY OF EAST CLEVELAND, et al.  )    **Federal § 1983 Claim against Carmen**
                            )        **Marino**
          Defendants.        )

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Marino violated Plaintiff's right to access to courts, and that Defendant

Marino's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                        FOREPERSON

49

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Michael** |
| | ) | **Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Perry violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Michael** |
| | ) | **Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Perry violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____           _____

_____           _____

_____           _____

_____           _____

_____           _____

_____           _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Michael** |
| | ) | **Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Perry violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                        FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Vincent** |
| | ) | **Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Johnstone violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Johnstone's actions proximately caused Plaintiff's

injuries.

        Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of

December, 2017.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                                      FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Vincent** |
| | ) | **Johnstone** |
| Defendants. | ) | |

 JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Johnstone violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Johnstone's actions proximately caused Plaintiff's

injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Vincent** |
| | ) | **Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Johnstone violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Johnstone's actions proximately caused Plaintiff's

injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against David** |
| | ) | **Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Miklovich violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Miklovich's actions proximately caused Plaintiff's

injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                                                                    FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

DERRICK WHEATT and LAURESE GLOVER,                )
                                                  )
                                                  )       No. 1:17-CV-377 &
            Plaintiffs                            )       No. 1:17-CV-611 (consolidated)
                                                  )
      v.                                          )       **VERDICT**
                                                  )
CITY OF EAST CLEVELAND, et al.                    )       **Federal § 1983 Claims against David**
                                                  )       **Miklovich**
            Defendants.                           )

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Miklovich violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Miklovich's actions proximately caused Plaintiff's

injuries.

      Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against David** |
| | ) | **Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Miklovich violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Miklovich's actions proximately caused Plaintiff's

injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____
                                        FOREPERSON

58

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claim against Terrence** |
| | ) | **Dunn** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Dunn violated Plaintiff's right to access to courts, and that Defendant

Dunn's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____
                                         FOREPERSON

59

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claim against Terrence** |
| | ) | **Dunn** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Dunn violated Plaintiff's right to access to courts, and that Defendant

Dunn's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

60

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claim against Terrence** |
| | ) | **Dunn** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Dunn violated Plaintiff's right to access to courts, and that Defendant

Dunn's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____
                                                    FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Patricia** |
| | ) | **Lane** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Lane violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Lane's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         FOREPERSON

62

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

DERRICK WHEATT and LAURESE              )
GLOVER,                                 )
                                        )      No. 1:17-CV-377 &
              Plaintiffs                )      No. 1:17-CV-611 (consolidated)
                                        )
       v.                               )      **VERDICT**
                                        )
CITY OF EAST CLEVELAND, et al.          )      **Federal § 1983 Claims against Patricia**
                                        )      **Lane**
              Defendants.               )

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Lane violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Lane's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                               FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

|  |  |  |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Patricia** |
| | ) | **Lane** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Lane violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Lane's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Charles** |
| | ) | **Teel** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Teel violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

DERRICK WHEATT and LAURESE          )
GLOVER,                              )
                                    )        No. 1:17-CV-377 &
          Plaintiffs                )        No. 1:17-CV-611 (consolidated)
                                    )
     v.                             )        **VERDICT**
                                    )
CITY OF EAST CLEVELAND, et al.      )        **Federal § 1983 Claims against Charles**
                                    )        **Teel**
          Defendants.               )

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Teel violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Federal § 1983 Claims against Charles** |
| | ) | **Teel** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Teel violated Plaintiff's due process rights, caused his continued

detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

                                                    FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Patricia** |
| | ) | **Lane** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Lane intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Lane's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                            FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) | **VERDICT** |
| CITY OF EAST CLEVELAND, et al. | ) ) | **Ohio State Law Claims against Patricia Lane** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Lane intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Lane's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

69

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

DERRICK WHEATT and LAURESE GLOVER, )
     )
     ) No. 1:17-CV-377 &
   Plaintiffs ) No. 1:17-CV-611 (consolidated)
     )
  v.   ) **VERDICT**
     )
CITY OF EAST CLEVELAND, et al. ) **Ohio State Law Claims against Patricia**
     ) **Lane**
   Defendants. )

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Lane intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Lane's actions proximately caused

Plaintiff's injuries.

  Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____
           FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Charles** |
| | ) | **Teel** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Teel intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Teel's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Charles** |
| | ) | **Teel** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Teel intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Teel's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         FOREPERSON

72

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

DERRICK WHEATT and LAURESE
GLOVER,

          Plaintiffs

      v.

CITY OF EAST CLEVELAND, et al.

          Defendants.

)
)
)
)
)
)
)
)
)
)

No. 1:17-CV-377 &
No. 1:17-CV-611 (consolidated)

**VERDICT**

**Ohio State Law Claims against Charles
Teel**

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Teel intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Teel's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

                                               FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Michael** |
| | ) | **Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Perry intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Perry's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                        FOREPERSON

74

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Michael** |
| | ) | **Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Perry intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Perry's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         FOREPERSON

75

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Michael** |
| | ) | **Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Perry intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Perry's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

                                         FOREPERSON

76

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Vincent** |
| | ) | **Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Johnstone intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Johnstone's actions proximately

caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Vincent** |
| | ) | **Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Johnstone intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Johnstone's actions proximately

caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

78

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against Vincent** |
| | ) | **Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Johnstone intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Johnstone's actions proximately

caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against David** |
| | ) | **Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Miklovich intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Miklovich's actions proximately

caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against David** |
| | ) | **Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Miklovich intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Miklovich's actions proximately

caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

                                        FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Ohio State Law Claims against David** |
| | ) | **Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of the

evidence that Defendant Miklovich intentionally inflicted emotional distress upon, maliciously

prosecuted, or conspired against Plaintiff, and that Defendant Miklovich's actions proximately

caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) | **COMPENSATORY DAMAGES** |
| CITY OF EAST CLEVELAND, et al. | ) ) | (only to be filled out if you find for any Plaintiff on any claim) |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the jury, award Plaintiff Laurese Glover, compensatory damages

in the amount of $_____.

We, the jury, award Plaintiff Eugene Johnson, compensatory damages

in the amount of $_____.

We, the jury, award Plaintiff Derrick Wheatt, compensatory damages

in the amount of $_____.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

December, 2017.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

83

## PUNITIVE DAMAGES

We, the jury, award Plaintiff Laurese Glover, punitive damages against the following

Defendants in the following amounts:

Defendant Deborah Naiman in the amount of $\underline{\hspace{6cm}}$,

Defendant Carmen Marino in the amount of $\underline{\hspace{6cm}}$.

Defendant Michael Perry in the amount of $\underline{\hspace{6cm}}$.

Defendant Vincent Johnstone in the amount of $\underline{\hspace{6cm}}$.

Defendant David Miklovich in the amount of $\underline{\hspace{6cm}}$.

Defendant Terrence Dunn in the amount of $\underline{\hspace{6cm}}$.

Defendant Charles Teel in the amount of $\underline{\hspace{6cm}}$.

Defendant Patricia Lane in the amount of $\underline{\hspace{6cm}}$.


We, the jury, award Plaintiff Eugene Johnson, punitive damages against the following

Defendants in the following amounts:

Defendant Deborah Naiman in the amount of $\underline{\hspace{6cm}}$.

Defendant Carmen Marino in the amount of $\underline{\hspace{6cm}}$.

Defendant Michael Perry in the amount of $\underline{\hspace{6cm}}$.

Defendant Vincent Johnstone in the amount of $\underline{\hspace{6cm}}$.

Defendant David Miklovich in the amount of $\underline{\hspace{6cm}}$.

Defendant Terrence Dunn in the amount of $\underline{\hspace{6cm}}$.

Defendant Charles Teel in the amount of $\underline{\hspace{6cm}}$.

Defendant Patricia Lane in the amount of $\underline{\hspace{6cm}}$.

We, the jury, award Plaintiff Derrick Wheatt, punitive damages against the following

Defendants in the following amounts:

Defendant Deborah Naiman in the amount of  $_____.

Defendant Carmen Marino in the amount of $_____.

Defendant Michael Perry in the amount of $_____.

Defendant Vincent Johnstone in the amount of $_____.

Defendant David Miklovich in the amount of $_____.

Defendant Terrence Dunn in the amount of $_____.

Defendant Charles Teel in the amount of $_____.

Defendant Patricia Lane in the amount of $_____.

Respectfully submitted,

s/ Elizabeth Wang

Mark Loevy-Reyes                             Elizabeth Wang
LOEVY & LOEVY                             LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.            2060 Broadway, Ste. 460
Chicago, IL 60607                       Boulder, CO 80302
O: (312) 243-5900                      O: (720) 328-5642
mark@loevy.com                       elizabethw@loevy.com
*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

s/ Michael B. Pasternak
Michael B. Pasternak                 Brett Murner
Park Center II, Suite 411              208 North Main Street
3681 South Green Road              Wellington, OH  44090
Beachwood, OH  44122              O: (440) 647-9505
O: (216) 360-8500                      bmurner@yahoo.com
Mpasternak1@msn.com
*Counsel for Plaintiff Eugene Johnson*

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on December 4, 2017, I served via CM/ECF the foregoing Plaintiffs' Proposed Jury Instructions and Proposed Verdict Form.

s/ Elizabeth Wang
Attorney for Plaintiff