UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

DERRICK WHEATT, et al., : CASE NO. 1:17-CV-377
: consolidated with
Plaintiffs, : CASE NO. 1:17-CV-611
:
v. : OPINION & ORDER
: [Resolving Docs. 132, 164]
CITY OF EAST CLEVELAND, et al., :
:
Defendants. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this 42 U.S.C. § 1983 action,[1] the Defendants have filed two separate interlocutory appeals to the Sixth Circuit. The City Defendants seek an interlocutory appeal of three of the Court's orders.[2] These orders denied the City Defendants leave to amend their complaint, imposed sanctions against them, and denied the City Defendants qualified immunity because they waived that argument by failing to argue it.

Similarly, the County Defendants seek to appeal the Court's denial of absolute and qualified immunity.[3]

Plaintiffs ask the Court to find these interlocutory appeals as frivolous, and to go forward with the scheduled trial.[4]

---

[1] A full factual and procedural background of this case can be found in the Court's order disposing of the parties' summary judgment motions. *See* Doc. 124.
[2] Doc. 130.
[3] Doc. 144.
[4] Docs. 132, 164. The City Defendants oppose. Doc. 136. The County Defendants oppose. Doc. 140. The Plaintiffs reply. Doc. 141.

Case No. 1:17-cv-377
Gwin, J.

For the reasons set forth in this order, the Court **GRANTS** Plaintiffs' motions to certify Defendants' appeals as frivolous. The Court therefore **DECLINES TO ISSUE** a stay of this matter pending the resolution of Defendants' interlocutory appeals.

## I. Discussion

Defendants cannot generally appeal a district court's order until a final judgment is entered.[5] In *Mitchell v. Forsyth*, the Supreme Court created a limited exception to this rule when a district court denies a government officer's defense of either absolute or qualified immunity.[6] The Supreme Court's *Forsyth* decision was likely wrongly decided.[7]

*Forsyth*, however, only applies when the district court's denial of immunity presents "neat abstract issues of law" for appeal.[8] If the denial of immunity is fact-related, then the qualified immunity denial is not immediately appealable.[9]

---

[5] 28 U.S.C. § 1291; *see also Catlin v. United States*, 324 U.S. 229, 233 (1945).
[6] *Mitchell v. Forsyth*, 472 U.S. 511 (1985).
[7] The Court's qualified immunity decisions seek "to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). And *Forsyth's* allowing some interlocutory appeals sought to reduce distracting discovery and trials. But, *Forsyth* wrongly assumed that qualified immunity defenses would limit the nonfinancial burdens associated with discovery. It has not.

In an exhausting study, Professor Joanna Schwartz examined over 1,100 Section 1983 cases in five representative districts, including the Northern District of Ohio. She found "just 0.6% of cases were dismissed at the motion to dismiss stage and 2.6% were dismissed at summary judgment on qualified immunity grounds." Joanna C. Schwartz, *How Qualified Immunity Fails* 127 Yale L.J. 2, 7 (2017).

Important for deciding whether *Forsyth's* occasional grant of interlocutory appeal rights makes sense, Schwartz found that defendants almost always otherwise incurred defense and discovery costs before qualified immunity defenses become ripe. Regarding qualified immunity, "available evidence suggests that qualified immunity is not achieving its policy objectives; the doctrine is unnecessary to protect government officials from financial liability and illsuited to shield government officials from discovery and trial in most filed cases. Qualified immunity may, in fact, increase the costs and delays associated with constitutional litigation." *Id.* at 11.

Qualified immunity does not shield government officials from litigation headaches. And interlocutory appeals exacerbate governmental expenses. Here, this case will likely be tried in less than four days. Defendants may win. And even if defendants lose at trial, an appellate court can examine the same immunity issues, only on a more complete record. An interlocutory appeal worsens government expenses, it does not lessen them.

[8] *Johnson v. Jones*, 515 U.S. 304, 317 (1995).
[9] *Id.*

-2-

Case No. 1:17-cv-377
Gwin, J.

Usually, when a defendant appeals a denial of qualified immunity, the district court is divested of jurisdiction, and the court stays further proceedings pending the appeal. District courts, however, have refused to stay further proceedings when a defendant's interlocutory appeal is frivolous.[10]

An appeal is frivolous when the defendant's argument for immunity refused to accept the plaintiff's version of the facts.[11] When a court denies immunity because one version of disputed facts would allow a plaintiff to recover, it is because the court found that defendant's presented version of the facts was disputed, and a trial must settle these factual disputes.[12]

Plaintiffs argue that is what occurred here. They argue that both the City Defendants' and County Defendants' summary judgment immunity arguments refused to accept Plaintiffs' version of the facts, and so any interlocutory appeal is frivolous. The Court agrees.

## A. The City Defendants' Appeal

The City Defendants argued that certain facts supported granting summary judgment in their favor.[13] The City Defendants argued that they had probable cause to arrest and try the Plaintiffs. They argued that the identification procedure used with Tamika Harris's identification of Plaintiffs was not unduly suggestive.

---

[10] The Sixth Circuit has neither explicitly approved nor rejected this practice, although they have discussed it approvingly. *See, e.g.*, *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). District courts throughout this circuit have declined to stay proceedings because of frivolous interlocutory appeals on a number of issues. *See, e.g.*, *Lawson v. Dotson*, 2014 WL 186868 (W.D. Ky. Jan 15, 2014) (motion for leave to file an amended complaint) *Rodriguez v. City of Cleveland*, 2009 WL 1661942 (N.D. Ohio June 10, 2009) (qualified immunity).

[11] *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) ("[T]he refusal to concede factual questions to a plaintiff will typically doom a defendant's interlocutory appeal on qualified immunity.").

[12] *See id.* (citations omitted) ("Interlocutory review is permitted where a defendant argues merely that his alleged conduct did not violate clearly established law. This is a legal question and is independent from the question of whether there are triable issues of fact.").

[13] *See generally* Doc. 84.

-3-

Case No. 1:17-cv-377
Gwin, J.

The Court found that material factual disputes existed on these and numerous other issues argued by the City Defendants. The Plaintiffs showed evidence that could support their claims against the City Defendants. The Court's findings that material issues existed cannot be the subject of an interlocutory appeal.

More importantly, however, the City Defendants never argued, or even mentioned, qualified immunity in their summary judgment briefing. Having failed to make a qualified immunity argument, the Defendants waived the argument. Qualified immunity only applies when a defendant does not violate a clearly established right.

The City Defendants solely argued that no constitutional violation occurred based on their version of the facts. Although Plaintiffs bear the burden of proving that a defendant is not entitled to qualified immunity, that burden only arises if the City Defendants actually raise the defense.

The Court finds that the City Defendants failed to raise qualified immunity as a defense and that the Court's denial of their summary judgment was based on a finding that material disputes of fact existed. For these reasons, the Court **GRANTS** Plaintiffs' motion to certify the City Defendants' interlocutory appeal as frivolous.[14]

**B. The County Defendants' Appeal**

Unlike the City Defendants, the County Defendants raised and argued both qualified and absolute immunity. Their arguments, however, largely argued the County Defendant's factual version of events and did not accept Plaintiffs' version of the facts. Because of this failing, their interlocutory appeal is frivolous.

---

[14] The City Defendants provide no reasoning, and the Court can find none, that explains how the Court's sanctions order or order denying leave to amend the City Defendants' complaint are final, appealable orders. Appeal from those orders is therefore plainly frivolous. *See, e.g.*, *Lawson*, 2014 WL 186868.

-4-

Case No. 1:17-cv-377
Gwin, J.

Throughout their motion seeking absolute immunity, the County Defendants argued that "[t]he prosecutors' June 24, 1998 correspondence to East Cleveland police served to communicate to the recipients that the attempt to obtain that department's police file by public records request was not proper under Ohio law."[15] Additionally, they argued that "the action [the County Defendants] took was clearly taken as advocates for the State."[16]

The Court found that these purportedly undisputed factual statements were actually disputed by record evidence. There was significant circumstantial evidence that would allow Plaintiffs to prove that the County Defendants intended to obstruct Plaintiffs' access to the public records at issue, and therefore to obstruct Plaintiffs' access to the courts.

This circumstantial evidence included statements by County Defendant Marino that the County Prosecutor's Office had no need for the records at issue. The County Prosecutor already had its own copy of the file. Additionally, with no pending case, the County Defendants asked East Cleveland to turn over all East Cleveland Police Department investigation files and to retain no copies of those files. With no need for the East Cleveland file, the Plaintiff raised a legitimate argument that the County Prosecutor intended to stop the Plaintiffs' access to the files. The Court's finding that a factual dispute exists requires a trial, and cannot be interlocutorily appealed.

Similarly, in arguing for qualified immunity, the County Defendants argued that no constitutional violation occurred because "there is no evidence on the record to substantiate [Plaintiffs'] complaint."[17] This is obviously and fundamentally the type of factual argument from which a defendant cannot take an interlocutory appeal. The Court held that sufficient

---

[15] Doc. 87 at 10 (County Defendants' Motion for Summary Judgment).
[16] *Id.* at 12.
[17] Doc. 107 at 7.

-5-

Case No. 1:17-cv-377
Gwin, J.

record evidence exists that would allow Plaintiffs to prove their denial of access to the courts claim to a reasonable jury. The Supreme Court has held that a district court's finding that genuine disputes of material fact preclude granting immunity cannot give rise to an interlocutory appeal.[18]

For these reasons, the Court **GRANTS** Plaintiffs' motion to certify the County's interlocutory appeal as frivolous.

**C. The Empirical Evidence against *Mitchell v. Forsyth***

Finally, this Court recognizes that courts often allow interlocutory appeals of qualified and absolute immunity decisions.[19] However, years of experience and the exhaustive empirical study described above undermines the Supreme Court's reasoning for allowing this exception to the final judgment rule.

Interlocutory appeals of immunity under *Forsyth* sought to reduce the disruption of governmental functions and to reduce litigation expenses caused by incorrect district court decisions.[20]

In *Mitchell v. Forsyth*, the case that created this final judgment rule exception, both of these justifications supported allowing an interlocutory appeal. The *Mitchell* plaintiff had sued the Attorney General of the United States. The Attorney General raised immunity defenses at the start of the litigation, and before discovery. Allowing interlocutory appeal in *Forsyth* potentially saved both the Attorney General and the Department of Justice hundreds or thousands of hours of distraction and expense when the constitutional right was discreet.

---

[18] *Johnson*, 515 U.S. at 314-15.
[19] While the Court considers these broader issues here, the Court's findings that Defendants' interlocutory appeals are frivolous depends solely on the law as currently interpreted by the Sixth Circuit and Supreme Court.
[20] *See Mitchell*, 472 U.S. at 526-27.

Case No. 1:17-cv-377
Gwin, J.

*Mitchell*, however, is wildly atypical. Typically civil rights lawsuits with immunity issues involve claims against relatively low-level government officers, such as a police officer with minimal supervisory authority. Law suit disruption to governmental functions is minimal.

Additionally, and perhaps more importantly, few defendants raise immunity at early stages of the litigation, if they raise that defense at all.[21] Because plaintiffs can plead a clearly established constitutional violation with relative ease, immunity is typically argued on summary judgment, which occurs near discovery's end.[22] At that point, an interlocutory appeal saves only the distraction and expense associated with trial.

These savings are minimal, however, because the Courts of Appeals affirm district courts' denials of immunity at astoundingly high rates.[23] In the typical case, allowing interlocutory appeals actually increases the burden and expense of litigation both for government officers and for plaintiffs. Additional expense and burden result because an interlocutory appeal adds another round of substantive briefing for both parties, potentially oral argument before an appellate panel, and usually more than twelve months of delay while waiting for an appellate decision. All of this happens in place of a trial that (1) could have finished in less than a week, and (2) will often be conducted anyway after the interlocutory appeal. And importantly, Section 1983 defendants win many trials. These wins both vindicate the defendants and avoid the appeal's expense.

---

[21] *See* Joanna C. Schwartz, *How Qualified Immunity Fails*, 127 Yale L. J. 2, 29-30 (2017) (noting that in cases similar to this one in the Northern District of Ohio, 47.5 percent of defendants entitled to raise qualified immunity raised the defense at all, and only 25.7 percent of those raising qualified immunity brought the defense in a motion to dismiss).
[22] *Id.*
[23] *Id.* at 40 (noting that the Sixth Circuit reversed a denial of qualified immunity from the Northern District of Ohio in only 3 of 17 cases (or approximately 18 percent of the time) in the author's dataset).

Case No. 1:17-cv-377
Gwin, J.

In the Judiciary Act of 1789, the Founders considered and wisely adopted the final judgment rule with few exceptions. The final judgment rule is central to the efficient administration of justice and, absent important reasons, should control.

This case provides an especially potent example of the imprudent nature of interlocutory appeals. Plaintiffs in this case were originally convicted in 1996, and an Ohio court overturned that conviction in 2014. In between those dates, Plaintiffs, the State of Ohio, the City of East Cleveland, the Ohio and federal courts, and numerous prosecutors, defense attorneys, and hired experts have spent an untold number of hours and dollars attempting to do justice both for these three men, and for Clifton Hudson, the victim of the crime Plaintiffs' were convicted of.

An interlocutory appeal could delay this case for more than a year. Although the Defendants are all retired government officers, they are nevertheless represented by current city and state attorneys. This extra year of appellate litigation will undoubtedly consume considerable state and city resources. Moreover, no matter the outcome of the trial, an appeal will almost assuredly follow. As such, the court of appeals will likely have to address the issues in this case twice, potentially doubling the briefing, travel, and general preparation expenses of both the parties and the Sixth Circuit.

## II. Conclusion

For the preceding reasons, the Court **GRANTS** Plaintiffs' motions to certify Defendants' appeals as frivolous. The Court **DECLINES TO STAY** the trial of this matter pending appeal.

IT IS SO ORDERED.

Dated: December 6, 2017           s/ *James S. Gwin*
                     JAMES S. GWIN
                     UNITED STATES DISTRICT JUDGE