THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT, et al., | ) | CASE NO. 1:17-CV-377 |
| | ) | consolidated with |
| Plaintiffs, | ) | CASE NO. 1:17-CV-611 |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| vs. | ) | |
| | ) | |
| CITY OF EAST CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**DEFENDANT MARINO AND NAIMAN'S MOTION IN LIMINE BARRING "INDEMNIFICATION" EVIDENCE OR TESTIMONY AT TRIAL**

---

Defendants Marino and Naiman, through counsel, move, *in limine*, for an Order precluding any reference, mention or introduction into evidence any testimony, policies, documents or other materials related to Defendants insurance coverage or "indemnification" by Cuyahoga County. Any mention or evidence related to insurance is not relevant, is highly prejudicial, and is inadmissible under Federal and Ohio law.

**I.      Motion *in Limine* Standard**

"A Federal District Court's authority to manage trials includes the power to exclude evidence pursuant to motions in limine." *Lampkin v. Ernie Green Indus.*, N.D. Ohio No. 3:03CV7729, 2006 U.S. Dist. LEXIS 32073 (May 22, 2006), quoting *Tzoumis v. Temple Steel Company*, 168 F.Supp.2d 871, 873 (N.D. IL 2001); see also, *Luce v. United States*, 469 U.S. 38 (1984). "The motion in limine is an important tool available to the trial judge to ensure the

1

expeditious and even-handed management of the trial proceeding." *Lampkin*, quoting *Tzoumis*, 168 F.Supp.2d at 873. It eliminates further consideration of material that should not be presented to the jury because it would be inadmissible for any purpose. Id., quoting *Tzoumis*, 168 F.Supp.2d at 873. Under Sixth Circuit precedent, a ruling on a motion in limine is no more than a preliminary or advisory opinion which falls entirely within the discretion of the district court. *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983) cert. denied, 466 U.S. 903, 104 S. Ct. 1677, 80 L. Ed. 2d 152 (1984).

**II.     Fed. Evid. R. 411 precludes this evidence before the Jury.**

Fed. Evid. Rule 411 mirror's Ohio's rule and clearly states:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully...

"Indemnification" evidence or testimony at trial because that topic is a matter of law, not to be decided by the jury and is precluded by Fed. Evid. R. 411. Juries are to determine liability and damages based upon the facts of the case; they are not to make a determination of liability and damages based upon the amount of money available to compensate a plaintiff or based upon the entity paying any potential damage award. Moreover, evidence of insurance is irrelevant to any triable issue and is further highly prejudicial to Defendants. Evid. Rules 402 and 403.

Evid. Rule 403 provides that courts may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Even if insurance coverage was relevant to the issues in this case, which it is not, any probative value is substantially outweighed by the danger of unfair prejudice against Defendants, confusion of issues, and misleading the jury. As such, all reference or evidence related to insurance should be excluded. Evid. Rules 402 and 403.

If such evidence is provided to the jury, the jury may take such evidence to mean that they merely have to approve payment rather than determine liability or damages. Reference to Defendants being represented by "the County's attorneys" is also a backdoor method to introduce the involvement of County coverage. *Richman v. Burgeson*, N.D.Ill. No. 98 C 7350, 2008 U.S. Dist. LEXIS 48349 (June 24, 2008) (granting Cook County's motion *in limine* as to "indemnification" or reference to counsel as "State's attorneys" and where "plaintiff agrees not to raise the issue of indemnification.")  Id. at *16.  Evidence of the existence or involvement of coverage by the County gives the jury the incorrect impression and is prohibited at trial.  For the foregoing reasons, Defendants request that this Honorable Court issue an Order precluding Plaintiffs' counsel from making mention of this topic.

        Respectfully submitted,

        MICHAEL C. O'MALLEY, Prosecuting Attorney
        of Cuyahoga County, Ohio

By:    s/ Jennifer M. Meyer_____
        JENNIFER M. MEYER (0077853)
        Assistant Prosecuting Attorney
        The Justice Center, Courts Tower
        1200 Ontario Street, 8th Floor
        Cleveland, Ohio   44113
        Tel:  (216) 443-7349/Fax: (216) 443-7602
        Email:  jmeyer@prosecutor.cuyahogacounty.us

        Attorney for Defendants, Marino and Naiman

## **CERTIFICATE OF SERVICE**

I certify that this 8th day of December, 2017, a copy of the foregoing Defendants' Motion *in Limine* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       s/ Jennifer M. Meyer_____
       JENNIFER M. MEYER (0077853)
       Assistant Prosecuting Attorney