THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT, et al., | ) | CASE NO. 1:17-CV-377 |
| | ) | consolidated with |
| Plaintiffs, | ) | CASE NO. 1:17-CV-611 |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| vs. | ) | |
| | ) | |
| CITY OF EAST CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**DEFENDANT CUYAHOGA COUNTY'S BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE, ECF 151**

---

Defendants, former Assistant Prosecuting Attorney Deborah Naiman and former First Assistant Carmen Marino, through counsel, hereby opposes Plaintiffs' motion *in limine,* ECF 151.

Plaintiffs' motion, one of at least seventeen motions *in limine* filed with the Court moves to bar Defendants, former Assistant Prosecuting Attorney Deborah Naiman and former First Assistant Carmen Marino, from introducing evidence and otherwise arguing that they are financially unable to pay any judgment that might be obtained against them if the Court determined either or both of them to be liable to Plaintiffs. For numerous reasons, the motion should be denied by this Honorable Court.

**STANDARD OF PROOF**

The Plaintiffs cannot meet the standard of proof necessary to prevail on its motion. To prevail on a motion *in limine*, the moving party must show that the evidence is clearly inadmissible.

1

*Oster v. Huntington Bancshares Inc.*, 2017 U.S. Dist. LEXIS 118997 (S.D. Ohio, E.D., July 28, 2017). If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that the issues may be resolved in the context of a trial. *Oster*, citing, *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## FACTS

The "facts" that Plaintiffs rely upon in moving to exclude evidence are incorrect. The Defendants have not "admitted that they are to be indemnified" [Plaintiffs' motion, pp. 1-2]. Counsel for the former APAs has not represented that the County would indemnify them in the event of a judgment, and the County has not agreed to indemnify the former APAs. The Defendants will be responsible for any judgment. The Plaintiffs have offered no support for their contention that the jury will "take pity" on the former APAs and, as a result, reduce the amount of any possible award. Further, regarding punitive damages, the ability to pay is almost always relevant, because the imposition of such damages is intended to punish, and the determination of the amount imposed must be tied to a party's financial wherewithal, or lack thereof.

## MOTION *IN LIMINE* NOT A SUBSTITUTE FOR PLAINTIFFS FAILURE TO PROPERLY UNDERTAKE DISCOVERY

Plaintiffs also claim that the Defendants should be barred from introducing evidence or giving testimony pertaining to their ability to pay because they did not produce the financial disclosures that Plaintiffs say that they sought from them. While it is so that the Defendants objected to Plaintiffs' request, the Plaintiffs, by way of counsel, did not undertake the necessary additional effort to obtain said disclosures by contacting counsel. If Plaintiffs' counsel had undertaken in good faith an attempt to confer with Defendants' counsel in an effort to obtain any documents to which Plaintiffs claim that they were entitled, and if Plaintiffs' counsel had

nonetheless been rebuffed, the appropriate action would have been to file a motion to compel pursuant to Fed. R. Civ. P. 37 (c) (1).

Plaintiffs made the deliberate choice to not undertake the necessary effort to obtain through appropriate discovery procedures documents that they sought. In the case of *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 1997 U.S. App. LEXIS 6218 (U.S. Ct. App., 6th Cir.), the Court, addressing an analogous issue, affirmed the District Court's denial of a motion *in limine*, holding that without "having established that these documents were discoverable under Rule 26(a) or any other discovery rule, the defendant cannot insist upon their exclusion under Rule 37(c). The district court did not abuse its discretion in denying Mahan's motion in limine and allowing Concrete Materials to present evidence on lost profits at trial." *Concrete Materials,* at *10-11. Based upon Plaintiffs failure to properly utilize established discovery procedures, this Court should deny the Plaintiffs motion *in limine* as an impermissible attempt to circumvent the discovery rules.

**CONCLUSION**

For all of the foregoing reasons, this Honorable Court should deny/overrule the Plaintiffs' motion *in limine*, and permit the Defendants the opportunity to introduce evidence and testimony of their financial situation, if necessary.

                                                Respectfully submitted,

                                                MICHAEL C. O'MALLEY, Prosecuting Attorney
                                                of Cuyahoga County, Ohio
By:    s/ Jennifer M. Meyer_____
        JENNIFER M. MEYER (0077853)
        Assistant Prosecuting Attorney
        The Justice Center, Courts Tower
        1200 Ontario Street, 8th Floor
        Cleveland, Ohio 44113
        Tel: (216) 443-7349/Fax: (216) 443-7602
        Email: "jmeyer@prosecutor.cuyahogacounty.us
        Attorney for Defendants Naiman and Marino

## CERTIFICATE OF SERVICE

I certify that this 8th day of December, 2017, a copy of the foregoing Defendant Cuyahoga County's Brief in Opposition to Plaintiffs' Motion *in Limine* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        s/ Jennifer M. Meyer_____
        JENNIFER M. MEYER (0077853)
        Assistant Prosecuting Attorney