IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| Plaintiffs | ) ) | Judge James S. Gwin |
| v. | ) ) | |
| CITY OF EAST CLEVELAND, et al. | ) ) | Magistrate Judge William H. Baughman, Jr. |
| Defendants. | ) ) | |

## COUNTY DEFENDANTS' MOTION FOR CLARIFIED INDICATIVE RULING

Defendants Carmen Marino and Deborah Naiman ("County Defendants") submit this Motion for a Clarified Indicative Ruling and hereby request that this Court vacate and withdraw its November 9, 2017 Opinion and Order, ECF # 124, including but not necessarily limited to Section III(A) and Section III (B)(1) of that ruling, and its December 6, 2017 Opinion and Order, ECF # 174, including but not necessarily limited to Section I(B) of that ruling.  The grounds in support of this motion are as follow:

1. Plaintiffs Derrick Wheatt, Laurese Glover, and Eugene Johnson and Defendants Carmen Marino and Deborah Naiman ("County Defendants") negotiated a complete settlement agreement.

2. As a condition of that settlement agreement, Plaintiffs and the County Defendants agreed to request that this Court vacate and withdraw its November 9, 2017 Opinion and Order by deleting and/or vacating Section III(A) and Section III

1

(B)(1) of that opinion and order to the extent it resolved any claims asserted by Plaintiffs against the County Defendants.

3. As a condition of that settlement agreement, Plaintiffs and the County Defendants agreed to request that this Court vacate and withdraw as moot its December 6, 2017 Opinion and Order by deleting and/or vacating Section I(B) of that opinion and order to the extent it resolved any claims asserted by Plaintiffs against the County Defendants.

4. Prior to execution of any settlement agreement between the Plaintiffs and the County Defendants, the Plaintiffs and the County Defendants jointly requested a Status Conference with this Court to ensure that the Court would be amenable to deleting and/or vacating those portions of its rulings. See ECF # 202.

5. On February 14, 2018, the Court held a status conference and, after discussion with counsel, indicated that it would be inclined to simply reissue its prior decisions after excising and/or deleting Section III(A) and Section III (B)(1) of the November 9, 2017 opinion and order and Section I(B) of the December 6, 2017 opinion and order, although the Court indicated it would have to think it through.

6. Relying on the Court's indication that it was prepared to vacate and withdraw Section III(A) and Section III (B)(1) of the November 9, 2017 opinion and order and Section I(B) of the December 6, 2017 opinion and order and reissue rulings in some excised form, the Plaintiffs and the County Defendants thereafter reached a complete settlement agreement.[1]

---

[1] The City Defendants are not a part of any settlement agreement.

7.  Under the terms of the settlement agreement between the Plaintiffs and the County Defendants, Cuyahoga County's agreement to pay Plaintiffs a monetary sum as a full and final settlement of Plaintiffs' claims against the County Defendants is contingent upon this Court's issuance of an order that expressly vacates and withdraws Section III(A) and Section III (B)(1) of the November 9, 2017 opinion and order and Section I(B) of the December 6, 2017 opinion and order.

8.  On June 22, 2018, the Plaintiffs and the County Defendants filed their Joint Motion for an Indicative Ruling. See ECF # 206. That Joint Motion expressly requested an indication from this Court that if jurisdiction were restored by the Sixth Circuit Court of Appeals, this Court would enter an order that vacates and withdraws Section III(A) and Section III (B)(1) of the November 9, 2017 opinion and order and Section I(B) of the December 6, 2017 opinion and order.

9.  On June 25, 2018, the Court issued a marginal entry order that reads as follows: "Joint motion for indicative ruling granted 6/25/18. Upon regaining jurisdiction, the Court will withdraw the requested portions of its 11/9/17 and 12/6/17 Orders." See ECF # 208.

10. Relying upon the Court's February 14, 2018 status conference statements and the Court's June 25, 2018 marginal entry order, the Plaintiffs and County Defendants gave the Sixth Circuit Court of Appeals notice on June 26, 2018 of this Court's indicative ruling pursuant to FRAP 12.1.

11. On June 28, 2018, the Sixth Circuit Court of Appeals granted the request for limited remand.

12. On July 5, 2018, this Court issued only a marginal entry order that reads as follows:

> The Court previously indicated it would withdraw the requested portions of its order under Rule 62.1 if the Court of Appeals for the Sixth Circuit remanded for that purpose. The Sixth Circuit granted the parties' motion to remand so that the Court could withdraw the requested portions of its order. The Court approves the parties' request and withdraws the requested portions of its 11/9/17 and 12/6/17 orders. Signed 7/5/18. *s/ James S. Gwin*

13. The July 5, 2018 marginal entry order does not expressly vacate and withdraw Section III(A) and Section III (B)(1) of the November 9, 2017 opinion and order and Section I(B) of the December 6, 2017 opinion and order, and no fully excised rulings have been reissued.

14. Obtaining a counteractive order that expressly vacates and withdraws Section III(A) and Section III (B)(1) of the November 9, 2017 opinion and order and Section I(B) of the December 6, 2017 opinion and order was a precondition to any agreement on the part of the County Defendants to make any monetary payment to the Plaintiffs or to voluntarily dismiss Sixth Circuit Court of Appeals Case No. 17-6242 following the Plaintiffs' filing in District Court Case Nos. 17-CV-377 and 17-CV-611 of their dismissal with prejudice of any and all claims asserted by the Plaintiffs against the County Defendants.

15. Unless and until this Court issues a counteractive order that expressly vacates and withdraws Section III(A) and Section III (B)(1) of the November 9, 2017 opinion and order and Section I(B) of the December 6, 2017 opinion and order, the conditions of any settlement will not be satisfied.

16. The County Defendants hereby request that this Court clarify its July 5, 2018 marginal entry order by issuing a counteractive order that expressly vacates and withdraws Section III(A) and Section III (B)(1) of the November 9, 2017 opinion and order and Section I(B) of the December 6, 2017 opinion and order, whether by reissuing those decisions in excised format or in some other comparable form.

    Respectfully submitted,

    MICHAEL C. O'MALLEY, Prosecuting
    Attorney of Cuyahoga County

By:   s/ Charles E. Hannan
    JENNIFER M. MEYER * (0077853)
    CHARLES E. HANNAN (0037153)
    Assistant Prosecuting Attorneys
     * *Lead Counsel*
    The Justice Center, Courts Tower, 8th Floor
    1200 Ontario Street
    Cleveland, Ohio 44113
    Tel: (216) 443-7800/Fax: (216) 443-7602
    jmeyer@prosecutor.cuyahogacounty.us
    channan@prosecutor.cuyahogacounty.us

    *Counsel for Defendants Deborah Naiman and Carmen Marino*

## CERTIFICATE OF SERVICE

      I certify that on the  17th  day of July 2018, the foregoing County Defendants' Motion for Clarified Indicative Ruling was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Charles E. Hannan  
                                                CHARLES E. HANNAN  
                                                Assistant Prosecuting Attorney