IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) ) | Judge James S. Gwin |
| CITY OF EAST CLEVELAND, *et al.* | ) ) | |
| Defendants. | ) | |

### PLAINTIFFS' MEMORANDUM ON COURT'S AUTHORITY TO SET A TRIAL DATE

Now come Plaintiffs and submit this brief memorandum, as ordered by the Court (*see* Order dated 9/7/18), on whether the East Cleveland Defendants' petition for certiorari interferes with the Court's authority to set a trial date:

1. The East Cleveland Defendants' pending petition for writ of certiorari in the Supreme Court does not interfere with this Court's authority to set a trial date or conduct a trial.

2. Under Federal Rule of Appellate Procedure 41, the mandate of the Court of Appeals issues "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b). "The mandate is effective when issued." Fed. R. App. 41(c). Defendants did not file a petition for rehearing, a petition for rehearing en banc, or a motion for stay of mandate. The mandate has issued. Dkt. 218.

3. Because the mandate has issued, this Court now has jurisdiction over this case. *See, e.g.*, *Wilson v. McKenna*, 815 F.2d 707 (6th Cir. 1987) (unpublished disposition) ("The district court acquires jurisdiction after the mandate of this Court issues.") (citing *United States v. DiLapi*, 651 F.2d 140 (2d Cir. 1981)); *Fort Gratiot Sanitary Landfill, Inc.*, 71 F. 3d 1197, 1203 (6th Cir. 1995) (district court regains jurisdiction when mandate issues); *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000) ("Once a mandate issues, … jurisdiction over a criminal case *automatically* revests in the district court."); *Sgaraglino v. State Farm Fire & Cas. Co.*, 896 F.2d 420, 421 (9th Cir. 1990) (defining the "issuance of the mandate" as "return[ing] [the case] to the district court's jurisdiction"); *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978) ("The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came."); *United States v. Rush*, 738 F.2d 497, 509 (1st Cir. 1984) ("it is the date on which the mandate is issued which determines when the district court reacquires jurisdiction for further proceedings").

4. The filing of a petition for writ of certiorari does not automatically stay the mandate. Fed. R. App. 41(d)(2). Instead, a party has to move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. Fed. R. App. 41(d)(2)(A). Defendants did not do so. And now that the mandate from the Court of Appeals has issued, Defendants can no longer move the Court of Appeals to stay the mandate.

5. Nor does the filing of a petition for writ of certiorari interfere with the authority of this Court to set a trial date or to conduct a trial. *See United States v. Pete*, 525 F.3d 844, 850-51 (9th Cir. 2008) ("because there was no timely motion to stay the mandate; this court did issue its mandate and then denied Pete's motion to recall the mandate. With the mandate in effect, the district court resumed jurisdiction over the case. … As a result, the government did not have to, and did not, wait until the Supreme Court denied Pete's certiorari petition before filing the indictment in the district court."); *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009) (cert petition to the Supreme Court "did not operate to nullify or suspend the effect of this court's mandate") (citing Fed. R. App. P. 41(c)); *United States v. Sears*, 411 F.3d 1240, 1242 (11th Cir. 2005) (holding that the district court had jurisdiction to resentence after the mandate issued after the court of appeals' initial decision in the case, and explaining, "[t]he petition for certiorari to the Supreme Court did not divest the court of appeals or district court of jurisdiction. Under Fed. R. App. P. 41(d)(2), the certiorari petitioner can apply for a stay of the mandate; one does not automatically issue upon filing with the Supreme Court. Therefore, the mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from proceeding in the district court."); *Hickey v. Wellesley Public Schools, et al.*, 46 F.3d 1114 (1st Cir. 1995) (unpublished opinion) ("the mere filing of a petition for certiorari without also timely asking for, and obtaining, a stay of mandate did not prevent the district court from acting as it did.").

      6.     Thus, because jurisdiction has been restored to this Court upon issuance of the mandate by the Court of Appeals for the Sixth Circuit, this Court has the authority to set a trial date (and conduct a trial).

Respectfully submitted,<br>
s/ Elizabeth Wang

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com
*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

## CERTIFICATE OF SERVICE

    I, Elizabeth Wang, an attorney, hereby certify that on September 7, 2018, I served via CM/ECF the foregoing Memorandum.

s/ Elizabeth Wang<br>
Attorney for Plaintiffs Wheatt and Glover