```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------
                                        :
DERRICK WHEATT, et al.,                 :      CASE NO. 1:17-CV-377
                                        :      consolidated with
            Plaintiffs,                 :      CASE NO. 1:17-CV-611
                                        :
v.                                      :      OPINION & ORDER
                                        :      [Resolving Doc. 219]
CITY OF EAST CLEVELAND, et al.,:
                                        :
            Defendants.                 :
                                        :
-------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this § 1983 action, Plaintiffs allege that Defendants City of East Cleveland and its officers (collectively, the "City Defendants") violated their constitutional rights, leading to their wrongful murder conviction and prison sentence. Plaintiffs moved to set a trial date, and the Court granted this motion.[1] This opinion explains why the Court has jurisdiction to proceed to trial.

## I. Procedural History

On November 9, 2017, the Court held that the City Defendants had waived their right to assert a qualified immunity defense.[2]  Defendants appealed,[3] and successfully moved to stay trial proceedings during the pendency of the Sixth Circuit appeal.[4]

---

[1] *See* Doc. 219 and August 8, 2018 non-document docket entry.
[2] Doc. 124.
[3] Doc. 130. As the Sixth Circuit later noted, Defendants directed their notice of appeal at two orders unrelated to the Court's denial of qualified immunity. However, Defendants described the substance of their appeal as "Qualified Immnity Waiver" (sic), apparently a reference to the decision denying qualified immunity.
[4] Doc. 201.

Case No. 1:17-cv-377
Gwin, J.

On July 12, 2018, the Sixth Circuit affirmed the Court's holding that the City Defendants had forfeited their claim to qualified immunity.[5] The Sixth Circuit issued its mandate on August 6, 2018.[6] On the same day, Plaintiffs moved the Court to set a trial date.[7]

On July 20, 2018, the City Defendants filed a petition for a writ of certiorari with the Supreme Court of the United States.[8] This petition was docketed on August 30, 2018.[9] Defendants did not move to stay the Sixth Circuit's mandate under Federal Rule of Appellate Procedure 41(d)(2), nor have they moved the Supreme Court to stay proceedings under 28 U.S.C. § 2101(f)[10] and Supreme Court Rule 23.[11]

## II. Discussion

Defendants now argue that the filing and docketing of the cert petition deprives the Court of jurisdiction to conduct a trial.[12]

Defendants are incorrect. The issuance of a mandate "transfer[s] jurisdiction of the case back to the District Court,"[13] and the filing of a cert petition does not automatically stay district court proceedings.[14] Unless the Sixth Circuit recalls its mandate, or the City

---

[5] Doc. 213.
[6] Doc. 218.
[7] Doc. 219.
[8] Doc. 220.
[9] Doc. 224-1.
[10] 28 U.S.C. § 2101(f) ("In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court.").
[11] Sup. Ct. R. 23 ("A party to a judgment sought to be reviewed may present to a Justice an application to stay the enforcement of that judgment.).
[12] Doc. 224. Plaintiffs oppose. Doc. 227. Defendants reply. Doc. 228.
[13] *United States v. Eisner*, 323 F.2d 38, 42 (6th Cir. 1963). *See also Wilson v. McKenna*, 815 F.2d 707, 707 (6th Cir. 1987) (table) ("The district court acquires jurisdiction after the mandate of this Court issues.").
[14] *Eisner*, 323 F.2d at 41 (rejecting the argument "that the filing of a petition for certiorari operates as a stay of proceedings in the Court of Appeals and the District Court").

Case No. 1:17-cv-377
Gwin, J.

Defendants obtain a stay, the Court enjoys the jurisdiction it reacquired upon issuance of the mandate to proceed to trial.[15] If Defendants were correct, then the various provisions of federal law providing relief from an adverse judgment during the pendency of a certiorari petition—Federal Rule of Appellate Procedure 41(d)(2), 28 U.S.C. § 2101(f), and Supreme Court Rule 23—would serve no purpose.

Defendants cite *Deering Milliken, Inc. v. F.T.C.*[16] for the proposition that the filing of a cert petition automatically stays the issuance of a mandate until the Supreme Court disposes of the petition. Even if *Deering Milliken* were binding authority—and it is not—that decision is not on point. There, the Clerk of the D.C. Circuit had a policy of withholding the court's mandate pending disposition of a cert petition.[17] Faced with a motion for issuance of the mandate, the court granted a stay *sua sponte* because it found that the requirements for a stay had been met.[18] Here, by contrast, the Sixth Circuit has issued its mandate, and Defendants do not present any arguments that they are entitled to a stay.

For the forgoing reasons, the Court **GRANTS** Plaintiffs' motion to set a trial date.

---

[15] *See United States v. DiLapi*, 651 F.2d 140, 144 (2d Cir. 1981) (holding that district court was authorized to conduct trial after issuance of mandate, even though a petition for rehearing was pending before appeals court).
[16] 647 F.2d 1124 (D.C. Cir. 1978).
[17] As the court noted, this policy is in conflict with Federal Rule of Appellate Procedure 41(d)(2). *Id.* at 1123. Because it granted a stay, the court did not resolve the tension between the Rule and the policy.
[18] *Id.* at 1128 ("[I]t is clear to us that were there a motion for stay of the mandate we would be obliged to grant it.").

Case No. 1:17-cv-377
Gwin, J.

Trial is set for November 13, 2018 at 8:00 a. m.

      IT IS SO ORDERED.

Dated: September 20, 2018            s/ *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE