IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) ) |
| CITY OF EAST CLEVELAND, *et al.* | ) ) |
| Defendants. | ) |

No. 1:17-CV-377 &
No. 1:17-CV-611 (consolidated)

Judge James S. Gwin

### PLAINTIFFS' RESPONSE TO EAST CLEVELAND DEFENDANTS' APPLICATION TO STAY DISTRICT COURT PROCEEDINGS

Now come Plaintiffs, Derrick Wheatt, Laurese Glover and Eugene Johnson, through their respective counsel, and responds to the East Cleveland Defendants' Application to Stay District Court Proceedings [Dkt. 231]:

### ARGUMENT

The East Cleveland Defendants filed an Application to Stay District Court Proceedings on September 24, 2018. Dkt. 231. Their "application" is based on their filing of a motion to stay in the U.S. Supreme Court. *Id.*

However, the Supreme Court has not accepted for filing the East Cleveland Defendants' motion for stay. *See* Ex. 1 (docket entry dated 9/24/18 for case No. 18-259).

But even if the East Cleveland Defendants were able to correctly file a motion for stay in the Supreme Court, the East Cleveland Defendants have not attempted to make any showing that the mere filing of such a motion should result in a stay

1

granted by this Court. The East Cleveland Defendants have made no attempt whatsoever (*see* Dkt. 231) to satisfy its burden of showing that this Court should exercise its inherent authority to control its docket by granting a stay, or that any of the factors normally considered in deciding whether to stay a proceeding are satisfied here. *See, e.g., Ohio Envt'l Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 396, 296 (6th Cir. 1977) ("[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."); *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 628 (6th Cir. 2014) ("The most important factor is the balance of hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'") (citation omitted). For instance, in the context of a motion for stay pending appeal, a district court balances the following factors: "(1) the likelihood that the party seeking the stay will prevail on appeal; (2) whether denial of a stay would irreparably harm the moving party; (3) whether the stay will harm others; and (4) the public interest in granting the stay." *Capital One Bank (USA) N.A. v. Jones*, 710 F. Supp. 2d 634, 636 (N.D. Ohio 2010) (Gwin, J.) (citing *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009)). The East Cleveland Defendants have made no attempt to argue that any of these—or any other equitable or other factors—weigh in favor of granting a stay here. Such failure to present argument constitutes waiver and cannot be raised for the first time in reply. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *McPherson v. Kelsey*, 125

F.3d 989, 995-96 (6th Cir. 1997); *KSP Investments, Inc. v. U.S.*, 2008 WL 205234, at *2 (N.D. Ohio Jan. 18, 2008) (Gwin, J.) ("Parties who fail to include an argument in an initial motion generally forfeit the argument.") (citing *American Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004); *United States v. Jerkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989)).

## CONCLUSION

Defendants' application for stay should be denied.

                        Respectfully submitted,
                        s/ Elizabeth Wang

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com
*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

s/ Michael B. Pasternak

| | |
|---|---|
| Michael B. Pasternak | Brett Murner |
| Park Center II, Suite 411 | 208 North Main Street |
| 3681 South Green Road | Wellington, OH 44090 |
| Beachwood, OH 44122 | O: (440) 647-9505 |
| O: (216) 360-8500 | bmurner@yahoo.com |
| Mpasternak1@msn.com | |
| *Counsel for Plaintiff Eugene Johnson* | |

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on October 8, 2018, I served via CM/ECF the foregoing Response.

s/ Elizabeth Wang
Attorney for Plaintiffs Wheatt and Glover

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

s/ Elizabeth Wang

4