IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DERRICK WHEATT and LAURESE GLOVER, <br><br> Plaintiffs <br><br> v. <br><br> CITY OF EAST CLEVELAND, *et al*. <br><br> Defendants. | No. 1:17-CV-377 & <br> No. 1:17-CV-611 (consolidated) <br><br> Judge James S. Gwin |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 6:**
**Barring All References to Defendants' Financial Inability**
**to Pay a Judgment and Appeal to Jurors as Taxpayers**

Plaintiffs, Derrick Wheatt, Laurese Glover, and Eugene Johnson, through their attorneys, and hereby respectfully request that this Court grant their Motion *in Limine*, as follows:

Defendants should be barred from putting into evidence or making any argument that they are financially unable to pay any judgment. Relatedly, Defendants should also be barred from making any appeal to jurors as taxpayers.

**I.     Compensatory Damages**

With respect to the individual Defendants, such evidence is not relevant for Plaintiffs' request for compensatory damages. "A Defendant's financial status may generally be considered by a jury in determining a level of punitive damages if such are potentially due, *Johnson v. Howard*, 24 F. App'x 480, 488 (6th Cir. 2001), but if unrelated to this point such evidence would be irrelevant and should be excluded." *Sullivan v. Detroit Police Dep't*, 2009 WL 1689643, at *3 (E.D. Mich. June 17, 2009); *see also Niles v. Owensboro Medical Health Sys., Inc.*, 2011 WL 3205369, at *2 (W.D. Ky. July 27, 2011) (barring arguments or evidence concerning Defendants' ability to pay a damage award). Defendants admit that they are to be indemnified for

any compensatory judgment against them so their ability to pay is not relevant. *See* Ex. A (Def. Ofcs' Answers to Pl.'s First Set of Interrogatories, No. 21 (at p. 12)). Furthermore, in response to a question from the Court at the May 15, 2017 case management conference, counsel for both the City Defendants also represented that the City would indemnify the individual Defendants in the event of a judgment.

Regarding the issue of indemnification for compensatory damages, an individual defendant should be barred from putting on evidence that he or she is too poor to pay a judgment when an employer or an insurance company will have the ultimate responsibility of paying the judgment. *See*, *e.g., Kemezy v. Peters*, 79 F.3d 33, 97 (7th Cir. 1996) (holding that a "defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab"); *Awalt v. Marketti*, 2015 WL 4338048, at *11 (N.D. Ill. Jul. 15, 2015) (granting plaintiff's motion *in limine* and recognizing, "[d]espite limiting instructions to the contrary, juries certainly take evidence of financial resources into account (whether consciously or not) when determining damage awards.").

This type of inability to pay evidence is also properly excluded because its probative value (none for compensatory damages) is substantially outweighed by the risk of unfair prejudice that it will unreasonably cause the jury to deflate a potential compensatory damages award. *See Lawson v. Trowbridge*, 153 F.3d 368, 379-80 (7th Cir. 1998).

The City of East Cleveland may attempt to introduce evidence of its financial condition in order to argue that it cannot pay any compensatory damages award. This, too, should be barred, for several reasons.

First, the City never disclosed any witness who could testify to the City's financial condition. If the City had done so, Plaintiffs would have deposed him or her in order to be

prepared for trial. And the only document the City has ever produced regarding its financial condition is a press release dating from 2012. *See* Ex. B (Defs. Ofcs.' Response to Pls.' First Set of Requests for Production, attached Ex. A). The City never produced any information in discovery that indicates its current financial state.

Second, evidence relating to the City of East Cleveland's financial condition is irrelevant to a jury's award of compensatory damages. The compensatory damages instruction (see example attached as Ex. C) does not allow a jury to consider whether the indemnitor is financially able to pay a judgment. Compensatory damages are designed to *compensate* Plaintiffs for the injury they suffered as a result of the Defendants' conduct. Whether a judgment can be paid by the indemnifying municipal employer is a wholly separate, unrelated question. *See*, *e.g.*, *Spaulding v. Tate*, 2012 WL 4597966, at *12 (E.D. Ky. Oct. 2, 2012) (granting plaintiff's motion to exclude references to financial implications of a verdict upon a defendant because "[t]he parties' respective financial conditions are not relevant to the issues that will be presented to the jury.").

## II.     Punitive Damages

Such evidence should similarly be barred regarding any claim for punitive damages because Defendants did not produce discovery related to any claim of inability to pay. Plaintiffs expressly requested financial disclosures from each individual Defendant who would claim an inability to pay punitive damages, but no Defendant produced any such disclosures. *See* Ex. B (Def. Ofcs.' Response to Pls.' First Set of Requests for Production, No. 58 (at p. 20))[1].

---

[1] In their response to this request for production, the Defendant Officers did not provide any evidence of their own inability to pay punitive damages. They attached a press release indicating that the City of East Cleveland is in a state of fiscal emergency. *See* Ex. B (press release at the end). But the City is not required to pay punitive damages under state law. So this is irrelevant to the question of whether any of the individual Defendant Officers would be unable to pay punitive damages.

In the event that the Court disagrees and permits any Defendant to present such evidence or argument (or in the event that the Defendants open the door at trial and suggest that the individual Defendants cannot pay a judgment), Plaintiffs should be allowed to introduce evidence about how any judgment against that individual Defendant for compensatory damages will be indemnified. *Lawson*, 153 F.3d at 380 ("After carefully reviewing the trial transcript, we are left with the conclusion that the defendants' detailed financial testimony opened the door concerning who likely would pay any judgment against them, and the district court abused its discretion in not allowing Lawson to rebut by telling the jury who likely would pay."); *Hill v. City of Chicago*, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011) (noting that when a defendant improperly puts on evidence of his or her financial condition at trial, the proper remedy is the admission of evidence about indemnification); *Gonzalez v. Olson,* 2015 WL 3671641, at *7 (N.D. Ill. June 12, 2015) ("But if Defendants plead poverty as to punitive damages, they open the door for Plaintiff to offer evidence of indemnification as to compensatory damages.").

**III.    Barring Appeal to Jurors as Taxpayers**

The City of East Cleveland is indemnitor of the individual Defendants in this action. Arguments that appeal to jurors' pecuniary interests as taxpayers are improper. *See United States v. Ahee*, 5 F. App'x 342, 356 (6th Cir. 2001); *Moore ex rel. Estate of Grady v. Tujela*, 546 F.3d 423, 429 (7th Cir. 2008) (declaring the following argument improper: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here."). All such arguments that appeal to the jurors as taxpayers should be barred under Rules 402 and 403.

WHEREFORE, Plaintiffs respectfully request that this Court bar any evidence or argument related to the individual Defendants' financial inability to pay a judgment entered against them, and barring appeal to jurors as taxpayers.

        Respectfully submitted,

        s/ Elizabeth Wang

| | |
|---|---|
| Mark Loevy-Reyes | Elizabeth Wang |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 311 N. Aberdeen St., 3rd Fl. | 2060 Broadway, Ste. 460 |
| Chicago, IL 60607 | Boulder, CO 80302 |
| O: (312) 243-5900 | O: (720) 328-5642 |
| mark@loevy.com | elizabethw@loevy.com |
| Counsel for Plaintiffs Wheatt and Glover | |

s/ Michael B. Pasternak

| | |
|---|---|
| Michael B. Pasternak | Brett Murner |
| Park Center II, Suite 411 | 208 North Main Street |
| 3681 South Green Road | Wellington, OH  44090 |
| Beachwood, OH  44122 | O: (440) 647-9505 |
| O: (216) 360-8500 | bmurner@yahoo.com |
| Mpasternak1@msn.com | |
| Counsel for Plaintiff Johnson | |

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on October 29, 2018, I served via CM/ECF the foregoing Plaintiffs' Motion *In Limine*.

        s/ Elizabeth Wang
        Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

        s/ Elizabeth Wang