IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DERRICK WHEATT and LAURESE GLOVER, <br><br> Plaintiffs <br><br> v. <br><br> CITY OF EAST CLEVELAND, *et al*. <br><br> Defendants. | No. 1:17-CV-377 & <br> No. 1:17-CV-611 (consolidated) <br><br> Judge James S. Gwin |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 7:**
**Barring All References to Fact that Plaintiffs' Petition in Ohio State Court for Compensation Under Ohio's Wrongful Conviction Compensation Statute**

Plaintiffs, Derrick Wheatt, Laurese Glover, and Eugene Johnson, through their attorneys, and hereby respectfully request that this Court grant their Motion *in Limine*, as follows:

Defendants may seek to introduce evidence or argument that Plaintiffs have filed a petition in Ohio courts for compensation under Ohio's wrongful conviction compensation statute. There is no probative value to this evidence; thus, it is fundamentally barred under Federal Rule of Evidence 401. Any mention of Plaintiffs' potential right to compensation from the State of Ohio is also prohibited by the collateral-source rule. Any suggestion that Plaintiffs might recover money from the State of Ohio for their injuries must be excluded on the ground that "'receipt of collateral benefits [for an injury] is deemed irrelevant and immaterial on the issue of damages'" in a civil trial. *Priolozzi v. Stanbro*, 2009 WL 2256950, at *2 (N.D. Ohio July 24, 2009) (Gwin, J.) (quoting *Honeysett v. Williams*, 2003 WL 25676461, at *8 (N.D. Ohio July 3, 2003)); *see also id.* ("The collateral source rule is applicable to damage questions in federal § 1983 actions.") (citing *Gill v. Maciejewski*, 546 F.3d 557, 565 (8th Cir. 2008); *Perry v. Larson*, 794 F.2d 279 (7th Cir. 1986)).

Ohio law provides a right of action to those wrongfully convicted to recover compensation from the State their wrongful imprisonment. *See* O.R.C. §§ 2743.48 and 2305.02. Plaintiffs filed for state compensation, but it is currently being opposed by the Ohio Attorney General's Office. Plaintiff's petition is still pending in the Court of Common Pleas of Cuyahoga County.

Furthermore, even if this evidence did tend to make a fact more or less probable (which it does not), it would still be excluded under Federal Rule of Evidence 403 since its minimal probative value would be substantially outweighed by the risk of unfair prejudice that jurors may conclude that Plaintiffs are improperly forum shopping by coming to this Court for relief, which jurors may believe are more hospitable to their claims. Jurors may then speculate that their claims lack merit because they also have not yet taken another path to compensation. Or the jury may erroneously and improperly speculate that Plaintiffs have not filed a petition because they are not innocent. To eliminate any such risk and streamline trial on the true issues in dispute, this type of evidence or argument should be barred.

WHEREFORE, Plaintiffs respectfully request that this Court bar any evidence or argument related to whether Plaintiffs have pursued any state law wrongful conviction compensation.

Respectfully submitted,

s/ Elizabeth Wang

Mark Loevy-Reyes
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
mark@loevy.com
Counsel for Plaintiffs Wheatt and Glover

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

| | |
|---|---|
| s/ Michael B. Pasternak | Brett Murner |
| Michael B. Pasternak | 208 North Main Street |
| Park Center II, Suite 411 | Wellington, OH 44090 |
| 3681 South Green Road | O: (440) 647-9505 |
| Beachwood, OH 44122 | bmurner@yahoo.com |
| O: (216) 360-8500 | |
| Mpasternak1@msn.com | |
| Counsel for Plaintiff Johnson | |

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on October 29, 2018, I served via CM/ECF the foregoing Plaintiffs' Motion *In Limine*.

s/ Elizabeth Wang
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

s/ Elizabeth Wang