IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DERRICK WHEATT and LAURESE GLOVER, </br></br> Plaintiffs </br></br> v. </br></br> CITY OF EAST CLEVELAND, *et al*. </br></br> Defendants. | No. 1:17-CV-377 & </br> No. 1:17-CV-611 (consolidated) </br></br> Judge James S. Gwin |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 9:**
**Barring All References to Defendants' Commendations, Awards, Complimentary History, or Job Evaluations**

Plaintiffs, Derrick Wheatt, Laurese Glover, and Eugene Johnson, through their attorneys, and hereby respectfully request that this Court grant their Motion *in Limine*, as follows:

Defendants may seek to introduce evidence of their "good character" by reference to prior work-related commendations, awards, complimentary history, or performance reviews. Plaintiffs object to this attempt to interject good character evidence into the trial. Rule 404(a) could not be clearer that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). Evidence of commendations and awards are not possibly relevant to an issue in this trial other than to suggest that Defendants conducted themselves as model officers. The evidence is irrelevant for that purpose *per se*.

Without some special circumstance, the admissibility of any such evidence is difficult to see. *See Palmer v. Allen*, No. 14-cv-12247, 2017 WL 218077, at *9-*10 (E.D. Mich. Jan. 19. 2017) (citing *United States v. Brown*, 503 F. Supp. 2d 239, 242 (D.D.C. 2007) ("Character evidence encompasses evidence of a defendant's prior commendations and awards … Such

information is not 'background evidence' because the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits.")); *see also Charles v. Cotter*, 867 F. Supp. 648, 659 n.6 (N.D. Ill. 1994) (explaining that "the court strongly suspects that evidence of defendants' commendations, awards or honors could only serve the improper function of providing evidence of defendants' character for the purpose of proving action in conformity therewith on the night in question."); *White v. Gerardot*, 2008 WL 4724000, at *2 (N.D. Ind. Oct. 24, 2008) (granting motion *in limine* to bar evidence of officer's awards as irrelevant); *Graham v. Bennett*, 2007 WL 781763, at *3 (C.D. Ill. Mar. 12, 2007) (barring evidence of officer's awards and commendations, because such "evidence would be more prejudicial than probative to the issue of whether Defendant used excessive force on the night in question. Evidence of prior commendations could serve the improper function of providing evidence of action in conformity with Defendant's prior good performance on the police force.").

The same considerations are true here. Any evidence of commendations or awards for Defendants' work would merely be inadmissible character evidence to prove conformity therewith. Such evidence is not admissible.

WHEREFORE, Plaintiffs respectfully request an order from this Court barring evidence of Defendants' commendations, awards, complimentary history, or job evaluations.

Respectfully submitted,

s/ Elizabeth Wang

| | |
|---|---|
| Mark Loevy-Reyes | Elizabeth Wang |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 311 N. Aberdeen St., 3rd Fl. | 2060 Broadway, Ste. 460 |
| Chicago, IL 60607 | Boulder, CO 80302 |
| O: (312) 243-5900 | O: (720) 328-5642 |
| mark@loevy.com | elizabethw@loevy.com |

2

Counsel for Plaintiffs Wheatt and Glover

s/ Michael B. Pasternak
Michael B. Pasternak
Park Center II, Suite 411
3681 South Green Road
Beachwood, OH 44122
O: (216) 360-8500
Mpasternak1@msn.com
Counsel for Plaintiff Johnson

Brett Murner
208 North Main Street
Wellington, OH 44090
O: (440) 647-9505
bmurner@yahoo.com

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on October 29, 2018, I served via CM/ECF the foregoing Plaintiffs' Motion *In Limine*.

s/ Elizabeth Wang
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

s/ Elizabeth Wang