IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | |
| | ) | Judge James S. Gwin |
| CITY OF EAST CLEVELAND, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS
AND PROPOSED VERDICT FORM,
<u>WITH DEFENDANTS' OBJECTIONS</u>**

Mark Loevy-Reyes
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
mark@loevy.com
*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

Michael B. Pasternak
Park Center II, Suite 411
3681 South Green Road
Beachwood, OH 44122
O: (216) 360-8500
Mpasternak1@msn.com
*Counsel for Plaintiff Eugene Johnson*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

Brett Murner
208 North Main Street
Wellington, OH 44090
O: (440) 647-9505
bmurner@yahoo.com

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the specific laws that govern this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**Source:** 6th Cir. Pattern Instruction 1.01 (modified)[1]


**Plaintiffs' Requested Instruction No. 1**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

---

[1] Because the Sixth Circuit only has pattern instructions for criminal cases, Plaintiffs propose instructions based on Supreme Court and Sixth Circuit case law and pattern instructions from other courts of appeals, including courts with pattern instructions for Section 1983 cases. Those pattern instructions are available at: Seventh Circuit Civil Pattern Jury Instructions: http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf; Ninth Circuit Civil Pattern Jury Instructions: http://www3.ce9.uscourts.gov/jury-instructions/model-civil; Third Circuit Civil Pattern Jury Instructions: http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions. Plaintiffs have also included instructions from Federal Jury Practice & Instructions, where appropriate.

**JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiffs have proven any of the Defendants liable by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

[The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.]

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Source:** 6th Cir. Pattern Instruction 1.02 (modified)

**Plaintiffs' Requested Instruction No. 2**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## ALL LITIGANTS EQUAL BEFORE THE LAW

      In this case Defendants Michael Perry, Vincent Johnstone, David Miklovich, and Charles Teel were police officers. Plaintiffs Derrick Wheatt, Laurese Glover, and Eugene Johnson are private citizens. All parties are equal before the law. Defendants and Plaintiffs are entitled to the same fair consideration.


**Source:** 3 Fed. Jury Practice & Instructions § 103.11 (6th ed.) (modified); 7th Cir. Pattern Jury Instruction 1.03 (modified)


**Plaintiffs' Requested Instruction No. 3**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

4

## NO INFERENCE FROM JUDGE'S QUESTIONS

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

**Source:** 3 Fed. Jury Practice & Instructions § 101:30 (6th ed.)

**Plaintiffs' Requested Instruction No. 4**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Source:** 6th Cir. Pattern Instruction 1.04 (modified); 7th Cir. Pattern Instruction 1.04, 1.06 (modified)

**Plaintiffs' Requested Instruction No. 5**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

6

## QUESTIONS NOT EVIDENCE

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**Source:** 3 Fed. Jury Practice & Instructions §103.34 (6th ed.)

**Plaintiffs' Requested Instruction No. 6**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Source:** 6th Cir. Pattern Instruction 1.05

**Plaintiffs' Requested Instruction No. 7**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Source:** 6th Cir. Pattern Instruction 1.06

**Plaintiffs' Requested Instruction No. 8**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Source:** 3 Federal Jury Practice & Instructions § 104.20

**Plaintiffs' Requested Instruction No. 9**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the plaintiffs or the defendants, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it

deserves.

**Source:** 6th Cir. Pattern Instruction 1.07

**Plaintiffs' Requested Instruction No. 10**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## PRIOR INCONSISTENT STATEMENTS

You may consider the statements approved by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Source:** 7th Cir. Pattern Jury Instruction 1.14

**Plaintiffs' Requested Instruction No. 11**

_____ Approved
_____ Rejected
\_\_\_x\_\_\_ Objected to
_____ Withdrawn

13

## DEPOSITION TESTIMONY

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Source**: 3 Fed. Jury Practice & Instructions § 105:02 (6th ed.)

**Plaintiffs' Requested Instruction No. 12**

_____ Approved
_____ Rejected
\_\_\_\_x\_\_\_ Objected to
_____ Withdrawn

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.


**Source:** 7th Cir. Pattern Jury Instruction 1.16


**Plaintiffs' Requested Instruction No. 13**

_____ Approved
_____ Rejected
\_\_\_x\_\_\_\_ Objected to
_____ Withdrawn

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**Source:** 6th Cir. Pattern Instruction 1.08

**Plaintiffs' Requested Instruction No. 14**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## JUROR NOTES

       Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

       Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**Source:** 6th Cir. Pattern Instruction 8.10

**Plaintiffs' Requested Instruction No. 15**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Source:** 7th Cir. Pattern Instruction 1.08

**Plaintiffs' Requested Instruction No. 16**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED**

  The law does not require any party to call as witnesses all persons who might have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Source:** 3 Fed. Jury Practice & Instructions § 105.11 (6th ed.)

**Plaintiffs' Requested Instruction No. 17**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

19

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Source:** 7th Cir. Pattern Jury Instruction 1.24

**Plaintiffs' Requested Instruction No. 18**

_____ Approved
_____ Rejected
\_\_\_\_x\_\_ Objected to
_____ Withdrawn

## LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims alleged in this case.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**Source:** 6th Cir. Pattern Jury Instruction No. 1.09

**Plaintiffs' Requested Instruction No. 19**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

21

## BURDEN OF PROOF

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**Source:** 3 Fed. Jury Practice & Instructions §§ 101.41, 104:04 (6th ed.)

**Plaintiffs' Requested Instruction No. 20**

_____ Approved
_____ Rejected
____x___ Objected to
_____ Withdrawn

**Defendants' Objection:**  The instruction should say that it is the Plaintiffs' burden to prove their claims by a preponderance of the evidence.

**Plaintiffs' Response:** The statement of the claims already includes that burden of proof is the Plaintiffs'.

**JUDICIAL NOTICE**

I have accepted as proven the fact that:

> There was no lawful or otherwise legitimate basis for the City of East Cleveland
> to refuse to produce the Clifton Hudson homicide file in response to the 1998
> public records request.

You must accept this fact as true for purposes of this case.

**Source:** 3 Fed. Jury Practice & Instructions § 102:20 (6th ed.)

**Plaintiffs' Requested Instruction No. 21**

_____ Approved
_____ Rejected
____x___ Objected to
_____ Withdrawn

## STIPULATIONS OF FACT

The parties have stipulated, or agreed, that

[*insert stipulations of fact*].

You must treat this fact as having been proven for the purpose of this case.


**Source:** 3 Fed. Jury Practice & Instructions § 102:11 (6th ed.)


**Plaintiffs' Requested Instruction No. 22**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**Defendants' Comment:** This is not applicable.

## STRICKEN TESTIMONY

Do not consider any stricken evidence. You must treat stricken evidence as though you had never heard or known of it.

**Source:** 3 Fed. Practice & Jury Instruction § 102.45 (6th ed.)

**Plaintiffs' Requested Instruction No. 23**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give or state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert is outweighed by other evidence, you may disregard the opinion entirely.

**Source:** 3 Fed. Jury Practice & Instructions § 104.40 (6th ed.)

**Plaintiffs' Requested Instruction No. 24**

_____ Approved
_____ Rejected
\_\_\_x\_\_\_\_ Objected to
_____ Withdrawn

 **Defendants' Objection:** Objection as to whether Michael O'Shea is an expert.

26

## PREFATORY INSTRUCTION TO THE CLAIMS

The plaintiffs in this case are Laurese Glover, Eugene Johnson, and Derrick Wheatt. I will refer to them as the Plaintiffs.

The defendants in this case are Michael Perry, David Miklovich, Vincent Johnstone, and Charles Teel. I will refer to them as the Defendants.

Plaintiffs claim that damages were sustained as a result of Defendants' deprivation under color of law of their right to due process, and of their Fourth Amendment right not to be detained without probable cause, which are secured by the United States Constitution, and a federal statute protecting the civil rights of all persons in the United States. Plaintiffs also allege that Defendants failed to intervene to prevent the violation of their constitutional rights, conspired to violate their rights, and intentionally inflicted emotional distress in violation of state law.

Section 1983 of Title 42 of the United States Code provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. More simply, Section 1983 allows people to sue officers of state governments for relief if those officers, while acting in an official capacity, violate a person's constitutional rights. To establish a claim under Section 1983, the plaintiff must show that each of the Defendants acted intentionally or recklessly.

Defendants deny these claims.

I will instruct you on the elements of each of Plaintiffs' claims.

The Plaintiffs have the burden of proving each and every element of their claims by a preponderance of the evidence. [The Defendants have the burden of proving any affirmative defenses by a preponderance of the evidence.]

**Source:** 3 Fed. Jury Practice & Instructions §§ 101:03, 165:50 (6th ed.) (modified); *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the Jury, Dkt. 138 at 77-78.

**Plaintiffs' Requested Instruction No. 25**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**FIRST CLAIM: DUE PROCESS—SUGGESTIVE IDENTIFICATION**

Plaintiffs' first claim is that Defendants Perry, Johnstone, and Miklovich violated their constitutional right to due process of law by using suggestive identification procedures.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove the following by a preponderance of the evidence:

1.      the identification procedure used was unnecessarily suggestive; and

2.      the witness's identification was not reliable.

In order to determine whether a witness's identification was reliable, you must consider the totality of the circumstances, including:

1.      the opportunity of the witness to view the Plaintiff at the initial observation;

2.      the witness's degree of attention;

3.      the accuracy of the witness's prior description of the Plaintiff;

4.      the level of certainty shown by the witness at the pretrial identification; and

5.      the length of time between the initial observation and the identification.

These factors must be weighed against any corrupting effect of the suggestive identification. You may also consider other factors, such as whether the witness and Plaintiffs were strangers and the witness's age.

If you find from your consideration of all the evidence that a Plaintiff or Plaintiffs have proven this proposition against any of the Defendants, then your verdict should be for that Plaintiff on this claim against that Defendant or Defendants and you should go on to consider the question of damages.

On the other hand, if you find that a Plaintiff or Plaintiffs have failed to prove any one of these things against a particular Defendant, then you should find for that Defendant on this claim.

**Source:** *Gregory v. City of Louisville*, 444 F.3d 725, 745-46 (6th Cir. 2006); *Haliym v. Mitchell*, 492 F.3d 680, 704, 706-07 (6th Cir. 2007); *Howard v. Bouchard*, 405 F.3d 459, 469-70, 472 (6th Cir. 2005); *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972); *Stovall v. Denno*, 388 U.S. 293, 302 (1967); *Manson v. Brathwaite*, 432 U.S. 98, 112 (1975); *United States v. Wade*, 388 U.S. 218, 228 (1967).

**Plaintiffs' Requested Instruction No. 26**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## SECOND CLAIM: DUE PROCESS—
## FABRICATION OF EVIDENCE & SUPPRESSION OF EVIDENCE

Plaintiffs' second claim is that Defendants Perry, Johnstone, and Miklovich violated their constitutional right to due process of law by fabricating evidence or concealing, withholding, or suppressing evidence favorable to them.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove by a preponderance of the evidence that the Defendant prevented Plaintiff from receiving a fair trial because evidence was knowingly fabricated, or evidence favorable to the Plaintiff was withheld, suppressed, or concealed from the Plaintiff, his defense lawyer, or the prosecutor.

If you find that the Defendant either fabricated evidence or withheld, suppressed, or concealed evidence, you must consider whether that action violated Plaintiffs' right to a fair trial.

Plaintiffs' right to a fair trial was violated if there was a reasonable probability that the result of their criminal proceeding would have been different if the fabricated evidence had not been introduced or if the withheld, suppressed, or concealed evidence had been disclosed.

It is not necessary that Plaintiffs prove that they would have been acquitted. It is enough that the fabricated or withheld evidence, taken together, undermines confidence in the outcome of the criminal proceedings.

If you find from your consideration of all the evidence that a Plaintiff or Plaintiffs have proven this proposition against any of the Defendants, then your verdict should be for that Plaintiff on this claim against that Defendant or Defendants and you should go on to consider the question of damages.

On the other hand, if you find that a Plaintiff or Plaintiff has failed to prove any one of these things against a particular Defendant, then you should find for that Defendant on this claim.

**Source:** *Gregory v. City of Louisville*, 444 F.3d 725, 737, 740-41 (6th Cir. 2006); *Spurlock v. Satterfield*, 167 F.3d 995, 998-99, 1005-06 (6th Cir. 1999); *Webb v. United States*, 789 F.3d 647, 667-70 (6th Cir. 2015); *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 682 (1985); *Moldowan v. City of Warren*, 578 F.3d 351, 379-81 (6th Cir. 2009); *see also* Seventh Circuit Proposed 1983 Jury Instructions 7.14; *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the Jury, Dkt. 138 at 78-79  (transcript attached as Ex. 1) (modified).[2]

## Plaintiffs' Requested Instruction No. 27

---

[2] Page numbers refer to the page numbers of the Doc. # at the top of the page.

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## THIRD CLAIM: FOURTH AMENDMENT—
## CONTINUED DETENTION WITHOUT PROBABLE CAUSE

Plaintiffs' third claim that Defendants Perry, Johnstone, Miklovich, and Teel caused their continued detention without probable cause, in violation of their rights under the Fourth Amendment of the U.S. Constitution.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove the following things by a preponderance of the evidence:

1.      a criminal proceeding was initiated against the Plaintiff, and the Defendant made, influenced, or participated in the decision to detain or prosecute the Plaintiff;

2.      there was no probable cause for the criminal proceeding;

3.      as a result of the criminal proceeding, the Plaintiff suffered a deprivation of liberty; and

4.      the criminal proceeding was resolved in the Plaintiff's favor.

An officer can "influence" a prosecution decision even if the officer never directly speaks with the prosecutor regarding the case. "Influence" over the prosecution is satisfied where the officer's investigatory materials contained "knowing misstatements," upon which the prosecutor relied in filing criminal charges or continuing a criminal prosecution.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to the Defendant would warrant a reasonably prudent person in believing that the Plaintiff had committed the crime of murder. An individual's mere presence at a crime scene does not constitute probable cause.

In this case, I instruct you that the third and fourth elements of the claim have been proven. The Plaintiffs suffered a deprivation of liberty, and the criminal proceedings were resolved in their favor.

[If Defendants dispute the fourth element, Plaintiffs then propose the following additional language:

A criminal proceeding has been resolved in the Plaintiff's favor when the criminal charges against the Plaintiff were dismissed without prejudice.]

If you find from your consideration of all the evidence that a Plaintiff or Plaintiffs have proven this proposition against any of the Defendants, then your verdict should be for that Plaintiff on this claim against that Defendant or Defendants and you should go on to consider the question of damages.

On the other hand, if you find that a Plaintiff or Plaintiff has failed to prove any one of these things against a particular Defendant, then you should find for that Defendant on this claim.

**Source:** *Mills v. Barnard*, 869 F.3d 473, 479-80 (6th Cir. 2017); *Miller v. Maddox*, 866 F.3d 386, 390-91 (6th Cir. 2017); *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015); *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); *Sykes v. Anderson*, 625 F.3d 294, 309-10, 314-17 (6th Cir. 2010); *Harris v. Bornhorst*, 513 F.3d 503, 515 (6th Cir. 2008); *Linetsky v. City of Solon*, 1:15-CV-52, 2016 WL 689276, at *13 (N.D. Ohio Nov. 23, 2016) (Gwin, J.) (holding that plaintiff's criminal prosecution was terminated in his favor where the charges were dismissed without prejudice); Dkt. 40 (Opinion and Order resolving East Cleveland Defendants' Motion to Dismiss) at 12; *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the jury, Dkt. 138 at 81 (transcript attached as Ex. 1).

**Plaintiffs' Requested Instruction No. 28**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## FOURTH CLAIM: FEDERAL LAW—FAILURE TO INTERVENE

Plaintiffs' fourth claim is that Defendants Perry, Johnstone, Miklovich, and Teel violated their constitutional rights by failing to intervene to stop harm caused by others.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove the following things by a preponderance of the evidence:

1.  Plaintiff's constitutional rights were violated;

2.  the Defendant you are considering knew that the Plaintiff's constitutional rights were being or were about to be violated;

3.  that Defendant had a realistic opportunity to do something to prevent harm from occurring;

4.  that Defendant failed to take reasonable steps to prevent harm from occurring; and

5.  that Defendant's failure to act caused damage to Plaintiff.

If you find from your consideration of all the evidence that a Plaintiff or Plaintiffs have proven this proposition against any of the Defendants, then your verdict should be for that Plaintiff on this claim against that Defendant or Defendants and you should go on to consider the question of damages.

On the other hand, if you find that a Plaintiff or Plaintiff has failed to prove any one of these things against a particular Defendant, then you should find for that Defendant on this claim.

**Source:** *Bunkley v. City of Detroit*, __ F.3d __, 2018 WL 4100841, at *9-*10 (6th Cir. Aug. 29, 2018); *Smith v. Ross*, 482 F.2d 33, 36-37 (6th Cir. 1973); 7th Cir. Pattern Jury Instruction No. 7.22.

**Plaintiffs' Requested Instruction No. 29**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

34

## FIFTH CLAIM: FEDERAL LAW—CONSPIRACY

Plaintiffs' fifth claim is that two or more of the Defendants conspired to deprive them of their rights under the U.S. Constitution.

To succeed on this claim as to the particular Defendant you are considering, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1.  the Defendant you are considering and one or more other people shared an agreement to deprive Plaintiff of his constitutional rights;

2.  the Defendant you are considering committed an overt act in furtherance of the conspiracy; and

3.  as a result of the agreement, Plaintiff's constitutional rights were violated.

The agreement can be proved by circumstantial evidence. It is not necessary that the agreement be explicit. Nor is it necessary that each of the people involved knew all the details of the plan or all of the participants involved. Express agreement among all conspirators is not necessary to find the existence of a conspiracy.

If you find from your consideration of all the evidence that a Plaintiff or Plaintiffs have proven this proposition against any of the Defendants, then your verdict should be for that Plaintiff on this claim against that Defendant or Defendants and you should go on to consider the question of damages.

On the other hand, if you find that a Plaintiff or Plaintiff has failed to prove any one of these things against a particular Defendant, then you should find for that Defendant on this claim.

**Source:** *Webb v. United States*, 789 F.3d 647, 670-71 (6th Cir. 2015); *Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016); *Libertarian Party of Ohio v. Husted*, 831 F.3d 382, 397 (6th Cir. 2016), *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012); *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

**Plaintiffs' Requested Instruction No. 30**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## SIXTH CLAIM: OHIO LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs' sixth claim that Defendants Perry, Johnstone, Miklovich, and Teel intentionally inflicted emotional distress upon them in violation of Ohio law.

To succeed on their claims as to the particular Defendant you are considering, Plaintiffs must prove the following by a preponderance of the evidence:

1.    that the Defendant intended to cause, or knew or should have known that his or her actions would result in serious emotional distress;

2.    that the Defendant's conduct was extreme and outrageous;

3.    that the Defendant's conduct was the proximate cause of Plaintiff's injury;

4.    that the mental anguish suffered by Plaintiff is serious.

If you find from your consideration of all the evidence that a Plaintiff or Plaintiffs have proven this proposition against any of the Defendants, then your verdict should be for that Plaintiff on this claim against that Defendant or Defendants and you should go on to consider the question of damages.

On the other hand, if you find that a Plaintiff or Plaintiff has failed to prove any one of these things against a particular Defendant, then you should find for that Defendant on this claim.

**Source:** *Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio App. Ct. 1983); *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 433 (6th Cir. 2012) (quoting *Burkes v. Stidham*, 668 N.E.2d 982, 989 (Ohio Ct. App. 1995); *Spence v. Donahoe*, 2013 WL 628524, *12 (6th Cir. 2013).


**Plaintiffs' Requested Instruction No. 31**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## PROXIMATE CAUSE

Plaintiffs must prove that the Defendant or Defendants' actions were a proximate cause of the injuries or damages they suffered. Injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or the omission played a substantial part in bringing about or actually causing the injury or damage to the Plaintiff, and that Plaintiffs' injury or damage was either a direct result or a reasonably foreseeable or probable consequence of the act or omission.

When a Defendant initiates a chain of events, that Defendant will be liable for the result of that chain of events if that result was a reasonably foreseeable consequence of his or her act or omission.

**Source:** *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 609 (6th Cir. 2007); *Malley v. Briggs*, 475 U.S. 335, 345 n.7 (1986); *Paige v. Coyner*, 614 F.3d 273, 280 (6th Cir. 2010); *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012); *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the jury, Dkt. 138 at 82 (excerpt attached as Ex. 1) (modified); *see also Suzik v. Sea-Land Corp.*, 89 F.3d 345, 348 (7th Cir. 1996) (cited in *Sheets v. Mullins*, 287 F.3d 581, 592 (6th Cir. 2002) (Cole, J., concurring)); *see also* 3 Fed. Jury Practice & Instructions § 165:50.

**Plaintiffs' Requested Instruction No. 32**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## OHIO LAW RELATING TO POWERS OF PROSECUTORS, RECORDS RETENTION, AND PUBLIC RECORDS

I instruct you that under Ohio law, the powers of a county prosecutor are limited. Prosecutors from the Cuyahoga County Prosecutor's Office, such as Deborah Naiman and Carmen Marino, do not have the authority under Ohio law to be legal advisers for the City of East Cleveland.

In 1998, it would not have been a willful violation of the law for a city to produce a police homicide file in response to a public records request.

In 1998, Ohio law required the City of East Cleveland to keep the original Clifton Hudson police homicide file, and the City was required not to remove, destroy, mutilate, transfer, or otherwise damage or dispose of the file, in whole or in part.

**Source:** O.R.C. § 149.351(A); O.R.C. §§ 308.08(A), 308.09(A); Dkt. 124 at 13-14.

**Plaintiffs' Requested Instruction No. 33**

_____ Approved
_____ Rejected
____x___ Objected to
_____ Withdrawn

## DAMAGES—GENERALLY

Plaintiffs are requesting compensatory damages and punitive damages.

If you find in favor of a Plaintiff against one or more of the Defendants on one or more of the Plaintiff's claims, then you will go on to consider the question of damages for that Plaintiff.

If you find in favor of all of the Defendants on all of a Plaintiff's claims, then you will not consider the question of damages for that Plaintiff.

**Source:** 7th Cir. Pattern Jury Instruction 7.23 (modified); 9th Cir. Pattern Jury Instruction 5.1 (modified).

**Plaintiffs' Requested Instruction No. 34**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## COMPENSATORY DAMAGES

You are to determine the amount of money that will fairly compensate the Plaintiffs for any injury that you find they sustained as a direct result of the Defendants' wrongful conduct. This is called "compensatory damages."

Damages mean an amount of money that will reasonably and fairly compensate the Plaintiffs for the deprivation of constitutional rights, conspiracy, or intentional infliction of emotional distress proximately caused by the Defendants.

The Plaintiffs must prove their damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental and emotional aspects of injury, even if they are not easy to measure.

You should consider only the following types of compensatory damages:

Any physical, mental, or emotional pain and suffering and the loss of a normal life that the Plaintiffs have experienced and are likely to experience in the future. No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiffs for any injury they have sustained.

**Source:** *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986) (observing that "out-of-pocket loss and other monetary harms [and] impairment of reputation …, personal humiliation, and mental anguish and suffering" were types of injuries for which compensatory damages may be recovered pursuant to Section 1983"); 7th Cir. Pattern Instruction 7.23 (modified); 9th Cir. Pattern Jury Instruction No. 5.2 (modified); 3d Cir. Proposed 1983 Instruction No. 3.8.1 (modified); *see also* 3 Fed. Jury Practice & Instructions § 165:70 (6th ed.)

**Plaintiffs' Requested Instruction No. 35**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## PUNITIVE DAMAGES

In addition to compensatory damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of a Plaintiff and against one or more of the Defendants, and if you find that the conduct of that Defendant was recklessly and callously indifferent to the Plaintiff's constitutional rights, then, in addition to any other damages to which you find the Plaintiff entitled, you may, but are not required to, award that Plaintiff an additional amount as punitive damages if you find it is appropriate to punish or deter the Defendant and others from like conduct in the future. Whether to award the Plaintiffs punitive damages and the amount of these damages are within your sound discretion.

You may assess punitive damages against any or all of the Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

**Source:** 3 Fed. Jury Practice & Instructions § 165:71 (6th ed.)

**Plaintiffs' Requested Instruction No. 36**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

41

## DELIBERATIONS

The verdict must represent the considered judgment of each juror. In order to return a verdict, it's necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without disregard to your individual judgment. You must each decide the case for yourself, but only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinions if convinced that it had been erroneous. But do not surrender your honest convictions as to the weight or the effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisans, you are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Now, remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your independent recollection of the evidence or the lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of this case.

Now, upon retiring to the jury room you will select one of your number to serve as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

During the trial, several items were received into evidence as exhibits. We do have a computer system in the deliberation room that enables you to view exhibits electronically. You'll get some instructions on that when you go to begin your deliberations.

**Source:** *Ayers v. City of Cleveland*, 1:12-CV-753-JG, Transcript of Instructions read to the jury (excerpt attached as Ex. 1), Dkt. 138 at 88.

## Plaintiffs' Requested Instruction No. 37

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**Source:** 6th Cir. Pattern Instruction 8.02

**Plaintiffs' Requested Instruction No. 38**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

**VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

For each claim, if you decide that the particular Plaintiff has proved his claim against the particular Defendant, say so by having your foreperson mark the appropriate place on the form. If you decide that the particular Plaintiff has not proved his claim against the particular Defendant, say so by having your foreperson mark the appropriate place on the form.

Each of you should then sign the form, put the date on it, and return it to me.

**Source:** 6th Cir. Pattern Jury Instruction 8.06 (modified).


**Plaintiffs' Requested Instruction No. 39**

_____ Approved
_____ Rejected
_____ Objected to
_____ Withdrawn

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Laurese Glover's Federal § 1983 Claims** |
| | ) | **against Vincent Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Vincent Johnstone violated Plaintiff's due process rights, caused

his continued detention without probable cause, failed to intervene, or conspired to violate

Plaintiff's constitutional rights, and that Defendant Johnstone's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                            FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) ) | **Derrick Wheatt's Federal § 1983 Claims against Vincent Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Vincent Johnstone violated Plaintiff's due process rights, caused

his continued detention without probable cause, failed to intervene, or conspired to violate

Plaintiff's constitutional rights, and that Defendant Johnstone's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

46

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Eugene Johnson's Federal § 1983 Claims** |
| | ) | **against Vincent Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Vincent Johnstone violated Plaintiff's due process rights, caused

his continued detention without probable cause, failed to intervene, or conspired to violate

Plaintiff's constitutional rights, and that Defendant Johnstone's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                           FOREPERSON

47

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) ) | **Laurese Glover's Federal § 1983 Claims against David Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant David Miklovich violated Plaintiff's due process rights, caused

his continued detention without probable cause, failed to intervene, or conspired to violate

Plaintiff's constitutional rights, and that Defendant Miklovich's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                            FOREPERSON

48

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Eugene Johnson's Federal § 1983 Claims** |
| | ) | **against David Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance of

the evidence that Defendant David Miklovich violated Plaintiff's due process rights, caused his

continued detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Miklovich's actions proximately caused Plaintiff's

injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

49

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) | **VERDICT** |
| CITY OF EAST CLEVELAND, et al. | ) ) | **Derrick Wheatt's Federal § 1983 Claims against David Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant David Miklovich violated Plaintiff's due process rights, caused

his continued detention without probable cause, failed to intervene, or conspired to violate

Plaintiff's constitutional rights, and that Defendant Miklovich's actions proximately caused

Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                         FOREPERSON

50

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Laurese Glover's Federal § 1983 Claims** |
| | ) | **against Michael Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Michael Perry violated Plaintiff's due process rights, caused his

continued detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                            FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Derrick Wheatt's Federal § 1983 Claims** |
| | ) | **against Michael Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Michael Perry violated Plaintiff's due process rights, caused his

continued detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                        FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Eugene Johnson's Federal § 1983 Claims** |
| | ) | **against Michael Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Michael Perry violated Plaintiff's due process rights, caused his

continued detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Laurese Glover's Federal § 1983 Claims** |
| | ) | **against Charles Teel** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Charles Teel violated Plaintiff's due process rights, caused his

continued detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                   FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Derrick Wheatt's Federal § 1983 Claims** |
| | ) | **against Charles Teel** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Charles Teel violated Plaintiff's due process rights, caused his

continued detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of

November, 2018.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____
                                                FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

DERRICK WHEATT and LAURESE          )
GLOVER,                             )
                                    )    No. 1:17-CV-377 &
            Plaintiffs              )    No. 1:17-CV-611 (consolidated)
                                    )
        v.                          )    **VERDICT**
                                    )
CITY OF EAST CLEVELAND, et al.      )    **Eugene Johnson's Federal § 1983 Claims**
                                    )    **against Charles Teel**
            Defendants.             )

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Charles Teel violated Plaintiff's due process rights, caused his

continued detention without probable cause, failed to intervene, or conspired to violate Plaintiff's

constitutional rights, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

        Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                        FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) | |
| | ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Laurese Glover's Ohio State Law Claim** |
| | ) | **against Charles Teel** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Charles Teel intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____
                                      FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Derrick Wheatt's Ohio State Law Claim** |
| | ) | **against Charles Teel** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Charles Teel intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

|                                         |   |                                         |
|-----------------------------------------|---|-----------------------------------------|
| DERRICK WHEATT and LAURESE GLOVER,      | ) |                                         |
|                                         | ) |                                         |
|                                         | ) | No. 1:17-CV-377 &                       |
| Plaintiffs                              | ) | No. 1:17-CV-611 (consolidated)          |
|                                         | ) |                                         |
| v.                                      | ) | **VERDICT**                             |
|                                         | ) |                                         |
| CITY OF EAST CLEVELAND, et al.          | ) | **Eugene Johnson's Ohio State Law Claim** |
|                                         | ) | **against Charles Teel**                |
| Defendants.                             | ) |                                         |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Charles Teel intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Teel's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                         FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Laurese Glover's Ohio State Law Claim** |
| | ) | **against Michael Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Michael Defendant Perry intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

60

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Derrick Wheatt's Ohio State Law Claim** |
| | ) | **against Michael Perry** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Michael Perry intentionally inflicted emotional distress against

Plaintiff, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

DERRICK WHEATT and LAURESE   )
GLOVER,                               )
                                   )   No. 1:17-CV-377 &
          Plaintiffs       )   No. 1:17-CV-611 (consolidated)
                                 )
     v.                   )   **VERDICT**
                                 )
CITY OF EAST CLEVELAND, et al.   )   **Eugene Johnson's Ohio State Law Claim**
                                 )   **against Michael Perry**
       Defendants.    )

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Michael Perry intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Perry's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this ____ day of

November, 2018.

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____
                                                       FOREPERSON

62

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Laurese Glover's Ohio State Law Claim** |
| | ) | **against Vincent Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Vincent Johnstone intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Johnstone's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                            FOREPERSON

63

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) | **VERDICT** |
| CITY OF EAST CLEVELAND, et al. | ) ) | **Derrick Wheatt's Ohio State Law Claim against Vincent Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Vincent Johnstone intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Johnstone's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                            FOREPERSON

64

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Eugene Johnson's Ohio State Law Claim** |
| | ) | **against Vincent Johnstone** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant Vincent Johnstone intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Johnstone's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

65

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Laurese Glover's Ohio State Law Claim** |
| | ) | **against David Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Laurese Glover _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant David Miklovich intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Miklovich's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this ـــــ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                            FOREPERSON

66

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **VERDICT** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) | **Derrick Wheatt's Ohio State Law Claim** |
| | ) | **against David Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Derrick Wheatt _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant David Miklovich intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Miklovich's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

67

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| Plaintiffs | ) ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) |
| v. | ) ) | **VERDICT** |
| CITY OF EAST CLEVELAND, et al. | ) ) | **Eugene Johnson's Ohio State Law Claim against David Miklovich** |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

We, the Jury in this case, having been duly impaneled and sworn find that Plaintiff

Eugene Johnson _____ (enter "has proven" or "has not proven") by a preponderance

of the evidence that Defendant David Miklovich intentionally inflicted emotional distress upon

Plaintiff, and that Defendant Miklovich's actions proximately caused Plaintiff's injuries.

Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON

68

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK WHEATT and LAURESE GLOVER, | ) ) ) | |
| | ) | No. 1:17-CV-377 & |
| Plaintiffs | ) | No. 1:17-CV-611 (consolidated) |
| | ) | |
| v. | ) | **COMPENSATORY DAMAGES** |
| | ) | |
| CITY OF EAST CLEVELAND, et al. | ) ) | (only to be filled out if you find for any Plaintiff on any claim) |
| Defendants. | ) | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     We, the jury, award Plaintiff Laurese Glover, compensatory damages in the amount of

$_____.

     We, the jury, award Plaintiff Eugene Johnson, compensatory damages in the amount of

$_____.

     We, the jury, award Plaintiff Derrick Wheatt, compensatory damages in the amount of

$_____.

     Each of us Jurors concurring in said verdict signs his/her name hereto this _____ day of

November, 2018.

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____
                                     FOREPERSON

**PUNITIVE DAMAGES**

We, the jury, award Plaintiff Laurese Glover, punitive damages against the following

Defendants in the following amounts:

Defendant Vincent Johnstone in the amount of $_____.

Defendant David Miklovich in the amount of $_____.

Defendant Michael Perry in the amount of $_____.

Defendant Charles Teel in the amount of $_____.


We, the jury, award Plaintiff Eugene Johnson, punitive damages against the following

Defendants in the following amounts:

Defendant Vincent Johnstone in the amount of $_____.

Defendant David Miklovich in the amount of $_____.

Defendant Michael Perry in the amount of $_____.

Defendant Charles Teel in the amount of $_____.


We, the jury, award Plaintiff Derrick Wheatt, punitive damages against the following

Defendants in the following amounts:

Defendant Vincent Johnstone in the amount of $_____.

Defendant David Miklovich in the amount of $_____.

Defendant Michael Perry in the amount of $_____.

Defendant Charles Teel in the amount of $_____.

Respectfully submitted,

                                        s/ Elizabeth Wang

Mark Loevy-Reyes                               Elizabeth Wang
LOEVY & LOEVY                                LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.                2060 Broadway, Ste. 460
Chicago, IL 60607                         Boulder, CO 80302
O: (312) 243-5900                        O: (720) 328-5642
mark@loevy.com                         elizabethw@loevy.com
*Counsel for Plaintiffs Derrick Wheatt and Laurese Glover*

s/ Michael B. Pasternak
Michael B. Pasternak                     Brett Murner
Park Center II, Suite 411               208 North Main Street
3681 South Green Road                Wellington, OH  44090
Beachwood, OH  44122                O: (440) 647-9505
O: (216) 360-8500                      bmurner@yahoo.com
Mpasternak1@msn.com
*Counsel for Plaintiff Eugene Johnson*

## <u>CERTIFICATE OF SERVICE</u>

       I, Elizabeth Wang, an attorney, hereby certify that on October 29, 2018, I served via CM/ECF the foregoing Plaintiffs' Proposed Jury Instructions and Proposed Verdict Forms, which delivered an electronic copy to all counsel of record.

                                      s/ Elizabeth Wang
                                      Attorney for Plaintiff