IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DERRICK WHEATT and LAURESE GLOVER, ) ) ) Plaintiffs ) ) v. ) ) CITY OF EAST CLEVELAND, *et al.* ) ) Defendants. ) | No. 1:17-CV-377 & No. 1:17-CV-611 (consolidated) Judge James S. Gwin |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'**
**REQUEST TO DEFER JUDGMENT ON THE VERDICT**

Plaintiffs, Derrick Wheatt, Laurese Glover, and Eugene Johnson, through their attorneys, hereby respectfully oppose Defendants' Request to Defer Judgment on the Verdict Per FRCP 58 Until After Resolution of Post-Trial Motions [Dkt. 355]:

1. On November 15, 2018, the jury rendered general verdicts in favor of Plaintiffs in this case, in the total amount of $15,000,000.00. *See* Dkt. 349.

2. Judgment on the verdicts should be promptly entered, because "[s]ubject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: (A) the jury returns a general verdict …." Fed. R. Civ. P. 58(b)(1)(A). Furthermore, "[t]he interests of justice are best served by the District Court avoiding unnecessary delay in the entry of judgment." *Jetero Const. Co., Inc. v. South Memphis Lumber Co., Inc.*, 531 F.2d 1348, 1352 (6th Cir. 1976).

3. Defendants argue that the Court should not enter judgment until the Court considers their motion for reconsideration on denial of their Rule 50(a) motion and their Rule 59 and/or Rule 60 motion. *See* Dkt. 355. They have it backwards. "[A] District

Court's disposition of an action is not final for purposes of appeal and for purposes of various post-judgment motions until judgment has been entered." *Jetero Const. Co., Inc.*, 531 F.2d at 1352. The Federal Rules contemplate that post-trial motions are to be filed *after* judgment is entered. *See* Fed. R. Civ. P. 59, 60. And there is no such thing as a motion to "reconsider" the Court's denial of Defendants' Rule 50(a) motion; after the case has been submitted to the jury and there is a verdict, there cannot be "reconsideration" of a Rule 50(a) motion.[1]

4. In sum, there is no reason to delay entry of judgment. After judgment is entered, the Defendants may still pursue their post-trial motions.[2] And, once judgment is entered, Plaintiffs will be able to file their bill of costs and attorneys' fee petition, which are also normally filed *after* entry of judgment. *See* Fed. R. Civ. P. 54(d). Furthermore, until judgment is entered, Plaintiffs cannot pursue action to enforce the judgment, or move to reinstate Plaintiffs' indemnification claim against the City of East Cleveland. *See* Dkt. 124 at 38 (order dismissing indemnification claim at Count XI as not ripe because no judgment had yet been entered).

WHEREFORE, Defendants' request to defer entry of judgment should be denied and judgment on the verdicts should be entered forthwith.

|  | Respectfully submitted, |
|---|---|
|  | s/ Elizabeth Wang |

| Mark Loevy-Reyes | Elizabeth Wang |
|---|---|
| LOEVY & LOEVY | LOEVY & LOEVY |
| 311 N. Aberdeen St., 3rd Fl. | 2060 Broadway, Ste. 460 |

---

[1] Defendants did not file their motion under Rule 50(b). *See* Dkt. 351. But even if Defendants' motion for reconsideration were construed as a Rule 50(b) motion, such motions are also normally filed *after* entry of judgment. Fed. R. Civ. P. 50(b).

[2] Indeed, the Court granted Plaintiffs' motion for an extension of time to file a response to Defendants' post-trial motions. *See* Non-document Order dated 11/28/18.

| | |
|---|---|
| Chicago, IL 60607 | Boulder, CO 80302 |
| O: (312) 243-5900 | O: (720) 328-5642 |
| mark@loevy.com | elizabethw@loevy.com |
| *Counsel for Plaintiffs Wheatt and Glover* | |

s/ Michael B. Pasternak

| | |
|---|---|
| Michael B. Pasternak | Brett Murner |
| Park Center II, Suite 411 | 208 North Main Street |
| 3681 South Green Road | Wellington, OH  44090 |
| Beachwood, OH  44122 | O: (440) 647-9505 |
| O: (216) 360-8500 | bmurner@yahoo.com |
| Mpasternak1@msn.com | |
| *Counsel for Plaintiff Johnson* | |

## **CERTIFICATE OF SERVICE**

I, Elizabeth Wang, an attorney, hereby certify that on November 28, 2018, I served via CM/ECF the foregoing Plaintiffs' Response.

s/ Elizabeth Wang
Attorney for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 15-page limitation for memoranda relating to a non-dispositive motion in a case assigned to the Standard Track.

s/ Elizabeth Wang