**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DERRICK WHEATT,** *et al.,*     ) | **CASE NOs.: 1:17-CV-0377** |
| ) | **and 1:17-CV-0611** |
| **Plaintiffs,**     ) | |
| ) | **JUDGE JAMES S. GWIN** |
| **v.**     ) | |
| ) | **MAGISTRATE JUDGE WILLIAM H** |
| **CITY OF EAST CLEVELAND,** *et al.*,     ) | **BAUGHMAN, JR.,** |
| ) | |
| **Defendants.**     ) | |

**CITY DEFENDANTS MOTION TO OFFSET $15 MILLION JURY VERDICT BY THE $4.5 MILLION SETTLEMENT MADE BY SETTLING DEFENDANT CUYAHOGA COUNTY**

NOW Comes City Defendants by and through their Attorney, Willa Hemmons, Esq. who hereby moves this Honourable Court for a reduction of the $15, Million Jury Verdict rendered on November 15, 2018 by at least the $4.5 Million Settlement previously entered into between Co-Defendant Cuyahoga County and the three Plaintiffs Derrick Wheatt, Laurese Glover and Eugene Johnson for the reason set forth below.

In the case *McDermott, Inc. v. AmClyde, et al,* 511 U.S. 202 (1994), the United States Supreme Court supports this request for offset where the Court decided "…the proportionate share rule announced in this opinion applies when there has been a settlement.  In such cases, the plaintiff's recovery against the settling defendant has been limited not by outside forces, but by its own agreement to settle.  There is no reason to allocate any shortfall to the other defendants, who were not parties to the settlement.  Just as the other defendants are not entitled to a reduction

in liability when the plaintiff negotiates a generous settlement…so they are not required to shoulder disproportionate liability when the plaintiff negotiates a meager one."

In their opinion, the *McDermott, Inc.* Court also explained that, " Joint and several liability applies when there … has been a judgment against multiple defendants. It can result in one defendant's paying more than its apportioned share of liability when the plaintiff's recovery from other defendants is limited by factors beyond the plaintiff's control, such as a defendant's insolvency. When the limitations on the plaintiff's recovery arise from outside forces, joint and several liability makes the other defendants, rather than an innocent plaintiff, responsible for the shortfall."

Such judge-made rationale lays a strong foundation at this point for the City's Defendants request that the Court in the instant case to offset the $15 Million Jury Verdict with the $4.5 Million already paid them by the Cuyahoga County Defendants. This is particularly true since the Court granted Plaintiffs' *Motion in Limine* to prohibit any reference to the settlement.

WHEREFORE, and by reason of the foregoing, the City Defendants hereby move the Court to GRANT their request and immediately reduce the $15 Million Jury Verdict against them to the offset amount of $10.5 Million.

Respectfully submitted,

/s/ *Willa M. Hemmons*
Willa M. Hemmons, Esq. (0041790)
Law Director
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for the City of East Cleveland, Vincent K. Johnstone, Michael C. Perry

## CERTIFICATE OF SERVICE

A true and accurate copy of *City Defendants Motion to Offset $15 Million Jury Verdict by the $4.5 Million Settlement Made by Ssettling Defendant Cuyahoga County* was electronically filed with the Court on this 28th day of November, 2018; and that by operation of this Court's electronic notification system a copy thereof is made available to all registered parties. In addition, a courtesy copy of this filing has been served by email to Howard S. Rabb, Esq., bankruptcy counsel for Defendant Michael Perry, at: hrabb@dworkenlaw.com.

*/s/ Willa M. Hemmons*
Attorney for City Defendants