**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DERRICK WHEATT**, *et al.*, | ) | CASE NOs.: 1:17-CV-0377 |
| | ) | and 1:17-CV-0611 |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE JAMES S. GWIN** |
| v. | ) | |
| | ) | **MAGISTRATE JUDGE WILLIAM H** |
| **CITY OF EAST CLEVELAND**, *et al.*, | ) | **BAUGHMAN, JR.,** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' REPLY TO
PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTIONS FOR RELIEF FROM JUDGMENT UNDER RULE 60**

This issue here whether Plaintiffs should be allowed to take advantage of a mutual mistake wherein certain evidence was mistakenly stipulated to as being exculpatory; brightly illustrates the legal maxim: "He who seeks equity, must do equity."

In this Section 1983 action, Plaintiffs gained unwarranted leverage, through the mutual mistaken submission of an incorrect *Amended (Proposed) Final Pretrial Order* that erroneously provided a stipulation that the Petty brothers' statements were exculpatory; which stipulation was later then carried forward and reflected in the Jury Instructions given by the Court, resulting in a gross miscarriage of justice.

It is urged that as the evidence supplied through email exchange between the parties, clearly demonstrates that a mutual mistake had occurred, that this Court must find that reformation of the *Amended Final Pretrial Order* is proper as it would serve to affect the parties' intentions. (See *Simpson v. Curtis*, 351 S.W.3d 374, 379 (Tex. App.-Tyler 2010, no pet.).

However, while Plaintiffs recognize that at trial, Defendants strongly argued that the Petty brothers' statements were not exculpatory, (see Dkt. 378 at p. 4) and indeed although Plaintiffs addressed Defendants' summary judgment argument that the exculpatory nature of the Petty statements was not apparent because they were "internally inconsistent." See Dkt. 93 at 6; Plaintiffs now take the incongruous position that the characterization of the Petty brothers statements was a matter stipulated to by the parties as being exculpatory after persistently ignoring Defendants' protestations to the contrary.

In a further attempt to advance their argument that they should profit from this "mutual mistake" Plaintiffs argue that "with respect to the section on uncontroverted facts, this section is for facts that are admitted in the pleadings or stipulated to by counsel. See Dkt. 378 at p. 4.

Plaintiffs' argument essentially that the characterization of the Petty brothers' statements were admittedly exculpatory falls flat as a review of the procedural history of this case demonstrates their argument as lacking basis.

In this regard, on November 2, 2017, the City Defendants filed their *Motion for Leave to File Amended Answer to Plaintiffs' Complaint*. See Doc. # 123. As recognized by Plaintiffs, among other issues the City Defendants sought to deny the exculpatory nature of the Petty brothers' statements. See Doc. # 125 at. P. 2. In resolution of the City Defendants' *Motion for Leave to File Amended Answer to Plaintiffs' Complaint,* this Court held:

> "The City Defendants also argue that Plaintiffs' Brady claim is not supported by the record. The City Defendants made this argument in their summary judgment briefing, and now seek to amend their answer to reflect their more recent arguments. The City Defendants' original answer already largely reflects this argument.25 Their proposed amendment would change that the City Defendants now deny the exculpatory nature of any allegedly undisclosed statements.26 Because Plaintiffs have already responded to the substance of this argument in

2

>their summary judgment briefing, they would not be prejudiced by amendment. **The Court therefore GRANTS the City Defendants' leave to amend their answer to reflect that they deny the exculpatory nature of any statements**.

See Doc #: 126, p. 5. (Emphasis added).

Plaintiffs then finalizes their arguments asserting that, "…even after the Amended FPTO was filed on October 29, 2018, Defendants did not raise any issue concerning the stipulated facts or admissions. Defendants did not raise it in the entire two week-period before trial began on November 13, 2018. Fourth, Defendants did not raise any issue about the stipulated facts or admissions during the jury instruction conference." See Doc #: 378, p. 5.

This Court is respectfully urged that as the email exchange between the parties clearly showed the parties' intent that the characterization of the Petty brothers' statements was a matter that the parties had not been stipulated to, that under the doctrine of judicial estoppel, which, as studied *supra* is clearly applicable here. "The doctrine of judicial estoppel prevents a party who 'assumes a certain position in a legal proceeding, and succeeds in maintaining that position,' from later 'assum[ing] a contrary position.'" *Scudder v. Dolgencorp, LLC*, 900 F.3d 1000, 1006 (8th Cir. 2018) (alteration in original) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). Three considerations "typically inform the decision whether to apply the doctrine in a particular case:" 1) "a party's later position must be clearly inconsistent with its earlier position," 2) whether the party "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled," and 3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (quotations omitted).Without further argument, this Court is urged to find that through a mutual

mistake, the parties submitted an incorrect *Amended (Proposed) Final Pretrial Order* which against the parties' intent provided a stipulation that the Petty brothers' statements were exculpatory.

WHEREFORE, and by the reason of the facts of this case; and a study of the law as set forth above Defendants pray that their previously entered Rule 60 motions (Dkt. # 363, 365 and 367) be granted.

Respectfully submitted,

/s/ *Willa M. Hemmons*
Willa M. Hemmons, Esq. (0041790)
Law Director
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for Vincent K. Johnstone

**CERTIFICATE OF SERVICE**

A true and accurate copy of *Defendants' Reply to Plaintiffs' Consolidated Response In Opposition To Defendants' Motions for Relief from Judgment Under Rule 60* was electronically filed with the Court on this 28th day of December, 2018; and that by operation of this Court's electronic notification system a copy thereof is made available to all registered parties.

*/s/ Willa M. Hemmons*
Attorney for City Defendants

;