UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | |
|---|---|
| DERRICK WHEATT, *et al.*, : | CASE NOS. 1:17-CV-377 & |
| : | 1:17-CV-611 (consolidated) |
| Plaintiffs, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 396] |
| CITY OF EAST CLEVELAND, *et al.*, : | |
| : | |
| Defendants. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 15, 2018, Plaintiffs Derrick Wheatt, Laurese Glover, and Eugene Johnson won a jury verdict against Defendants Vincent Johnstone and Michael Perry.[1] Defendant Michael Perry later died on December 9, 2018.[2]

Plaintiffs now move to substitute Karen Perry, as Executor of Michael Perry's Estate, in place of Michael Perry.[3] Defendant City of East Cleveland opposes;[4] Plaintiffs reply.[5]

The Court grants Plaintiffs' motion because the requested substitution complies with the relevant Federal Rule of Civil Procedure requirements.

## I. Legal Standard

If a party dies and the claim is not extinguished, the Court may order substitution of the proper party.[6] After the filing and service of a death notice, any party or the decedent's successor or representative may move for substitution.[7] If the motion is not made within

---

[1] Doc. 359.
[2] Doc. 393.
[3] Doc. 396.
[4] Doc. 398; Doc. 401.
[5] Doc. 399.
[6] Fed. R. Civ. P. 25(a)(1).
[7] Fed. R. Civ. P. 25(a).

Case Nos. 1:17-cv-377 & 1:17-cv-611
Gwin, J.

90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.[8]

Rule 25(a) requires two affirmative steps to trigger the running of the 90-day deadline for the substitution motion.[9] First, a death notice must be made upon the record.[10] Second, the death notice must be served upon the parties, as provided in Rule 5, and upon nonparties, as provided in Rule 4.[11]

## II. Analysis

Plaintiffs' motion complies with the Rule 25(a) procedural requirements. Plaintiffs filed the death notice on July 9, 2019.[12] Plaintiffs served the notice on all Parties in accordance with Rule 5 and on nonparty Karen Perry in accordance with Rule 4.[13] Within 90 days of filing and serving the notice, Plaintiffs moved for substitution.[14]

Defendant East Cleveland argues that Plaintiffs' motion to substitute should be denied as untimely. It contends that the 90-day deadline commenced December 19, 2018, when East Cleveland referenced Perry's death in a court filing.[15]

Defendant's argument is unpersuasive. As described above, Rule 25 gives the 90-day deadline triggering requirements. A notice must be (1) filed with the court and (2) served on all parties in accordance with Rule 5 and on all nonparties in accordance

---

[8] *Id.*
[9] *Lawson v. Cty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *4-5 (E.D. Mich. Oct. 23, 2012).
[10] Fed. R. Civ. P. 25(a)(3); *Golden Gate Nat'l Senior Care, LLC v. Slaven*, No. CV 5:17-161-KKC, 2018 WL 1474072, at *4 (E.D. Ky. Mar. 26, 2018).
[11] Fed. R. Civ. P. 25(a)(3); *Golden Gate Nat'l Senior Care*, 2018 WL 1474072, at *4.
[12] Doc. 393.
[13] *See id.*
[14] Doc. 396.
[15] Doc. 401 (citing Doc. 374 at 2).

-2-

Case Nos. 1:17-cv-377 & 1:17-cv-611
Gwin, J.

with Rule 4.[16] Defendant's December 2018 reference to Michael Perry's death did not satisfy the service requirement and therefore did not trigger the 90-day deadline.

### III. Order

The Court **GRANTS** Plaintiffs' motion to substitute Karen Perry, as Executor of Michael Perry's Estate, as the Defendant in place of Michael Perry.

IT IS SO ORDERED.

Dated: October 22, 2019                                  *s/     James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[16] Fed. R. Civ. P. 25(a)(3); *Golden Gate Nat'l Senior Care*, 2018 WL 1474072, at *4.