UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------

DERRICK WHEATT, *et al.*,  :
:
       Plaintiff,  :    CASE NO. 1:17-CV-00377
:
   v.  :    OPINION & ORDER
:    [Resolving Doc. 405]
CITY OF EAST CLEVELAND, *et al.*,  :
:
       Defendants.  :
:
-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 22, 2019, the Court granted Plaintiff's motion to substitute Karen Perry, as Executor of Michael Perry's Estate, in place of Michael Perry.[1] Later that same day, Defendants moved the Court to reconsider the order, repeating its previously asserted arguments.[2]

The Federal Rules of Civil Procedure do not expressly authorize motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated as a motion to alter or amend a judgment under Civil Rule 59(e).[3] A court may grant a motion to amend or alter its judgment if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) manifest injustice.[4]

---

[1] Doc 404.
[2] Doc. 405.
[3] *See Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").
[4] *Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

Case No. 1:17-CV-00377
Gwin, J.

A reconsideration motion does not give an opportunity to repeat arguments or to present new legal theories.[5] When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not a motion for reconsideration "but appeal to the Sixth Circuit."[6]

In their instant motion, Defendants make the same arguments they advanced in their original opposition to the motion to substitute.[7] Defendants argue that Plaintiffs' motion to substitute should be denied as untimely.[8] They contend that the Rule 25 substitution deadline was triggered on December 19, 2018, when East Cleveland referenced Perry's death in a court filing.[9]

As the Court explained in its original order, the December 19, 2018 filing did not trigger the Civil Rule 25 substitution deadline because the filing did not meet Rule 25's service requirements—namely, it was not served on nonparty Karen Perry under Civil Rule 4. Thus, the Court properly denied Defendants' motion for substitution.

In their briefing on this motion, Plaintiffs point out that Defendants have filed motions to reconsider as a matter of course in this litigation.[10] Plaintiffs further contend that such vexatious tactics "should subject defense counsel—personally—to fees and costs under 28 U.S.C. § 1927"—though they do not seek such fees at this time.[11]

The Court will not impose any sanctions in this order. However, the Court cautions the Parties to avoid further frivolous motions.

---

[5] *See* Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).
[6] Dana Corp. v. United States, 764 F. Supp. 482, 489 (N.D. Ohio 1991).
[7] *Compare* Doc. 401, *with* Doc. 405, *and* Doc. 407.
[8] Doc. 405 at 1; Doc. 407 at 2.
[9] Doc. 405 at 1; Doc. 407 at 2.
[10] Doc. 406 (citing Doc. 52; Doc. 230; Doc. 351; Doc. 397).
[11] *Id.* at 2.

Case No. 1:17-CV-00377
Gwin, J.

For these reasons, the Court **DENIES** Defendants' motion for reconsideration.

IT IS SO ORDERED.


Dated:  December 19, 2019                                     *s/      James S. Gwin*
                                                                                 JAMES S. GWIN
                                                                                 UNITED STATES DISTRICT JUDGE