UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

| | | |
|---|---|---|
| DERRICK WHEATT, *et al.*, | : | CASE NOS. 1:17-cv-377 & |
| | : | 1:17-cv-611 (consolidated) |
| Plaintiffs, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 409] |
| CITY OF EAST CLEVELAND, *et al.*, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 15, 2018, Plaintiffs Derrick Wheatt, Laurese Glover, and Eugene Johnson won a jury verdict in this civil rights case against Defendants Vincent Johnstone and Michael Perry.[1]

On January 3, 2020, Defendants filed their fourth motion to set aside the judgment.[2] This time, Defendants claim the judgment should be set aside "due to fraud upon the Court."[3] Defendants say Plaintiff Johnson's mother may have offered to pay an investigator, James Avery, to improperly influence a key witness, Tamika Harris.[4]

Plaintiffs oppose, saying that "Defendants' two-page motion fails to cite any legal authority or attach any evidence."[5] Plaintiffs request sanctions against the defense attorney for her vexatious litigation tactics.[6]

For the following reasons, the Court **DENIES** Defendants' motion to set aside the judgment and **DENIES** Plaintiffs' request for sanctions.

---

[1] Doc. 349. On October 22, 2019, the Court substituted Karen Perry, as Executor of Michael Perry's Estate, as the Defendant in place of Michael Perry. Doc. 404.
[2] Doc. 409.
[3] *Id.* at 1. Defendants also request a hearing on this matter. *Id.*
[4] *Id.* at 2.
[5] Doc. 410 at 1.
[6] *Id.*

## I.    Background

In January 1996, an Ohio jury convicted Plaintiffs of murder.  At the state court murder trial, the prosecution used testimony from then-fourteen-year-old Tamika Harris to inculpate Plaintiffs.

In 2004, nine years after the murder, Tamika Harris recanted her testimony.  Harris said that she never clearly saw the shooter and that Defendant Perry, an East Cleveland police officer, pressured Harris to identify Johnson as the culprit.

Armed with Harris's recantation, as well as other evidence, Plaintiffs successfully challenged their convictions.  In March 2015, an Ohio court granted their motion for a new trial, and the new trial order was affirmed on appeal.  In August 2016, the state trial court dismissed the criminal case against Plaintiffs.

On February 23, 2017, Plaintiffs brought the instant civil rights case under 42 U.S.C. § 1983.  At the civil jury trial, the Court admitted Tamika Harris's videotaped deposition in which she explained why she recanted.  In the deposition, defense counsel cross-examined Harris about her inconsistent accounts.

On November 15, 2018, Plaintiffs won a jury verdict.

On January 3, 2020, Defendants moved to set aside the judgment for fraud on the Court.[7]  With the motion, Defendants allege that:

> [O]n or about December 19, 2019, James Avery, a purported investigator for Rosemary Johnson, mother of Plaintiff Eugene Johnson, appeared in the East Cleveland Law Offices and complained that he had not been paid the $25,000 he had been promised to effectuate the recantation of key Plaintiff Witness Tameka [sic] Harris.[8]

---

[7] Doc. 409.
[8] *Id.* at 3.

In lieu of presenting evidence in support of the motion, Defendants requested a hearing on the matter.[9]

On January 16, 2020, Plaintiffs opposed the motion.[10] Plaintiffs presented Rosemary Johnson's sworn statements in which she flatly denied Plaintiffs' unsupported allegation.[11]

On January 18, 2020, Defendants replied, belatedly presenting some evidence: (1) an unsworn, East Cleveland Law Department memorandum describing James Avery's alleged statements and (2) a written transcript of an alleged 1998 interview of Tamika Harris by James Avery.[12]

## II. Discussion

### A. Defendants Fail to Meet Their Burden Under Rule 60(d)(3).

Rule 60(d)(3) authorizes the court to "set aside a judgment for fraud on the court." The fraud on the court envisioned by this rule is egregious conduct involving a corruption of the judicial process itself.[13] A movant seeking to establish fraud sufficient to warrant relief under Rule 60(d) must present clear and convincing evidence of

> (1) [conduct] on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court.[14]

---

[9] *Id.*
[10] Doc. 410.
[11] Doc. 410-1; Doc. 410-2.
[12] Doc. 411.
[13] *Gen. Medicine, P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012).
[14] *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010).

Here, Defendants utterly fail to meet their burden. As an initial matter, Defendants have not presented clear and convincing evidence that satisfies any element. They attached no evidence at all to their original motion.[15] In their reply, Defendants belatedly attach an unsworn memorandum and a 1998 transcript.[16] Defendants fail to explain the significance of the 1998 transcript, and the unsworn memorandum purporting to describe Avery's allegations is far from sufficient to disturb a final judgment—especially in the face of sworn allegations stating the opposite.

But even if the Court were to accept Defendants' scant evidence as true, Defendants cannot meet the first element—that the fraudulent conduct was undertaken by *an officer of the court*.[17] Plaintiff Johnson's mother is not an officer of the court. And Defendants offer no evidence that Plaintiffs' attorneys were aware of her alleged efforts. Thus, even if Rosemary Johnson had offered to pay James Avery in the manner alleged, this would not rise to the level of fraud upon the court.

Moreover, Defendants could not meet the second element—that the alleged conduct was *directed to the judicial machinery itself*.[18] "Fraud upon the court is typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially."[19] "[The] alleged perjury of a witness is not a ground for [fraud upon the

---

[15] Plaintiffs request a hearing, but this is not contemplated by Rule 60(d).
[16] Doc. 411-1; Doc. 411-2.
[17] *See Johnson*, 245 F.3d at 339.
[18] *See Johnson*, 245 F.3d at 339; *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983) ("Fraud upon the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties . . . false statements or perjury.").
[19] *Apotex Corp. v. Merck & Co.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007) (citation omitted).

court]."[20]  Accordingly, even if Avery Johnson had tried to improperly influence Tamika

Harris's testimony, this would not rise to the level of fraud upon the court.

In sum, Defendants fail to meet their burden, and the Court denies their motion to

set aside the judgment.

### B.  The Court Imposes Sanctions on the Defense Attorney for Vexatious Litigation Tactics.

In their opposition, Plaintiffs request 28 U.S.C. § 1927 sanctions against defense

counsel.   Plaintiffs point out that Defendants' Rule 60(d) motion is "unsupported by any

facts or the law" and is part of a pattern of frivolous motions.[21]

Section 1927 provides that any attorney "who so multiplies the proceedings in any

case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[22]

Section 1927 sanctions do not require that an attorney act in "bad faith" or with "conscious

impropriety," but a court should inquire whether "an attorney knows or reasonably should

know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly

obstruct the litigation of nonfrivolous claims."[23]  The sanction requires "a showing of

something less than subjective bad faith, but something more than negligence or

incompetence."[24]

The Court does not grant Plaintiffs' request at this time.

---

[20] *Rodriguez v. Honigman Miller Schwartz & Cohn LLP*, 465 F. App'x 504, 510 (6th Cir. 2012).
[21] Doc. 410 at 6-7.
[22] 28 U.S.C. § 1927.
[23] *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 275-76 (6th Cir. 2010) (citing *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 396 (6th Cir. 2009)).
[24] *Id.*

To be sure, Plaintiffs have shown that Defense counsel unreasonably and vexatiously multiplied the proceedings in this case when she filed a Rule 60(d) motion with almost no citations to law or fact. And this is far from the first time she has done so.

The Court need not look far into the past for an example. On October 22, 2019, the Court granted Plaintiffs' motion to substitute Karen Perry, as Executor of Michael Perry's Estate, in place of Michael Perry.[25] *Later that same day*, Defendants moved the Court to reconsider the order, cursorily repeating its previously asserted arguments.[26] On December 19, 2019, the Court denied the motion for reconsideration and warned the Parties to avoid further frivolous motions.[27]

Defense counsel failed to heed that warning. Fifteen days later, she filed this frivolous Rule 60(d) motion. This order will act as notice that the Court will sanction any further frivolous motions.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to set aside the judgment and **DENIES** Plaintiffs' request for § 1927 sanctions.

IT IS SO ORDERED

Dated: January 27, 2020                    *s/        James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[25] Doc. 404.
[26] Doc. 405.
[27] Doc. 408.