UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
DERRICK WHEATT, *et al.*,       :   CASE NOS. 1:17-CV-377 &
                                :   1:17-CV-611 (consolidated)
    Plaintiffs,             :
                                :
vs.                             :   OPINION & ORDER
                                :
CITY OF EAST CLEVELAND, *et al.*, :
                                :
    Defendants.             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Derrick Wheatt, Laurese Glover, and Eugene Johnson brought this civil rights action claiming that Defendants Vincent Johnstone and Michael Perry[1] violated their constitutional rights. As part of this action, Plaintiffs also sued the City of East Cleveland, Johnstone and Perry's employer, claiming that the City had to indemnify Defendants Johnstone and Perry.[2]

East Cleveland's Law Director, Willa Hemmons, represented all three Defendants.

The case went to trial. On November 15, 2018, a jury returned a $15 million verdict for the Plaintiffs.[3]

After trial, Plaintiffs moved for judgment on their indemnification claim against the City of East Cleveland.[4] Plaintiffs said Ohio Revised Code § 2744.07(B) required public

---

[1] Defendant Michael Perry passed away on December 9, 2018. Doc. 393. On October 22, 2019, the Court substituted Karen Perry, as Executor of Michael Perry's Estate, as the Defendant in place of Michael Perry. Doc. 404.
[2] Plaintiffs also asserted state law claims for indemnification against the Defendant City of East Cleveland. Doc. 1 (in No. 1:17-CV-377) ¶¶ 255-57; Doc. 1 (in No. 1:17-CV-611) ¶¶ 260-62.
[3] Doc. 349.
[4] Doc. 375.

Case Nos. 1:17-cv-377 & 1:17-cv-611
Gwin, J.

entities, such as East Cleveland, to pay the judgments entered against their employees, here Defendants Perry and Johnstone.[5]

Defendants, all three of whom were still represented by Hemmons, jointly opposed Plaintiffs' motion.[6] Defendants argued, *inter alia*, that the Court should deny Plaintiffs' motion because "the law on the Indemnification [sic] issue" was unsettled, but would be addressed in a case contemporaneously pending before the Ohio Supreme Court[7]—*Ayers v. City of Cleveland*.[8]

The Court held Plaintiffs' motion for judgment on the indemnification claim in abeyance pending the Ohio Supreme Court's decision in *Ayers*.[9] In its abeyance decision, the Court observed "that it is completely improper for the City of East Cleveland to represent Defendants Johnstone and Perry on this issue."[10] The Court said, "Because Defendants Johnstone and Perry have a conflicting interest in whether to contest indemnification, East Cleveland's representation presents an obvious conflict of interest."[11]

On March 25, 2020, the Ohio Supreme Court issued an opinion in *Ayers*.[12] Plaintiffs then renewed their motion for judgment on the indemnification claim.[13] Defendants again jointly opposed the motion, implying that the City need not indemnify Perry and Johnstone.[14]

---

[5] *Id.*
[6] Doc. 376.
[7] *Id.*
[8] 2020-Ohio-1047. In *Ayers v. City of Cleveland*, the Ohio Supreme Court considered whether Ohio Revised Code § 2744(A)(2) gives a judgment creditor standing to proceed directly against a municipality when the employee does not seek indemnification. *Id.*
[9] Doc. 394.
[10] *Id.*
[11] *Id.*
[12] *Ayers*, 2020-Ohio-1047.
[13] Doc. 414.
[14] Doc. 415.

Case Nos. 1:17-cv-377 & 1:17-cv-611
Gwin, J.

As the Court observed in its prior order, it remains patently inappropriate and unethical for the City of East Cleveland's Law Director to represent Perry and Johnstone on the indemnification issue. The City's interests are directly adverse to Perry and Johnstone's interests. With the personal judgment against Perry and Johnstone, they are individually liable to pay. East Cleveland's indemnification argument prejudices Perry and Johnstone.

The Ohio Rules of Professional Conduct apply in this Court.[15] Ohio Rule of Professional Conduct 1.7(b) provides that a lawyer must not "continue the representation of a client if a conflict of interest would be created."[16] A conflict of interest exists if the representation of one client would be "directly adverse to another current client."[17]

Hemmons's continued representation of Defendants Johnstone and Perry is a flagrant violation of the standards of professional conduct, especially given the Court's earlier order noting the inappropriateness of continued joint representation.

"Trial courts have the 'inherent power to disqualify an attorney from acting as counsel in a case when the attorney . . . will not comply with the Code of Professional Responsibility and when such action is necessary to protect the dignity and authority of the court.'"[18] The Court finds it necessary to exercise its inherent authority here.

### ORDER

The Court **DISQUALIFIES** East Cleveland Law Director Willa Hemmons from continued representation of Defendants Johnstone and Perry. The Court **ORDERS** Hemmons to immediately provide Defendants Johnstone and Perry with a copy of this

---

[15] Loc. R. 83.7(a).
[16] OH ST R.P.C. 1.7(b). There are certain exceptions to this rule, none of which are applicable here.
[17] OH ST R.P.C. 1.7(a).
[18] *Holbrook v. Benson*, 3 N.E. 3d 788, 791 (Ohio App. 5th 2013) (quoting *Horen v. Toledo Pub. Sch. Dist. Bd. of Edn.*, 882 N.E.2d 14, ¶ 21 (Ohio App. 6th 2007)).

Case Nos. 1:17-cv-377 & 1:17-cv-611
Gwin, J.

Order and to file a statement with the Court notifying the Court that she has done so. Hemmons must then cease representation of Defendants Johnstone and Perry.

The Court **ORDERS** Defendants Johnstone and Perry to obtain new representation within 30 days of the date of this order. Defendants Johnstone and Perry's new representation must file a response to Plaintiff's motion for judgment on the indemnification claim within 21 days of appearing.

IT IS SO ORDERED

Dated: May 11, 2020           /   *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE